UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | SAN DIEGO, CALIFORNIA |
|---|---|---|
| PLAINTIFF, | ) | MONDAY, SEPTEMBER 10, 2018 |
| | ) | |
| VS. | ) | CASE NO. 18MJ21437 |
| | ) | 18MJ21450 |
| JUAN CARLOS ALFONZO-RABANALES, | ) | 18MJ21463 |
| GAMALIEL HERNANDEZ-REYES, | ) | 18MJ21476 |
| JUAN CARLOS-NAJERA-SANTOS, | ) | 18MJ21438 |
| PEDRO VALLEJO-ARGUELLES, | ) | 18MJ21451 |
| ALDO RESENDIZ-OCHOA, | ) | 18MJ21464 |
| RUPERTO NAJERA-MARTINEZ, | ) | 18MJ21477 |
| MAGDIEL SANTIAGO-MARTINEZ, | ) | 18MJ21439 |
| CAYETANO MESAS-VALDOVINOS, | ) | 18MJ21445 |
| MARCO ANTONIO JIMENEZ-ESCOBEDO, | ) | 18MJ21465 |
| SERGIO MUNOZ-CABRERA, | ) | 18MJ21478 |
| ELIKA SANTOS-SANTIAGO, | ) | 18MJ21440 |
| FROILAN DIAZ-SALDIVAR, | ) | 18MJ21453 |
| AGUSTIN ADAN-SALVADOR, | ) | 18MJ21466 |
| DIOSCORO MARTINEZ-HERNANDEZ, | ) | 18MJ21479 |
| PONCIANO DOMINGO SANTOS-GARCIA, | ) | 18MJ21441 |
| DOMINGO CAAL-MACZ, | ) | 18MJ21454 |
| JOSE DE LOS SANTOS-MENCIAS, | ) | 18MJ21467 |
| LAZARO GUZMAN-CHAVEZ, | ) | 18MJ21480 |
| JUAN MANUEL MARTINEZ-AMADOR, | ) | 18MJ21442 |
| DOMINGO EDWIN CHAY-AJIN, | ) | 18MJ21455 |
| ANGEL ISIDRO VALENCIA-CARRILLO, | ) | 18MJ21468 |
| JOSE CHAJON-CHAJON, | ) | 18MJ21481 |
| IVAN GERARDO MERCADO-TRILLO, | ) | 18MJ21443 |
| RANDAL GUADALUPE LUNA-DIAS, | ) | 18MJ21456 |
| ALFONSO SANCHEZ-LOPEZ, | ) | 18MJ21469 |
| GUSTAVO ROJAS-MIRANDA, | ) | 18MJ21482 |
| EDILFONSO TRUJILLO-CRUZ, | ) | 18MJ21444 |
| RODRIGO TORRES-HERRERA, | ) | 18MJ21457 |
| ITAYECTCY NAJERA-SANTIAGO, | ) | 18MJ21470 |
| HECTOR JIMENEZ-DURAN, | ) | 18MJ21483 |
| MIGUEL ANGEL MARTINEZ-MARTINEZ, | ) | 18MJ21452 |
| OSCAR ALEJANDRO HUIZAR-COVARRUBIA | ) | 18MJ21458 |
| JAIME QUIROZ-CASTILLO, | ) | 18MJ21471 |
| WALTHER ANIBAL RAMIREZ-PAREDES, | ) | 18MJ21484 |
| JOSE LUIS PEREZ-SALINAS, | ) | 18MJ21446 |
| PEDRO ANTONIO POOT-KEB, | ) | 18MJ21459 |
| ANGELICA MARIA DIMAS-AVILA, | ) | 18MJ21472 |

COMPUTER-AIDED TRANSCRIPTION

EVA RAMIREZ-JIMENEZ,                    )          18MJ21485
MARTIN HERNANDEZ-MENA,                   )          18MJ21447
RAMSES CRUZ-GODOY,                       )          18MJ21460
ANDRES HERNANDEZ-JAIMES,                 )          18MJ21473
MARCO ANTONIO BARRON-GONZALEZ,   )          18MJ21486
OTILIO JUAREZ-DE LA ROSA,                )          18MJ21448
ABRAHAM BANDA,                           )          18MJ21461
JAIME EDGARDO ALVARADO-DIAZ,             )          18MJ21474
FIDENCIO FLORES-SESMO,                   )          18MJ21487
GABRIEL FRANCO-LOPEZ,                    )          18MJ21449
JAVIER ESCOBAR-ALVAREZ,                  )          18MJ21462
MARCO ROSALES-DE LA CRUZ,                )          18MJ21475
FERNANDO PICHARDO-GONZALEZ,              )
HUGO ALBERTO BARRAGON-ANDRADE,       )
                                         )
              DEFENDANTS.            )
_____)


TRANSCRIPT OF ENTIRE NEW COMPLAINTS CALENDAR
BEFORE THE HONORABLE NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE


INTERPRETED BY:            DANIEL NOVOA
                           MATIAS PIZARRO
                           VALENTINA TRUJILLO (MIXTECO)

TRANSCRIPT ORDERED BY:     FEDERAL DEFENDERS, INC.


TRANSCRIBER:               CAMERON P. KIRCHER

PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
TRANSCRIPT PRODUCED BY TRANSCRIPTION.

COMPUTER-AIDED TRANSCRIPTION

APPEARANCES:

FOR THE GOVERNMENT:          NELSON WONG
                             ASSISTANT U.S. ATTORNEY
                             880 FRONT STREET
                             SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT ALFONZO-RABANALES:

                             STEPHEN D. LEMISH, ATTORNEY AT LAW
                             152 W. PARK AVENUE
                             SUITE 150
                             EL CAJON, CALIFORNIA  92020

FOR DEFENDANT HERNANDEZ-REYES:

                             STEPHEN D. LEMISH, ATTORNEY AT LAW
                             152 W. PARK AVENUE
                             SUITE 150
                             EL CAJON, CALIFORNIA  92020

FOR DEFENDANT NAJERA-SANTOS:

                             STEPHEN D. LEMISH, ATTORNEY AT LAW
                             152 W. PARK AVENUE
                             SUITE 150
                             EL CAJON, CALIFORNIA  92020

FOR DEFENDANT VALLEJO-AREGUELLES:

                             STEPHEN D. LEMISH, ATTORNEY AT LAW
                             152 W. PARK AVENUE
                             SUITE 150
                             EL CAJON, CALIFORNIA  92020

FOR DEFENDANT RESENDIZ-OCHOA:

                             FEDERAL DEFENDERS OF SAN DIEGO
                             BY:  AMRUTHA JINDAL, ESQ.
                             225 BROADWAY STREET
                             SUITE 900
                             SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT NAJERA-MARTINEZ:

                             FEDERAL DEFENDERS OF SAN DIEGO
                             BY:  AMRUTHA JINDAL, ESQ.
                             225 BROADWAY STREET
                             SUITE 900
                             SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT SANTIAGO-MARTINEZ:

        FEDERAL DEFENDERS OF SAN DIEGO
        BY:  AMRUTHA JINDAL, ESQ.
        225 BROADWAY STREET
        SUITE 900
        SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT MESAS-VALDOVINOS:

        FEDERAL DEFENDERS OF SAN DIEGO
        BY:  ROXANA SANDOVAL, ESQ.
        225 BROADWAY STREET
        SUITE 900
        SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT JIMENEZ-ESCOBEDO:

        JOHN G. COTSIRILOS, ATTORNEY AT LAW
        2442 FOURTH AVENUE
        SUITE 200
        SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT MUNOZ-CABRERA:

        JOHN G. COTSIRILOS, ATTORNEY AT LAW
        2442 FOURTH AVENUE
        SUITE 200
        SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT SANTOS-SANTIAGO:

        JOHN G. COTSIRILOS, ATTORNEY AT LAW
        2442 FOURTH AVENUE
        SUITE 200
        SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT DIAZ-SALDIVAR:

        JOHN G. COTSIRILOS, ATTORNEY AT LAW
        2442 FOURTH AVENUE
        SUITE 200
        SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT ADAN-SALVADOR:

        KAREN M. STEVENS, ATTORNEY AT LAW
        185 F. STREET
        SUITE 100
        SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT MARTINEZ-HERNANDEZ:

                    KAREN M. STEVENS, ATTORNEY AT LAW
                    185 F. STREET
                    SUITE 100
                    SAN DIEGO, CALIFORNIA   92101

FOR DEFENDANT SANTOS-GARCIA:

                    KAREN M. STEVENS, ATTORNEY AT LAW
                    185 F. STREET
                    SUITE 100
                    SAN DIEGO, CALIFORNIA   92101

FOR DEFENDANT CAAL-MACZ:

                    KAREN M. STEVENS, ATTORNEY AT LAW
                    185 F. STREET
                    SUITE 100
                    SAN DIEGO, CALIFORNIA   92101

FOR DEFENDANT DE LOS SANTOS-MENCIAS:

                    FEDERAL DEFENDERS OF SAN DIEGO
                    BY:  LEILA MORGAN, ESQ.
                    225 BROADWAY STREET
                    SUITE 900
                    SAN DIEGO, CALIFORNIA   92101

FOR DEFENDANT GUZMAN-CHAVEZ:

                    FEDERAL DEFENDERS OF SAN DIEGO
                    BY:  LEILA MORGAN, ESQ.
                    225 BROADWAY STREET
                    SUITE 900
                    SAN DIEGO, CALIFORNIA   92101

FOR DEFENDANT MARTINEZ-AMADOR:

                    FEDERAL DEFENDERS OF SAN DIEGO
                    BY:  LEILA MORGAN, ESQ.
                    225 BROADWAY STREET
                    SUITE 900
                    SAN DIEGO, CALIFORNIA   92101

FOR DEFENDANT CHAY-AJIN:

> FEDERAL DEFENDERS OF SAN DIEGO
> BY:  LAUREN CLARK, ESQ.
> 225 BROADWAY STREET
> SUITE 900
> SAN DIEGO, CALIFORNIA   92101

FOR DEFENDANT VALENCIA-CARRILLO:

> JANICE M. DEATON, ATTORNEY AT LAW
> 444 WEST C STREET
> SAN DIEGO, CALIFORNIA   92101

FOR DEFENDANT CHAJON-CHAJON:

> JANICE M. DEATON, ATTORNEY AT LAW
> 444 WEST C STREET
> SAN DIEGO, CALIFORNIA   92101

FOR DEFENDANT MERCADO-TRILLO:

> JANICE M. DEATON, ATTORNEY AT LAW
> 444 WEST C STREET
> SAN DIEGO, CALIFORNIA   92101

FOR DEFENDANT LUNA-DIAS:

> JANICE M. DEATON, ATTORNEY AT LAW
> 444 WEST C STREET
> SAN DIEGO, CALIFORNIA   92101

FOR DEFENDANT SANCHEZ-LOPEZ:

> MERLE N. SCHNEIDEWIND
> ATTORNEY AT LAW
> 828 FIFTH AVENUE
> SAN DIEGO, CALIFORNIA   92101

FOR DEFENDANT ROJAS-MIRANDA:

> MERLE N. SCHNEIDEWIND
> ATTORNEY AT LAW
> 828 FIFTH AVENUE
> SAN DIEGO, CALIFORNIA   92101

FOR DEFENDANT TRUJILLO-CRUZ:

        MERLE N. SCHNEIDEWIND
        ATTORNEY AT LAW
        828 FIFTH AVENUE
        SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT TORRES-HERRERA:

        MERLE N. SCHNEIDEWIND
        ATTORNEY AT LAW
        828 FIFTH AVENUE
        SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT NAJERA-SANTIAGO:

        BENJAMIN B. KINGTON
        ATTORNEY AT LAW
        934 23RD STREET
        SAN DIEGO, CALIFORNIA  92102

FOR DEFENDANT JIMENEZ-DURAN:

        BENJAMIN B. KINGTON
        ATTORNEY AT LAW
        934 23RD STREET
        SAN DIEGO, CALIFORNIA  92102

FOR DEFENDANT MARTINEZ-MARTINEZ:

        BENJAMIN B. KINGTON
        ATTORNEY AT LAW
        934 23RD STREET
        SAN DIEGO, CALIFORNIA  92102

FOR DEFENDANT HUIZAR-CAVARRUBIA:

        BENJAMIN B. KINGTON
        ATTORNEY AT LAW
        934 23RD STREET
        SAN DIEGO, CALIFORNIA  92102

FOR DEFENDANT QUIROZ-CASTILLO:

        L. MARCEL STEWART, ATTORNEY AT LAW
        600 B STREET
        SUITE 2100
        SAN DIEGO, CALIFORNIA  92102

FOR DEFENDANT RAMIREZ-PAREDES:

                          L. MARCEL STEWART, ATTORNEY AT LAW
                          600 B STREET
                          SUITE 2100
                          SAN DIEGO, CALIFORNIA  92102

FOR DEFENDANT PEREZ-SALINAS:

                          L. MARCEL STEWART, ATTORNEY AT LAW
                          600 B STREET
                          SUITE 2100
                          SAN DIEGO, CALIFORNIA  92102

FOR DEFENDANT POOT-KEB:

                          L. MARCEL STEWART, ATTORNEY AT LAW
                          600 B STREET
                          SUITE 2100
                          SAN DIEGO, CALIFORNIA  92102

FOR DEFENDANT DIMAS-AVILA:

                          FEDERAL DEFENDERS OF SAN DIEGO
                          BY:  LAUREN CLARK, ESQ.
                          225 BROADWAY STREET
                          SUITE 900
                          SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT RAMIREZ-JIMENEZ:

                          FEDERAL DEFENDERS OF SAN DIEGO
                          BY:  LAUREN CLARK, ESQ.
                          225 BROADWAY STREET
                          SUITE 900
                          SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT HERNANDEZ-MENA:

                          FEDERAL DEFENDERS OF SAN DIEGO
                          BY:  LAUREN CLARK, ESQ.
                          225 BROADWAY STREET
                          SUITE 900
                          SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT CRUZ-GODOY:

                        FEDERAL DEFENDERS OF SAN DIEGO
                        BY:  LEILA MORGAN, ESQ.
                        225 BROADWAY STREET
                        SUITE 900
                        SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT HERNANDEZ-JAIMES:

                        FEDERAL DEFENDERS OF SAN DIEGO
                        BY:  ROXANA SANDOVAL, ESQ.
                        225 BROADWAY STREET
                        SUITE 900
                        SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT BARRON-GONZALEZ:

                        FEDERAL DEFENDERS OF SAN DIEGO
                        BY:  ROXANA SANDOVAL, ESQ.
                        225 BROADWAY STREET
                        SUITE 900
                        SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT JUAREZ-DE LA ROSA:

                        FEDERAL DEFENDERS OF SAN DIEGO
                        BY:  ROXANA SANDOVAL, ESQ.
                        225 BROADWAY STREET
                        SUITE 900
                        SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT BANDA:

                        FEDERAL DEFENDERS OF SAN DIEGO
                        BY:  AMRUTHA JINDAL, ESQ.
                        225 BROADWAY STREET
                        SUITE 900
                        SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT ALVARADO-DIAZ:

                        FRANK T. MORELL, ATTORNEY AT LAW
                        659 3RD AVENUE
                        SUITE D
                        CHULA VISTA, CALIFORNIA  91910

FOR DEFENDANT FLORES-SESMO:

                    FRANK T. MORELL, ATTORNEY AT LAW
                    659 3RD AVENUE
                    SUITE D
                    CHULA VISTA, CALIFORNIA  91910

FOR DEFENDANT FRANCO-LOPEZ:

                    FRANK T. MORELL, ATTORNEY AT LAW
                    659 3RD AVENUE
                    SUITE D
                    CHULA VISTA, CALIFORNIA  91910

FOR DEFENDANT ESCOBAR-ALVAREZ:

                    FRANK T. MORELL, ATTORNEY AT LAW
                    659 3RD AVENUE
                    SUITE D
                    CHULA VISTA, CALIFORNIA  91910

FOR DEFENDANT ROSALES-DE LA CRUZ:

                    ANDREW K. NIETOR, ATTORNEY AT LAW
                    110 WEST C STREET
                    SUITE 2105
                    SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT PICHARDO-GONZALEZ:

                    ANDREW K. NIETOR, ATTORNEY AT LAW
                    110 WEST C STREET
                    SUITE 2105
                    SAN DIEGO, CALIFORNIA  92101

FOR DEFENDANT BARRAGAN-ANDRADE:

                    ANDREW K. NIETOR, ATTORNEY AT LAW
                    110 WEST C STREET
                    SUITE 2105
                    SAN DIEGO, CALIFORNIA  92101

SAN DIEGO, CALIFORNIA - MONDAY, SEPTEMBER 10, 2018

1:34 P.M.

THE CLERK:  PLEASE BE SEATED AND COME TO ORDER.

THE COURT:  ALL RIGHT.  COUNSEL, BEFORE WE GET STARTED THIS AFTERNOON, I WANTED TO ANNOUNCE MY PROCEDURE FOR HANDLING THE 1325 COURT THIS WEEK, SPECIFICALLY BECAUSE IT'S A LITTLE BIT DIFFERENT THAN WHAT OTHER PEOPLE HAVE DONE IN THE PAST FIVE OR SIX WEEKS.

SO WHAT THE COURT IS GOING TO DO IS I'M GOING TO CONDUCT INITIAL APPEARANCES AND SET BAIL FOR ALL OF THE DEFENDANTS.  ALL DEFENDANTS WILL BE GIVEN A STATUS HEARING IN MY COURT FOUR DAYS OUT, ON FRIDAY.  AFTER I COMPLETE THE INITIAL APPEARANCES, IF I HAVE TIME TODAY TO DO GUILTY PLEAS, I WILL DO GUILTY PLEAS, BUT ONLY UP UNTIL 5 O'CLOCK; THAT IS WHEN THE COURT IS GOING TO CLOSE.

AS FAR AS THOSE INDIVIDUALS WHO WOULD LIKE TO PLEAD BEFORE FRIDAY, YOU CAN CONTACT MY COURTROOM DEPUTY, AS I WILL BE HOLDING PLEA HEARINGS TOMORROW, THURSDAY AND FRIDAY AND JUDGE BLOCK WILL BE HOLDING THEM ON WEDNESDAY.  THIS WILL ALL BE IN THE MORNING.

AS OTHER JUDGES HAVE DONE, I'M NOT GOING TO ENTERTAIN ANY MOTIONS TO DISMISS OTHER THAN JOINT MOTIONS OR MOTIONS MADE BY THE UNITED STATES.  IF YOU WANT TO MAKE A MOTION TO DISMISS, THAT'S GOING TO HAVE -- YOU'RE GOING TO HAVE TO ASK FOR A TRIAL DATE AND A TRIAL JUDGE AND MAKE THE

COMPUTER-AIDED TRANSCRIPTION

MOTION IN FRONT OF THAT PARTICULAR JUDGE.

SO THOSE ARE GOING TO BE THE GROUND RULES FOR TODAY. WE'RE GOING TO TAKE NINE PEOPLE AT A TIME AND CONDUCT INITIAL APPEARANCES. SO THAT'S HOW WE'RE GOING TO GET GOING.

MS. STEVENS: YOUR HONOR, REAL QUICK QUESTION.

THE COURT: YES.

MS. STEVENS: FOR THOSE OF US THAT ALSO HAVE MATTERS BEFORE JUDGE BLOCK, IS THERE A CERTAIN ORDER WE SHOULD DO THE SENTENCINGS?

THE COURT: YOU KNOW, I'M JUST GOING STRAIGHT DOWN THE LINE WITH THESE FOLKS. AND IF YOU'RE NOT HERE, I'LL JUST CALL THE NEXT CASE. AND WHEN YOU COME BACK, YOU'LL GET IN LINE.

MS. STEVENS: OKAY.

THE COURT: OKAY. IT'S THE WAY IT'S GOING TO GO.

THE CLERK: CALLING MATTERS 1 THROUGH 9.

COUNSEL, AS I CALL YOUR CASE, PLEASE STATE YOUR APPEARANCE FOR THE RECORD.

MATTER NO. 1, 18MJ21437-NLS, THE UNITED STATES OF AMERICA VERSUS JUAN CARLOS ALFONZO-RABANALES.

MR. LEMISH: STEPHEN LEMISH ON BEHALF OF MR. ALFONZO.

THE COURT: THANK YOU.

THE CLERK: NO. 2, 18MJ21450-NLS, THE UNITED STATES OF AMERICA VERSUS GAMALIEL HERNANDEZ-REYES.

MR. LEMISH:  STEVE LEMISH ON BEHALF OF MR. HERNANDEZ.

THE COURT:  THANK YOU.

THE CLERK:  NO. 3, 18MJ21463-NLS, THE UNITED STATES OF AMERICA VERSUS JUAN CARLOS SANTOS-NAJERA.

MR. LEMISH:  STEVE LEMISH ON BEHALF OF MR. SANTOS.

THE CLERK:  NO. 4, 18MJ21476-NLS, THE UNITED STATES OF AMERICA VERSUS PEDRO VALLEJO-ARGUELLES.

MR. LEMISH:  STEVE LEMISH ON BEHALF OF MR. VALLEJO.

THE COURT:  THANK YOU.

THE CLERK:  NO. 5, 14MJ21438-NLS, THE UNITED STATES OF AMERICA VERSUS ALDO RESENDIZ-OCHOA.

MS. JINDAL:  GOOD AFTERNOON, YOUR HONOR.  AMRUTHA JINDAL, FEDERAL DEFENDERS, ON HIS BEHALF.

THE COURT:  THANK YOU.

THE CLERK:  NO. 6, 18MJ21451-NLS, THE UNITED STATES OF AMERICA VERSUS RUPERTO NAJERA-MARTINEZ.

MS. JINDAL:  GOOD AFTERNOON AGAIN, YOUR HONOR. AMRUTHA JINDAL ON HIS BEHALF.

THE COURT:  THANK YOU.

THE CLERK:  NO. 7, 18MJ21464-NLS, THE UNITED STATES OF AMERICA VERSUS MAGDIEL SANTIAGO-MARTINEZ.

MS. JINDAL:  AMRUTHA JINDAL, FEDERAL DEFENDERS, ON HIS BEHALF.

YOUR HONOR, HE IS A NATIVE ZAPOTEC SPEAKER.  COULD I

JUST CONFIRM WITH HIM THAT HE'S COMFORTABLE GOING FORWARD IN SPANISH TODAY?

THE COURT:  YES, PLEASE.

MS. JINDAL:  THANK YOU.

THE CLERK:  NO. 8, 18MJ21477-NLS, THE UNITED STATES OF AMERICA VERSUS CAYETANO MESAS-VALDOVINOS.

MS. SANDOVAL:  GOOD AFTERNOON, YOUR HONOR.  ROXANA SANDOVAL, FEDERAL DEFENDERS, ON BEHALF OF MR. MESAS.

THE COURT:  THANK YOU.  GOOD AFTERNOON.

THE CLERK:  MATTER 9, 18MJ21439-NLS, THE UNITED STATES OF AMERICA VERSUS MARCO ANTONIO JIMENEZ-ESCOBEDO.

MR. COTSIRILOS:  GOOD AFTERNOON, YOUR HONOR.  JOHN COTSIRILOS ON BEHALF OF MR. JIMENEZ-ESCOBEDO.

THE COURT:  GOOD AFTERNOON.

MR. WONG:  AND GOOD AFTERNOON, YOUR HONOR.  NELSON WONG ON BEHALF OF THE GOVERNMENT.

THE COURT:  GOOD AFTERNOON.

MS. JINDAL:  THANK YOU, YOUR HONOR.

THE COURT:  THANK YOU.

ALL RIGHT.  GENTLEMEN, GOOD AFTERNOON.  I WANT TO JUST CONFIRM A COUPLE OF THINGS WITH YOU THIS AFTERNOON.  ARE ALL OF YOU AT LEAST 18 YEARS OLD?

IF THERE IS ANYBODY WHO IS NOT 18 YEARS OLD, WOULD YOU PLEASE RAISE YOUR HAND.  ALL RIGHT.  SEEING NO HANDS RAISED, I WILL CONCLUDE THAT ALL OF YOU ARE ADULTS.

AND I ALSO WANT TO MAKE SURE ALL OF YOU SPEAK SPANISH. IS THERE ANYBODY IN THE GROUP WHO DOES NOT SPEAK SPANISH?

HAS THE INTERPRETER CONFIRMED THAT EACH OF THESE INDIVIDUALS SPEAK SPANISH?

THE INTERPRETER: I HAVE, YOUR HONOR.

THE COURT: ALL RIGHT. THEN GENTLEMEN, EACH OF YOU IS HERE THIS AFTERNOON BECAUSE YOU ARE CHARGED IN A CRIMINAL COMPLAINT WITH MISDEMEANOR ILLEGAL ENTRY. THE MAXIMUM PENALTIES ON THIS MISDEMEANOR CHARGE ARE SIX MONTHS IN PRISON, A $5,000 FINE AND A $10 PENALTY ASSESSMENT.

YOU ARE NOT REQUIRED TO MAKE ANY STATEMENT ABOUT THE CHARGE AGAINST YOU TODAY, AND I CAUTION YOU IF YOU WERE TO MAKE A STATEMENT, IT MIGHT LATER BE USED AGAINST YOU.

YOU HAVE THE RIGHT TO BE REPRESENTED BY AN ATTORNEY THROUGHOUT THE PROCEEDINGS. IF YOU CAN'T AFFORD TO HIRE AN ATTORNEY, THE COURT WILL APPOINT ONE FOR YOU AT NO COST TO YOU.

YOU HAVE THE RIGHT TO TRIAL, JUDGMENT AND SENTENCING BEFORE A MAGISTRATE JUDGE.

UNLESS THE GOVERNMENT PROVES THAT YOU'RE EITHER DANGEROUS OR LIKELY TO FLEE AND NOT SHOW UP FOR COURT, YOU ALSO HAVE THE RIGHT TO HAVE THE COURT SET REASONABLE CONDITIONS FOR YOUR RELEASE FROM CUSTODY.

YOU ALSO HAVE THE RIGHT TO HAVE A REPRESENTATIVE OF

THE UNITED STATES GOVERNMENT ADVISE THE CONSULATE OF YOUR HOME COUNTRY OF YOUR ARREST.

FOR THE RECORD, EACH OF THESE INDIVIDUALS HAS PREVIOUSLY BEEN APPOINTED COUNSEL.

NOW, GENTLEMEN, IF YOU ARE RELEASED FROM CUSTODY, THE FOLLOWING BOND CONDITIONS WILL APPLY TO ALL OF YOU:

YOU SHALL NOT COMMIT ANY FEDERAL, STATE OR LOCAL CRIME.

YOU SHALL NOT ENTER THE COUNTRY OF MEXICO.

YOU SHALL NOT POSSESS OR USE ANY NARCOTIC, DRUG OR CONTROLLED SUBSTANCES WITHOUT A LAWFUL MEDICAL PRESCRIPTION.

YOU SHALL NOT POSSESS ANY FIREARM, DANGEROUS WEAPON OR DESTRUCTIVE DEVICE.

AND YOU MUST READ OR HAVE READ TO YOU AND ACKNOWLEDGE UNDERSTANDING OF THE ADVICE OF PENALTIES AND SANCTIONS FORM AND REPORT TO PRETRIAL SERVICES FOR SUPERVISION.

WITH REGARD TO BOND CONDITIONS, FOR COUNSEL'S BENEFIT, MY TENTATIVE RULING ON BOND, THE FINANCIAL CONDITION OF BOND FOR THOSE INDIVIDUALS WHO HAVE NO IMMIGRATION HISTORY AND NO CRIMINAL HISTORY WILL BE A $500 CASH BOND. DEPENDING ON THE INDIVIDUAL'S CRIMINAL HISTORY AND IMMIGRATION HISTORY, THE FINANCIAL CONDITION WILL BE HIGHER FOR THOSE INDIVIDUALS.

THERE WILL ALSO BE A TRAVEL RESTRICTION TO THE SOUTHERN DISTRICT OF CALIFORNIA, UNLESS OTHERWISE INDICATED.

COMPUTER-AIDED TRANSCRIPTION

SO LET'S BEGIN WITH ALFONSO -- OR JUAN CARLOS ALFONZO-RABANALES. THE RAP SHEET SUMMARY CHART FOR THIS INDIVIDUAL INDICATES NO PRIOR DEPORTS AND NO CRIMINAL HISTORY. THEREFORE, MY TENTATIVE WOULD BE $500 CASH BOND.

DOES ANYBODY WANT TO ARGUE?

MR. LEMISH: WE'LL SUBMIT ON THAT, YOUR HONOR.

THE COURT: ALL RIGHT.

MR. WONG: YOUR HONOR --

THE COURT: YES.

MR. WONG: SO WE WOULD ASK FOR A $2500 CASH OR CORPORATE SURETY BOND, YOUR HONOR, BASED ON THE FACT THAT THIS DEFENDANT HAS NO KNOWN FINANCIAL RESOURCES, NO RESIDENCY IN THE COMMUNITY OR THE UNITED STATES AND NO KNOWN LAWFUL EMPLOYMENT HERE IN THE UNITED STATES, YOUR HONOR.

THE COURT: OKAY. ALL RIGHT. THANK YOU.

THE BOND AMOUNT FOR THIS GENTLEMAN WILL BE A $500 CASH OR CORPORATE SURETY BOND.

ALL RIGHT. FOR GAMALIEL HERNANDEZ-REYES. THIS INDIVIDUAL ALSO HAS NO CRIMINAL HISTORY, NO IMMIGRATION HISTORY. THE TENTATIVE OF THE COURT WOULD BE A $500 CASH OR CORPORATE SURETY BOND.

DOES THE GOVERNMENT WANT TO ARGUE OTHERWISE?

MR. WONG: YOUR HONOR, JUST FOR THE SAME REASONS PREVIOUSLY NOTED, WE WOULD ASK FOR A $2500 CASH OR CORPORATE SURETY BOND.

THE COURT: ALL RIGHT. THANK YOU.

THE BOND AMOUNT WILL BE A $500 CASH OR CORPORATE SURETY BOND.

AN ADDITIONAL CONDITION FOR ALL OF THESE INDIVIDUALS WILL BE THAT THEY RESIDE AT A RESIDENCE APPROVED BY PRETRIAL SERVICES.

ALL RIGHT. JUAN CARLOS SANTOS-NAJERA. THE COURT HAS A RAP SHEET SUMMARY CHART THAT INDICATES A DUI MISDEMEANOR FROM JULY OF 2013 AND A 1325 MISDEMEANOR FROM JUNE OF THIS YEAR FOR WHICH HE RECEIVED TWO DAYS IN JAIL.

WHAT WOULD BE THE DEFENSE RECOMMENDATION IN THIS MATTER?

MR. LEMISH: YOUR HONOR, GIVEN THE NATURE OF HIS CRIMINAL HISTORY AND THE LACK OF ANY SERIOUS CRIMINAL HISTORY, WE WOULD ASK THE COURT TO SET A $500 BOND.

THE COURT: I'M SORRY. I DIDN'T HEAR YOU.

MR. LEMISH: $500.

THE COURT: ALL RIGHT. THANK YOU.

WHAT IS THE UNITED STATES' POSITION?

MR. WONG: YOUR HONOR, ON THIS CASE, THE GOVERNMENT ASKS FOR $3500.

THE COURT: ALL RIGHT. THANK YOU.

THE COURT IS GOING TO REQUIRE A $1,000 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS THAT I'VE PREVIOUSLY INDICATED. THANK YOU, SIR.

PEDRO VALLEJO-ARGUELLES. IN HIS MATTER, THERE IS NO PRIOR IMMIGRATION HISTORY, NO CRIMINAL HISTORY. THE COURT'S TENTATIVE WOULD BE A $500 CASH BOND.

MR. WONG: YOUR HONOR, $2500 WOULD BE OUR POSITION.

THE COURT: THANK YOU.

THE COURT IS GOING TO REQUIRE A $500 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS AS PREVIOUSLY INDICATED.

ALL RIGHT. ALDO RESENDIZ-OCHOA. AGAIN, NO PRIOR IMMIGRATION OR CRIMINAL HISTORY. THE COURT'S TENTATIVE IS A $500 CASH BOND.

ANY ARGUMENT FROM THE GOVERNMENT?

MR. WONG: JUST THE SAME ARGUMENT, YOUR HONOR. WE WOULD BE ASKING FOR $2500.

THE COURT: ALL RIGHT. THANK YOU.

THE COURT IS GOING TO REQUIRE A $500 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS AS PREVIOUSLY INDICATED.

ALL RIGHT. RUPERTO NAJERA-MARTINEZ. THE RAP SHEET IN THIS CASE INDICATES ONE PRIOR DEPORTATION FROM AUGUST 31 OF THIS YEAR.

WHAT IS THE GOVERNMENT'S RECOMMENDATION IN THIS CASE?

MR. WONG: BASED ON THAT ONE DEPORTATION, WE WOULD

ASK FOR $3,000, YOUR HONOR.

THE COURT: WELL, I'M GOING TO INCREASE IT JUST A BIT, BUT I'M GOING --

MS. JINDAL: YOUR HONOR, I WOULD ADD -- AND THIS MIGHT MAKE A DIFFERENCE IN THE COURT'S CALCULUS.

MR. NAJERA-MARTINEZ WAS A MATERIAL WITNESS IN A CASE IN 2011. AND IN THAT CASE, HE POSTED BOND AND WAS ALLOWED TO ACTUALLY LAWFULLY REMAIN IN THE UNITED STATES AND WAS FIGHTING HIS IMMIGRATION CASE UNTIL 2018, AUGUST OF THIS YEAR, WHERE I BELIEVE HIS IMMIGRATION CLAIM WAS DENIED, AND THAT'S WHAT RESULTED IN HIS DEPORTATION. SO IT IS AN UNUSUAL SITUATION IN THAT RESPECT.

THE COURT: ALL RIGHT. THEN THE COURT IS GOING TO SET BOND AT $500 CASH OR CORPORATE SURETY. AND THE OTHER CONDITIONS AS PREVIOUSLY INDICATED WILL APPLY.

ALL RIGHT. MAGDIEL SANTIAGO-MARTINEZ. IN HIS CASE, AGAIN, NO CRIMINAL HISTORY, NO IMMIGRATION HISTORY.

WHAT IS THE GOVERNMENT'S RECOMMENDATION?

MR. WONG: $2500, YOUR HONOR.

THE COURT: ALL RIGHT. THE COURT IS GOING TO SET A $500 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS AS PREVIOUSLY NOTED.

MS. JINDAL: AND, YOUR HONOR, BECAUSE THESE ARE CASH BONDS, WE WOULD ASK THE COURT TO WAIVE THE LOCAL RULE THAT REQUIRES THE PROSECUTOR'S OFFICE TO SIGN OFF ON THE BOND SO

THAT WE CAN HAVE THEM PROCESSED MORE QUICKLY SINCE THEY ARE CASH BONDS. I KNOW THAT THERE ARE A FEW OTHER MAGISTRATE JUDGES THAT HAVE BEEN WAIVING THAT RULE IF THE COURT IS OKAY WITH IT.

THE COURT: IS THERE ANY OBJECTION FROM THE UNITED STATES?

MR. WONG: WELL, I GUESS WE WOULD OBJECT. YOUR HONOR, IF THERE IS A PROCESS THAT'S ALREADY BEEN SET OUT, WE WOULD PREFER THAT PROCESS BE FOLLOWED.

THE COURT: WELL, TO ME IT SEEMS LIKE ALL IT DOES IS DELAY THE PROCESS IN THIS CASE. YOU'RE NOT CHECKING CRIMINAL HISTORY ON A SURETY. SO I WILL WAIVE IT.

MS. JINDAL: THANK YOU.

THE COURT: YOU'RE WELCOME.

ALL RIGHT. CAYETANO MESAS-VALDOVINOS. THERE IS ONE PRIOR DEPORT IN THIS CASE FROM DECEMBER 19 OF 2017. OTHERWISE, NO CRIMINAL OR IMMIGRATION HISTORY.

MS. SANDOVAL: THAT'S CORRECT, YOUR HONOR. AND I RECOGNIZE THE COURT'S TENTATIVE IS TO INCREASE FROM $500. I WOULD ASK THE COURT TO CONSIDER A $500 BOND OR MAYBE A $650 BOND, CONSIDERING THAT MR. VALDOVINOS HAS NO CRIMINAL HISTORY.

HE HAS TWO UNITED STATES CITIZEN CHILDREN, A 14-YEAR-OLD DAUGHTER AND AN 8-YEAR-OLD SON. HE'S A HARD-WORKING MAN, WHO HAS PREVIOUSLY WORKED IN LANDSCAPING

AND CEMENT WORK.  AND WITH THAT, YOUR HONOR, I SUBMIT.

THE COURT:  ALL RIGHT.  THANK YOU.

WHAT IS THE GOVERNMENT'S RECOMMENDATION?

MR. WONG:  $3,000, YOUR HONOR.

THE COURT:  ALL RIGHT.  THANK YOU.

THE COURT IS GOING TO REQUIRE A $750 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS THE COURT HAS PREVIOUSLY STATED.

MS. SANDOVAL:  THANK YOU, YOUR HONOR.

AND WILL THE COURT ALSO WAIVE THE LOCAL RULE IN THIS CASE?

THE COURT:  YES.

MS. SANDOVAL:  THANK YOU.

THE COURT:  ON ALL THE CASH BONDS, I WILL WAIVE THE LOCAL RULE.

ALL RIGHT.  MARCO ANTONIO JIMENEZ-ESCOBEDO.  NO PRIOR IMMIGRATION OR CRIMINAL HISTORY.  MY TENTATIVE IS $500 CASH BOND.

MR. COTSIRILOS:  YOUR HONOR, WE'LL SUBMIT ON THE $500 RECOMMENDATION.

THE COURT:  ALL RIGHT.  THANK YOU.

WHAT IS THE GOVERNMENT'S POSITION?

MR. WONG:  $2500, YOUR HONOR.

THE COURT:  OKAY.  THE COURT IS GOING TO REQUIRE A $500 CASH OR CORPORATE SURETY BOND.  THE OTHER CONDITIONS

I'VE PREVIOUSLY INDICATED AS WELL.

MR. COTSIRILOS: THANK YOU.

THE COURT: THANK YOU.

ALL RIGHT. I BELIEVE THAT'S EVERYBODY.

AGAIN, THE NEXT COURT APPEARANCE FOR EACH OF THESE INDIVIDUALS WILL BE ON FRIDAY AT 10 O'CLOCK IN THE MORNING.

FOR THOSE WHO HAVE INDICATED A DESIRE TO PLEAD TODAY, LIKE I SAID, IF I HAVE TIME THIS AFTERNOON, I WILL DO SO; BUT THEY CAN PLEAD ANY OTHER MORNING THIS WEEK.

THANK YOU, GENTLEMEN.

THE CLERK: CALLING MATTERS 10 THROUGH 18.

COUNSEL, AS I CALL YOUR CASE, PLEASE STATE YOUR APPEARANCE FOR THE RECORD.

MATTER NO. 10, 18MJ21445-NLS, THE UNITED STATES OF AMERICA VERSUS SERGIO MUNOZ-CABRERA.

MR. COTSIRILOS: JOHN COTSIRILOS ON BEHALF OF SERGIO MUNOZ-CABRERA.

THE COURT: THANK YOU.

THE CLERK: NO. 10 -- NO. 11, 18MJ21465-NLS, THE UNITED STATES OF AMERICA VERSUS ELIKA SANTOS-SANTIAGO.

MR. COTSIRILOS: JOHN COTSIRILOS ON BEHALF OF ELIKA SANTOS-SANTIAGO.

THE COURT: THANK YOU.

THE CLERK: 12, 18MJ21478-NLS, THE UNITED STATES OF AMERICA VERSUS FROILAN DIAZ-SALDIVAR.

MR. COTSIRILOS: JOHN COTSIRILOS ON BEHALF OF FROILAN DIAZ-SALDIVAR.

THE COURT: THANK YOU.

THE CLERK: 13, 18MJ21440-NLS, THE UNITED STATES OF AMERICA VERSUS AGUSTIN ADAN-SALVADOR.

MS. STEVENS: GOOD AFTERNOON, YOUR HONOR. KAREN STEVENS APPEARING ON BEHALF OF MR. ADAN-SALVADOR.

THE COURT: GOOD AFTERNOON.

THE CLERK: 14, 18MJ21453-NLS, THE UNITED STATES OF AMERICA VERSUS DIOSCORO MARTINEZ-HERNANDEZ.

MS. STEVENS: GOOD AFTERNOON AGAIN. KAREN STEVENS APPEARING ON BEHALF OF MR. MARTINEZ.

THE COURT: THANK YOU.

THE CLERK: 15, 18MJ21466-NLS, THE UNITED STATES OF AMERICA VERSUS PONCIANO DOMINGO SANTOS-GARCIA.

MS. STEVENS: THAT'S ME. KAREN STEVENS APPEARING ON BEHALF OF MR. SANTOS-GARCIA.

THE COURT: THANK YOU.

THE CLERK: NO. 16, 18MJ21479-NLS, THE UNITED STATES OF AMERICA VERSUS DOMINGO CAAL-MACZ.

MS. STEVENS: AND KAREN STEVENS APPEARING ON BEHALF OF MR. CAAL-MACZ.

THE COURT: THANK YOU.

THE CLERK: NO. 17, 18MJ21441-NLS, THE UNITED STATES OF AMERICA VERSUS JOSE DE LOS SANTOS-MENCIAS.

MS. MORGAN: GOOD AFTERNOON, YOUR HONOR. LEILA MORGAN, FEDERAL DEFENDERS, ON BEHALF OF MR. DE LOS SANTOS-MENCIAS. HE'S PRESENT BEFORE THE COURT IN CUSTODY.

THE COURT: THANK YOU. GOOD AFTERNOON.

THE CLERK: NO. 18, 18MJ21454-NLS, THE UNITED STATES OF AMERICA VERSUS LAZARO GUZMAN-CHAVEZ.

MS. MORGAN: LEILA MORGAN, FEDERAL DEFENDERS, ON BEHALF OF MR. GUZMAN-CHAVEZ, WHO IS ALSO PRESENT BEFORE THE COURT IN CUSTODY AND BEING ASSISTED BY THE COURT-CERTIFIED SPANISH INTERPRETER.

THE COURT: THANK YOU.

ALL RIGHT. HAS THE INTERPRETER CONFIRMED THAT EACH OF THESE INDIVIDUALS SPEAKS SPANISH?

THE INTERPRETER: I HAVE, YOUR HONOR.

THE COURT: ALL RIGHT. GENTLEMEN, IS ANY OF YOU UNDER THE AGE OF 18? IF SO, WOULD YOU RAISE YOUR HAND.

ALL RIGHT. SEEING NO HANDS RAISED, I WILL CONCLUDE EVERYONE IN THE BOX IS AN ADULT THIS AFTERNOON.

LADIES AND GENTLEMEN, EACH OF YOU IS HERE THIS AFTERNOON BECAUSE YOU HAVE BEEN CHARGED IN A CRIMINAL COMPLAINT WITH MISDEMEANOR ILLEGAL ENTRY. THE MAXIMUM PENALTIES ASSOCIATED WITH THIS CHARGE ARE SIX MONTHS IN PRISON, A $5,000 FINE AND A $10 PENALTY ASSESSMENT.

YOU'RE NOT REQUIRED TO MAKE ANY STATEMENT ABOUT THE CHARGE AGAINST YOU TODAY, AND I CAUTION YOU IF YOU WERE TO

MAKE A STATEMENT, IT MIGHT LATER BE USED AGAINST YOU.

YOU HAVE THE RIGHT TO BE REPRESENTED BY AN ATTORNEY THROUGHOUT THE PROCEEDINGS. IF YOU CANNOT AFFORD TO HIRE AN ATTORNEY, THE COURT WILL APPOINT ONE TO REPRESENT YOU AT NO COST TO YOU.

YOU HAVE THE RIGHT TO TRIAL, JUDGMENT AND SENTENCING BEFORE A MAGISTRATE JUDGE.

UNLESS THE GOVERNMENT PROVES THAT YOU ARE EITHER DANGEROUS OR LIKELY TO FLEE AND NOT SHOW UP FOR COURT, YOU HAVE THE RIGHT TO HAVE THE COURT SET REASONABLE CONDITIONS FOR YOUR RELEASE FROM CUSTODY.

YOU ALSO HAVE THE RIGHT TO HAVE A REPRESENTATIVE OF THE UNITED STATES GOVERNMENT ADVISE THE CONSULATE OF YOUR HOME COUNTRY OF YOUR ARREST.

IF YOU ARE RELEASED ON BOND, THE FOLLOWING CONDITIONS WILL APPLY TO ALL OF YOU:

YOU SHALL NOT COMMIT ANY FEDERAL, STATE OR LOCAL CRIME.

YOU SHALL NOT ENTER THE COUNTRY OF MEXICO.

YOU SHALL NOT POSSESS OR USE ANY NARCOTIC, DRUG OR CONTROLLED SUBSTANCE WITHOUT A LAWFUL MEDICAL PRESCRIPTION.

YOU SHALL NOT POSSESS ANY FIREARM, DANGEROUS WEAPON OR DESTRUCTIVE DEVICE.

YOU SHALL REPORT TO PRETRIAL SERVICES FOR SUPERVISION.

AND YOU MUST READ OR HAVE READ TO YOU AND ACKNOWLEDGE UNDERSTANDING OF THE ADVICE OF PENALTIES AND SANCTIONS FORM.

NOW, BEGINNING WITH SERGIO MUNOZ-CABRERA. WHERE ARE YOU, SIR?

THE COURT HAS A RAP SHEET SUMMARY CHART THAT IS FAIRLY EXTENSIVE. IT DATES BACK TO 1993 WITH A MISDEMEANOR DRUG POSSESSION CASE; A MISDEMEANOR RECEIPT OF STOLEN PROPERTY THAT SAME YEAR; A MISDEMEANOR TAMPERING WITH A VEHICLE; A FELONY BURGLARY CHARGE IN 1994; A PETTY THEFT IN 1996; A DUI IN 2005; DRIVING ON A SUSPENDED LICENSE IN 2006; A DUI IN 2015; AND A DISORDERLY CONDUCT BASED ON ALCOHOL FROM SEPTEMBER OF 2015. HE HAS EIGHT PRIOR DEPORTATIONS.

WHAT IS THE GOVERNMENT'S RECOMMENDATION?

MR. WONG: ON THIS CASE, YOUR HONOR, OUR RECOMMENDATION IS $4,000 CASH OR CORPORATE SURETY BOND.

THE COURT: ALL RIGHT. THANK YOU.

WHAT'S THE DEFENSE RECOMMENDATION?

MR. COTSIRILOS: YOUR HONOR, I WOULD REQUEST $750. I'D POINT OUT TO THE COURT THAT MR. MUNOZ-CABRERA HAS NEVER BEEN TO PRISON. I DON'T THINK HE'S EVER DONE MORE THAN 180 DAYS IN LOCAL CUSTODY ON ANY OF THE MATTERS THE COURT CITED.

HE HAS THREE CITIZEN CHILDREN OF THE UNITED STATES THAT LIVE IN SANTA BARBARA, AND HIS WIFE LIVES IN SANTA BARBARA. HE IS ALSO DISABLED. HE'S BROKE HIS BACK AND

COMPUTER-AIDED TRANSCRIPTION

SEVERAL DISCS THREE YEARS AGO.  I DON'T KNOW IF THE COURT SAW HIM WALK IN.  I DON'T THINK HE'S A FLIGHT RISK.  HE HAS DIFFICULTY MOVING EASILY.

AND I THINK $750 WILL ASSURE HIS APPEARANCE.

THE COURT:  ALL RIGHT.  THANK YOU.

THE COURT IS GOING TO REQUIRE A $1,000 CASH OR CORPORATE SURETY BOND.  THE OTHER CONDITIONS I'VE PREVIOUSLY INDICATED, WHICH FOR THIS GROUP IS A TRAVEL RESTRICTION TO THE SOUTHERN DISTRICT AND THAT THEY RESIDE AT A RESIDENCE APPROVED BY PRETRIAL SERVICES, WILL BE A CONDITION FOR ALL OF THESE INDIVIDUALS.

ALL RIGHT.  THOSE WILL BE THE CONDITIONS OF THE BOND.  THANK YOU.

NOW, ELIKA SANTOS-SANTIAGO.

MR. COTSIRILOS:  YOUR HONOR, MAY I HAVE ONE MOMENT WITH HER?

THE COURT:  YOU MAY.

(ATTORNEY/CLIENT DISCUSSION.)

MR. COTSIRILOS:  THANK YOU, YOUR HONOR.

THE COURT:  YOU'RE WELCOME.

MR. COTSIRILOS:  YOUR HONOR, MS. SANTOS-SANTIAGO HAS NO CRIMINAL OR IMMIGRATION HISTORY.

THE COURT:  YES.  SO MY TENTATIVE WOULD BE $500 CASH OR CORPORATE SURETY.

WHAT IS THE GOVERNMENT'S POSITION?

MR. WONG:  $2500, YOUR HONOR.

THE COURT:  OKAY.  THANK YOU.

THE COURT WILL SET A $500 CASH OR CORPORATE SURETY BOND.  THE OTHER CONDITIONS THAT I'VE MENTIONED WILL BE APPLIED AS WELL.

FROILAN DIAZ-SALDIVAR.  WHERE ARE YOU?

MR. COTSIRILOS:  HE'S IN THE FRONT ROW, YOUR HONOR.

THE COURT:  THANK YOU.

AGAIN, NO PRIOR IMMIGRATION HISTORY OR CRIMINAL HISTORY.  MY TENTATIVE IS $500 CASH OR CORPORATE SURETY.

WHAT IS THE UNITED STATES' POSITION?

MR. WONG:  $2500, YOUR HONOR.

THE COURT:  ALL RIGHT.  THANK YOU.

MR. COTSIRILOS:  THANK YOU, YOUR HONOR.

THE COURT:  THE COURT WILL SET THE BOND AT A $500 CASH OR CORPORATE SURETY BOND.  THE OTHER CONDITIONS I'VE PREVIOUSLY INDICATED WILL APPLY AS WELL.

ALL RIGHT.  AGUSTIN ADAN-SALVADOR.  WHERE ARE YOU, SIR?

OKAY.  THERE IS ONE PRIOR DEPORTATION FROM APRIL OF 2018.  NO OTHER IMMIGRATION OR CRIMINAL HISTORY.

WHAT IS THE UNITED STATES' POSITION?

MR. WONG:  $3,000, YOUR HONOR.

THE COURT:  OKAY.  THE COURT IS GOING TO REQUIRE A $750 CASH OR CORPORATE SURETY BOND.  THE OTHER CONDITIONS AS

PREVIOUSLY INDICATED WILL APPLY AS WELL.

DIOSCORO MARTINEZ-HERNANDEZ.  AGAIN, NO CRIMINAL HISTORY OR IMMIGRATION HISTORY.  THE COURT'S TENTATIVE IS $500 CASH OR CORPORATE SURETY.

WHAT'S THE UNITED STATES' POSITION?

MS. STEVENS:  SUBMITTED.

MR. WONG:  $2500, YOUR HONOR.

THE COURT:  ALL RIGHT.  THANK YOU.

THE COURT WILL REQUIRE A $500 CASH OR CORPORATE SURETY BOND.  THE OTHER CONDITIONS AS PREVIOUSLY INDICATED WILL APPLY.

PONCIANO DOMINGO SANTOS-GARCIA.  THERE IS NO CRIMINAL HISTORY OR IMMIGRATION HISTORY.  FOR THIS GENTLEMAN, MY TENTATIVE IS $500 CASH OR CORPORATE SURETY.

MR. WONG:  $2500, YOUR HONOR.

THE COURT:  OKAY.  THANK YOU.

ALL RIGHT.  THE FINANCIAL CONDITION WILL BE A $500 CASH OR CORPORATE SURETY BOND.  THE OTHER CONDITIONS AS PREVIOUSLY INDICATED WILL APPLY TO THIS GENTLEMAN AS WELL.

DOMINGO CAAL-MACZ.  AGAIN, NO CRIMINAL OR IMMIGRATION HISTORY.  MY TENTATIVE IS A $500 CASH OR CORPORATE SURETY BOND.

MR. WONG:  $2500, YOUR HONOR.

THE COURT:  ALL RIGHT.  THANK YOU.

THE COURT WILL REQUIRE A $500 CASH OR CORPORATE

SURETY BOND. THE OTHER CONDITIONS AS PREVIOUSLY INDICATED WILL APPLY.

MS. STEVENS: THANK YOU, YOUR HONOR.

THE COURT: THANK YOU.

JOSE DE LOS SANTOS-MENCIAS. AGAIN, NO CRIMINAL OR IMMIGRATION HISTORY. MY TENTATIVE IS $500 CASH OR CORPORATE SURETY.

WHAT IS THE UNITED STATES' POSITION?

MR. WONG: $2500, YOUR HONOR.

THE COURT: ALL RIGHT. THANK YOU.

THE COURT WILL REQUIRE A $500 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS THAT I'VE PREVIOUSLY INDICATED.

LAZARO GUZMAN-CHAVEZ. THIS INDIVIDUAL HAS TWO PRIOR DEPORTATIONS, ONE FROM SEPTEMBER OF 2015 AND ONE FROM SEPTEMBER OF 2018.

WHAT IS THE POSITION OF THE UNITED STATES?

MR. WONG: $3,000, YOUR HONOR.

THE COURT: OKAY. THANK YOU.

MS. MORGAN.

MS. MORGAN: YOUR HONOR, I'D ASK FOR A BOND IN THE AMOUNT OF $650. I RECOGNIZE THAT HE DOES HAVE TWO PRIOR REMOVALS, BUT HE IS THE FATHER OF FOUR CHILDREN AND HAS BEEN WORKING IN A CAR WASH FOR THE LAST NINE YEARS.

HE DOES HAVE A VERY, VERY CLOSE FAMILY MEMBER --

HE'S THE GODFATHER OF HIS CHILDREN -- HERE IN THE UNITED STATES IN FRESNO THAT HE WAS COMING TO LIVE WITH.  SO I DO THINK IN LIGHT OF THE FACT THAT HE HAS NO CRIMINAL HISTORY, A $650 BOND IS APPROPRIATE.

THE COURT:  SO IF HE MAKES BOND, HE'D LIVE IN FRESNO?

MS. MORGAN:  ASSUMING THAT HE WAS RELEASED FROM IMMIGRATION CUSTODY INTO THE UNITED STATES, YES.

THE COURT:  WELL, I'LL EXPAND THE TRAVEL RESTRICTION TO THE EASTERN DISTRICT IN THAT EVENTUALITY.  THE COURT WILL SET THE FINANCIAL CONDITION OF THE BOND AT $750 CASH OR CORPORATE SURETY.

ALL RIGHT.  AGAIN, THE STATUS FOR EACH OF THESE GENTLEMEN WILL BE FRIDAY MORNING AT 10:00 A.M.  AND COUNSEL MAY REQUEST AN EARLIER PLEA DATE IF THEIR CLIENT WANTS TO PLEAD ANY OTHER DAY THIS WEEK.  10 O'CLOCK IN THE MORNING.

THANK YOU VERY MUCH, GENTLEMEN.  THANK YOU, COUNSEL.

MS. MORGAN:  THANK YOU, YOUR HONOR.

THE COURT:  YOU'RE WELCOME.

THE CLERK:  CALLING MATTERS 19 THROUGH 27.

COUNSEL, AS I CALL YOUR CASE, PLEASE STATE YOUR APPEARANCE FOR THE RECORD.

MATTER NO. 19, 18MJ21467-NLS, THE UNITED STATES OF AMERICA VERSUS JUAN MANUEL MARTINEZ-AMADOR.

MS. MORGAN:  LEILA MORGAN, FEDERAL DEFENDERS, ON

BEHALF OF MR. MARTINEZ-AMADOR.

THE COURT: THANK YOU.

THE CLERK: 20, 18MJ21480-NLS, THE UNITED STATES OF AMERICA VERSUS DOMINGO EDWIN CHAY-AJIN.

MS. CLARK: GOOD AFTERNOON, YOUR HONOR. LAUREN CLARK, FEDERAL DEFENDERS, ON BEHALF OF MR. CHAY-AJIN.

THE COURT: GOOD AFTERNOON.

THE CLERK: 21, 18MJ21442-NLS, THE UNITED STATES OF AMERICA VERSUS ANGEL ISIDRO VALENCIA-CARRILLO.

MS. DEATON: GOOD AFTERNOON, YOUR HONOR. JANICE DEATON ON BEHALF OF MR. VALENCIA.

THE COURT: GOOD AFTERNOON.

THE CLERK: NO. 22, 18MJ21455-NLS, THE UNITED STATES OF AMERICA VERSUS JOSE CHAJON-CHAJON.

MS. DEATON: GOOD AFTERNOON. AGAIN, YOUR HONOR, JANICE DEATON ON BEHALF OF MR. CHAJON-CHAJON.

THE COURT: GOOD AFTERNOON.

THE CLERK: 23, 18MJ21468-NLS, THE UNITED STATES OF AMERICA VERSUS IVAN GERARDO MERCADO-TRILLO.

MS. DEATON: GOOD AFTERNOON, YOUR HONOR. JANICE DEATON ON BEHALF OF MR. MERCADO. HE'S ALSO PRESENT IN CUSTODY.

THE COURT: THANK YOU.

THE CLERK: NO. 24, 18MJ21481-NLS, THE UNITED STATES OF AMERICA VERSUS RANDAL GUADALUPE LUNA-DIAS.

MS. DEATON:  GOOD AFTERNOON.  JANICE DEATON ON BEHALF OF MR. LUNA.

THE COURT:  THANK YOU.

THE CLERK:  25, 18MJ21443-NLS, THE UNITED STATES OF AMERICA VERSUS ALFONSO SANCHEZ-LOPEZ.

MR. SCHNEIDEWIND:  GOOD AFTERNOON, YOUR HONOR. MERLE SCHNEIDEWIND ON BEHALF OF MR. SANCHEZ-LOPEZ.

THE COURT:  GOOD AFTERNOON.

THE CLERK:  26, 18MJ21456-NLS, THE UNITED STATES OF AMERICA VERSUS GUSTAVO ROJAS-MIRANDA.

MR. SCHNEIDEWIND:  AGAIN, MERLE SCHNEIDEWIND ON BEHALF OF MR. ROJAS.

THE COURT:  THANK YOU.

THE CLERK:  MATTER NO. 27, 18MJ21469-NLS, THE UNITED STATES OF AMERICA VERSUS EDILFONSO TRUJILLO-CRUZ.

MR. SCHNEIDEWIND:  AND AGAIN, MERLE SCHNEIDEWIND ON BEHALF OF MR. TRUJILLO.

THE COURT:  ALL RIGHT.  THANK YOU.

GOOD AFTERNOON.  HAVE YOU CONFIRMED THAT EACH OF THESE INDIVIDUALS SPEAKS SPANISH?  WOULD YOU PLEASE DO SO.

THE INTERPRETER:  YES, YOUR HONOR.

THE COURT:  GENTLEMEN, IS THERE ANYBODY UNDER THE AGE OF 18 YEARS OLD IN THE BOX THIS AFTERNOON?

THE INTERPRETER:  NO.

THE COURT:  ALL RIGHT.  THEN I WILL ASSUME WE HAVE

ALL ADULTS THIS AFTERNOON WHO ARE PRESENT.

GENTLEMEN, EACH OF YOU IS HERE THIS AFTERNOON BECAUSE YOU'VE BEEN CHARGED IN A CRIMINAL COMPLAINT WITH MISDEMEANOR ILLEGAL ENTRY. THIS OFFENSE CARRIES MAXIMUM PENALTIES OF SIX MONTHS IN CUSTODY, A $5,000 FINE AND A $10 PENALTY ASSESSMENT.

YOU ARE NOT REQUIRED TO MAKE ANY STATEMENT ABOUT THE CHARGE AGAINST YOU TODAY, AND I CAUTION YOU IF YOU WERE TO MAKE A STATEMENT, IT MIGHT LATER BE USED AGAINST YOU.

YOU HAVE THE RIGHT TO BE REPRESENTED BY AN ATTORNEY THROUGHOUT THE PROCEEDINGS. IF YOU CANNOT AFFORD TO HIRE AN ATTORNEY, THE COURT WILL APPOINT ONE TO REPRESENT YOU AT NO COST TO YOU. IN FACT, AN ATTORNEY HAS ALREADY BEEN APPOINTED FOR EACH OF YOU.

YOU HAVE THE RIGHT TO TRIAL, JUDGMENT AND SENTENCING BEFORE A MAGISTRATE JUDGE.

UNLESS THE GOVERNMENT PROVES THAT YOU'RE EITHER DANGEROUS OR LIKELY TO FLEE AND NOT SHOW UP FOR COURT, YOU ALSO HAVE THE RIGHT TO HAVE THE COURT SET REASONABLE CONDITIONS FOR YOUR RELEASE FROM CUSTODY.

YOU ALSO HAVE THE RIGHT TO HAVE A REPRESENTATIVE OF THE UNITED STATES GOVERNMENT ADVISE THE CONSULATE OF YOUR HOME COUNTRY OF YOUR ARREST.

NOW, IF YOU ARE RELEASED ON BOND, THE FOLLOWING BOND CONDITIONS WILL APPLY TO ALL OF YOU:

YOU SHALL NOT COMMIT ANY FEDERAL, STATE OR LOCAL CRIME.

YOU SHALL NOT ENTER THE COUNTRY OF MEXICO.

YOU SHALL NOT POSSESS OR USE ANY NARCOTIC, DRUG OR CONTROLLED SUBSTANCE WITHOUT A LAWFUL MEDICAL PRESCRIPTION.

YOU SHALL NOT POSSESS ANY FIREARM, DANGEROUS WEAPON OR DESTRUCTIVE DEVICE.

YOU SHALL REPORT TO PRETRIAL SERVICES FOR SUPERVISION.

AND YOU MUST READ OR HAVE READ TO YOU AND ACKNOWLEDGE UNDERSTANDING OF THE ADVICE OF PENALTIES AND SANCTIONS FORM.

NOW, AGAIN, FOR THE RECORD, MY TENTATIVE FINANCIAL CONDITION FOR ANY INDIVIDUAL WHO HAS NO CRIMINAL HISTORY OR IMMIGRATION HISTORY WILL BE A $500 CASH OR CORPORATE SURETY BOND.

NOW, BEGINNING WITH JUAN MANUEL MARTINEZ-AMADOR. THE RAP SHEET INDICATES NO PRIOR CRIMINAL OR IMMIGRATION HISTORY.

MR. WONG: YOUR HONOR, THE GOVERNMENT WOULD ASK FOR A $2500 CASH OR CORPORATE SURETY BOND.

THE COURT: ALL RIGHT. THANK YOU.

THE COURT WILL REQUIRE A $500 CASH OR CORPORATE SURETY BOND.

THE ADDITIONAL CONDITIONS OF THIS BOND, AND THE

BONDS SET FOR ALL OF THESE INDIVIDUALS, WILL BE A TRAVEL RESTRICTION TO THE SOUTHERN DISTRICT OF CALIFORNIA AND THAT THEY RESIDE AT A RESIDENCE APPROVED BY PRETRIAL SERVICES.

MS. MORGAN:  YOUR HONOR, SPECIFIC TO MR. MARTINEZ-AMADOR, I FIRST WANT HIM TO KNOW THAT WE'RE STILL TRYING TO LOCATE HIS WIFE AND ONE-YEAR-OLD SON WHO WERE ARRESTED WITH HIM.  WE BELIEVE THEY ARE IN IMMIGRATION PROCEEDINGS.

BUT SHOULD HE BE RELEASED, BECAUSE THERE MAY BE AN ASYLUM CLAIM, IT'S LIKELY THAT HE WOULD NEED TO RESIDE WITH HIS SISTER IN TEXAS.  SO IF WE COULD HAVE A TRAVEL CONDITION THAT WOULD ALLOW HIM TO GO THERE.  THAT'S WHERE HIS OLDER SON, WHO IS 19, RESIDES, WITH MY CLIENT'S SISTER.  YOU KNOW, IT'S MY CLIENT'S SON.  HE LIVES WITH HIS AUNT.

THE COURT:  ALL RIGHT.  I WILL EXPAND THE TRAVEL RESTRICTION TO THE STATE OF TEXAS AND POINTS IN BETWEEN FOR PURPOSES OF TRAVEL.

MS. MORGAN:  THANK YOU, YOUR HONOR.

THE COURT:  THANK YOU.

ALL RIGHT.  DOMINGO EDWIN CHAY-AJIN.  THE RAP SHEET SUMMARY CHART INDICATES NO PRIOR CRIMINAL OR IMMIGRATION HISTORY.  MY TENTATIVE IS A $500 CASH OR CORPORATE SURETY BOND.

MR. WONG:  YOUR HONOR, WE WOULD ASK FOR A $2500 CASH OR CORPORATE SURETY BOND.

THE COURT: ALL RIGHT. THANK YOU.

MS. CLARK: YOUR HONOR --

THE COURT: YES.

MS. CLARK: I APOLOGIZE. I APPRECIATE THE COURT'S TENTATIVE, SO I'LL KEEP MY COMMENTS EXTREMELY BRIEF.

I JUST WANTED TO BRING TO THE COURT'S ATTENTION THAT ON PAGE 6 IN DISCOVERY, THERE IS A CREDIBLE FEAR CLAIM STAMPED, AND I DON'T KNOW IF THAT INFLUENCES THE COURT'S BOND DETERMINATION. I WOULD ASK THAT HE BE RELEASED ON HIS OWN RECOGNIZANCE.

THE COURT: NO, IT DOESN'T CHANGE MY TENTATIVE; BUT THANK YOU FOR BRINGING IT TO MY ATTENTION.

I WILL SET THE FINANCIAL CONDITION AT $500 CASH OR CORPORATE SURETY, AND THE OTHER CONDITIONS THAT I PREVIOUSLY INDICATED. THANK YOU.

MS. CLARK: THANK YOU, YOUR HONOR.

AND TO BE CLEAR, FOR THIS ROUND, THE COURT AGAIN IS WILLING TO WAIVE THE LOCAL RULE?

THE COURT: YES. THAT WILL BE FOR EVERYONE WHO APPEARS THIS AFTERNOON WHO GETS A CASH BOND. I WILL WAIVE THE LOCAL RULE THAT REQUIRES THE U.S. ATTORNEY'S OFFICE TO REVIEW THE BOND PACKAGE.

MS. CLARK: THANK YOU, YOUR HONOR.

THE COURT: THANK YOU.

ANGEL ISIDRO VALENCIA-CARRILLO. THE COURT HAS THE

RAP SHEET SUMMARY CHART. IT SHOWS ONE MISDEMEANOR ILLEGAL ENTRY CONVICTION FROM AUGUST 1ST OF THIS YEAR FOR WHICH HE RECEIVED ONE DAY IN JAIL.

WHAT IS THE GOVERNMENT'S POSITION?

MR. WONG: YOUR HONOR, WE WOULD ASK FOR A $3500 CASH OR CORPORATE SURETY BOND.

THE COURT: ALL RIGHT. THANK YOU.

MS. DEATON.

MS. DEATON: YOUR HONOR, I WOULD ASK -- PARDON ME. I WOULD ASK FOR A $650 CASH OR CORPORATE SURETY BOND, YOUR HONOR. HIS -- HE DOES HAVE ONE DEPORTATION, AND AS THE COURT CAN SEE, THE PREVIOUS PRIOR ILLEGAL ENTRY WAS A MONTH AND A HALF AGO. THIS IS -- THOSE ARE PRETTY MINOR, AND SO I UNDERSTAND THAT A $500 CASH OR CORPORATE SURETY MIGHT NOT SATISFY THE COURT, BUT I THINK A $650 CASH OR CORPORATE SURETY BOND IS SUFFICIENT IN THIS CASE.

THE COURT: ALL RIGHT. THANK YOU.

THE COURT IS GOING TO REQUIRE A $1,000 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS THAT I PREVIOUSLY INDICATED.

JOSE CHAJON-CHAJON. THIS GENTLEMAN HAS TWO PRIOR DEPORTATIONS, ONE FROM 2013 AND ONE FROM 2015. NO CRIMINAL HISTORY.

MR. WONG: WE WOULD ASK FOR $3,000, YOUR HONOR.

MS. DEATON: AND YOUR HONOR, I WOULD ASK FOR A $650

CASH OR CORPORATE SURETY BOND.

THE COURT: THANK YOU.

THE COURT IS GOING TO REQUIRE A $750 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS THAT I HAVE PREVIOUSLY INDICATED.

IVAN GERARDO MERCADO-TRILLO. WHERE ARE YOU, SIR?

OKAY. THE RAP SHEET SUMMARY CHART IN THIS CASE INDICATES SIX PRIOR DEPORTATIONS, THE MOST RECENT OF WHICH WAS FROM AUGUST 31 OF THIS YEAR.

WHAT IS THE UNITED STATES' POSITION?

MR. WONG: WE WOULD ASK FOR $3,000, YOUR HONOR.

THE COURT: ALL RIGHT. THANK YOU.

MS. DEATON: AND, YOUR HONOR, BASED ON HIS LACK OF CRIMINAL HISTORY, I WOULD ASK FOR $1,000 CASH OR CORPORATE SURETY BOND.

THE COURT: THE COURT IS GOING TO REQUIRE $1,000 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS THAT I HAVE PREVIOUSLY INDICATED.

RANDAL GUADALUPE LUNA-DIAS. THE RAP SHEET SUMMARY CHART IN HIS CASE INDICATES NO PRIOR IMMIGRATION OR CRIMINAL HISTORY. MY TENTATIVE IS $500 CASH OR CORPORATE SURETY.

MR. WONG: WE WOULD ASK FOR $2500, YOUR HONOR.

THE COURT: THANK YOU.

MS. DEATON: SUBMIT, YOUR HONOR.

THE COURT: THE COURT WILL REQUIRE A $500 CASH OR

CORPORATE SURETY AND THE OTHER CONDITIONS THAT I PREVIOUSLY INDICATED.

MS. DEATON: THANK YOU.

THE COURT: THANK YOU.

ALFONSO SANCHEZ-LOPEZ. THE RAP SHEET SUMMARY CHART INDICATES ONE PRIOR DEPORTATION FROM SEPTEMBER 2 OF THIS YEAR.

WHAT IS THE GOVERNMENT'S POSITION?

MR. WONG: WE'RE ASKING FOR $3,000, YOUR HONOR.

THE COURT: ALL RIGHT. THANK YOU.

MR. SCHNEIDEWIND: WE'D ASK FOR A $500 CASH OR CORPORATE SURETY, YOUR HONOR.

THE COURT: ALL RIGHT. THANK YOU.

IN LIGHT OF THE MOST RECENT PRIOR DEPORT, THE COURT IS GOING TO REQUIRE A $750 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS THAT I PREVIOUSLY INDICATED.

GUSTAVO ROJAS-MIRANDA. IN HIS CASE, THERE IS A 1996 CONVICTION, FELONY CONVICTION FOR TRANSPORTATION OF A CONTROLLED SUBSTANCE, THREE PRIOR DEPORTS, THE MOST RECENT OF WHICH IS FROM JUNE 14TH OF THIS YEAR.

WHAT IS THE UNITED STATES' POSITION?

MR. WONG: WE'RE ASKING FOR $3,500, YOUR HONOR.

THE COURT: ALL RIGHT. THANK YOU.

MR. SCHNEIDEWIND.

MR. SCHNEIDEWIND: YES, YOUR HONOR. WE WOULD ASK

FOR A $750 BOND.  HE DOES HAVE THE PRIOR TRANSPORTATION CASE, BUT IT'S OVER 20 YEARS OLD.  HE DOES HAVE A WIFE HERE IN THE UNITED STATES.  HE USED TO HAVE A GREEN CARD, BUT IT WAS TAKEN FROM HIM WHEN HE WAS DEPORTED IN 2004.

HE HAS FIVE CHILDREN HERE, ALL U.S. CITIZENS.  AND WE WOULD ASK THAT THE COURT GIVE HIM A $750 BOND.

THE COURT:  OKAY.  THANK YOU.

NOW, THE COURT IS GOING TO REQUIRE A $1,000 CASH OR CORPORATE SURETY BOND IN THIS CASE AND THE OTHER CONDITIONS THAT I'VE PREVIOUSLY INDICATED.

EDILFONSO TRUJILLO-CRUZ.  IN HIS CASE, NO PRIOR DEPORTS, NO CRIMINAL HISTORY.  THE COURT'S TENTATIVE IS A $500 CASH OR CORPORATE SURETY BOND.

MR. WONG:  WE'RE ASKING FOR A $2500 BOND, YOUR HONOR.

THE COURT:  ALL RIGHT.  THANK YOU.

THE COURT WILL REQUIRE A $500 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS THAT I'VE PREVIOUSLY INDICATED.

ALL RIGHT.  EACH OF THESE GENTLEMEN WILL HAVE A STATUS HEARING SET FRIDAY MORNING AT 10:00 A.M. IN MY COURT. AND AS INDICATED PREVIOUSLY, COUNSEL MAY CONTACT MY COURTROOM DEPUTY FOR A PLEA HEARING ANY DAY THIS WEEK AT 10 O'CLOCK IN THE MORNING.

THANK YOU, GENTLEMEN.

THE CLERK:  CALLING MATTERS 28 THROUGH 36.

COUNSEL, AS I CALL YOUR CASE, PLEASE STATE YOUR APPEARANCE FOR THE RECORD.

MATTER NO. 28, 18MJ21482-NLS, THE UNITED STATES OF AMERICA VERSUS --

MR. SCHNEIDEWIND:  MERLE SCHNEIDEWIND ON BEHALF OF MR. TORRES.

THE COURT:  THANK YOU.

THE CLERK:  -- VERSUS RODRIGO TORRES-HERRERA.

THE COURT:  I THINK HE JUST MADE --

THE CLERK:  DID HE?

THE COURT:  MR. SCHNEIDEWIND, ARE YOU ON MR. RODRIGO TORRES-HERRERA?

MR. SCHNEIDEWIND:  I AM, YOUR HONOR.

THE COURT:  ALL RIGHT.  THANK YOU.

THE CLERK:  29, 18MJ21444-NLS, THE UNITED STATES OF AMERICA VERSUS ITAYECTCY NAJERA-SANTIAGO.

MR. KINGTON:  GOOD AFTERNOON, YOUR HONOR.  BENJAMIN KINGTON ON HER BEHALF.

THE COURT:  GOOD AFTERNOON.

THE CLERK:  NO. 30, 18MJ21457-NLS, THE UNITED STATES OF AMERICA VERSUS HECTOR JIMENEZ-DURAN.

MR. KINGTON:  BENJAMIN KINGTON ON HIS BEHALF.

THE COURT:  THANK YOU.

THE CLERK:  31, 18MJ21470-NLS, THE UNITED STATES OF

AMERICA VERSUS MIGUEL ANGEL MARTINEZ-MARTINEZ.

MR. KINGTON:  BENJAMIN KINGTON ON HIS BEHALF.

THE COURT:  THANK YOU.

THE CLERK:  32, 18MJ21483-NLS, THE UNITED STATES OF AMERICA VERSUS OSCAR ALEJANDRO HUIZAR-COVARRUBIA.

MR. KINGTON:  AND BENJAMIN KINGTON ON HIS BEHALF.

THE COURT:  THANK YOU.

THE CLERK:  33, 18MJ21452-NLS, THE UNITED STATES OF AMERICA VERSUS JAIME QUIROZ-CASTILLO.

MR. STEWART:  GOOD AFTERNOON, YOUR HONOR.  MARCEL STEWART FOR MR. QUIROZ-CASTILLO.

THE CLERK:  34, 18MJ21458-NLS, THE UNITED STATES OF AMERICA VERSUS WALTHER ANIBAL RAMIREZ-PAREDES.

MR. STEWART:  AGAIN, MARCEL STEWART FOR MR. RAMIREZ-PAREDES.

THE COURT:  THANK YOU.

THE CLERK:  35, 18MJ21471-NLS, THE UNITED STATES OF AMERICA VERSUS JOSE LUIS PEREZ-SALINAS.

MR. STEWART:  MARCEL STEWART FOR MR. PEREZ-SALINAS.

THE COURT:  THANK YOU.

THE CLERK:  36, 18MJ21484-NLS, THE UNITED STATES OF AMERICA VERSUS PEDRO ANTONIO POOT-KEB.

MR. STEWART:  AND ALSO FOR MR. POOT-KEB.

THE COURT:  THANK YOU.

45

ALL RIGHT. MAY I ASK THE INTERPRETER TO CONFIRM THAT EACH OF THESE INDIVIDUALS SPEAKS SPANISH.

THE INTERPRETER: YES.

THE COURT: ALL RIGHT. LADIES AND GENTLEMEN, IS ANY OF YOU UNDER THE AGE OF 18 YEARS OLD? IF SO, WOULD YOU RAISE YOUR HAND.

ALL RIGHT. HAVING NO HANDS RAISED, I WILL ASSUME ALL OF YOU ARE ADULTS.

EACH OF YOU IS HERE THIS AFTERNOON BECAUSE YOU HAVE BEEN CHARGED IN A CRIMINAL COMPLAINT WITH MISDEMEANOR ILLEGAL ENTRY. THIS CHARGE CARRIES MAXIMUM PENALTIES OF SIX MONTHS IN PRISON, A $5,000 FINE AND A $10 PENALTY ASSESSMENT.

YOU ARE NOT REQUIRED TO MAKE ANY STATEMENT ABOUT THE CHARGE AGAINST YOU TODAY, AND I CAUTION YOU IF YOU WERE TO MAKE A STATEMENT, IT MIGHT LATER BE USED AGAINST YOU.

YOU HAVE THE RIGHT TO BE REPRESENTED BY AN ATTORNEY THROUGHOUT THE PROCEEDINGS. IF YOU CANNOT AFFORD TO HIRE AN ATTORNEY, THE COURT WILL APPOINT ONE FOR YOU AT NO COST TO YOU. IN FACT, EACH OF YOU HAS ALREADY BEEN APPOINTED AN ATTORNEY.

YOU HAVE THE RIGHT TO TRIAL, JUDGMENT AND SENTENCING BEFORE A MAGISTRATE JUDGE.

UNLESS THE GOVERNMENT PROVES THAT YOU'RE EITHER DANGEROUS OR LIKELY TO FLEE AND NOT SHOW UP FOR COURT, YOU ALSO HAVE THE RIGHT TO HAVE THE COURT SET REASONABLE

CONDITIONS FOR YOUR RELEASE FROM CUSTODY.

YOU ALSO HAVE THE RIGHT TO HAVE A REPRESENTATIVE OF THE UNITED STATES GOVERNMENT ADVISE THE CONSULATE OF YOUR HOME COUNTRY OF YOUR ARREST.

NOW, IF YOU ARE RELEASED ON BOND, THE FOLLOWING BOND CONDITIONS WILL APPLY TO ALL OF YOU:

YOU SHALL NOT COMMIT ANY FEDERAL, STATE OR LOCAL CRIME.

YOU SHALL NOT ENTER THE COUNTRY OF MEXICO.

YOU SHALL NOT POSSESS OR USE ANY NARCOTIC, DRUG OR CONTROLLED SUBSTANCE WITHOUT A LAWFUL MEDICAL PRESCRIPTION.

YOU SHALL NOT POSSESS ANY FIREARM, DANGEROUS WEAPON OR DESTRUCTIVE DEVICE.

YOU SHALL REPORT TO PRETRIAL SERVICES FOR SUPERVISION.

AND YOU MUST READ OR HAVE READ TO YOU AND ACKNOWLEDGE UNDERSTANDING OF THE ADVICE OF PENALTIES AND SANCTIONS FORM.

NOW, AGAIN, AS TO THE FINANCIAL CONDITION OF THE BOND FOR EACH OF THESE INDIVIDUALS, IF THERE IS NO CRIMINAL OR IMMIGRATION HISTORY, THE COURT'S TENTATIVE IS A $500 CASH OR CORPORATE SURETY BOND. UNLESS OTHERWISE INDICATED, THERE WILL BE A TRAVEL RESTRICTION TO THE SOUTHERN DISTRICT OF CALIFORNIA, AND EACH OF THESE INDIVIDUALS WILL BE REQUIRED TO RESIDE AT A RESIDENCE APPROVED BY PRETRIAL SERVICES.

IF THERE ARE ANY ADDITIONAL CONDITIONS REQUESTED, PLEASE LET ME KNOW.

BEGINNING WITH RODRIGO TORRES-HERRERA. WHERE ARE YOU, SIR?

ALL RIGHT. THERE IS ONE PRIOR DEPORTATION FROM JUNE 26TH OF THIS YEAR.

WHAT IS THE GOVERNMENT'S RECOMMENDATION?

MR. WONG: OUR RECOMMENDATION, YOUR HONOR, IS $3,000 CASH OR CORPORATE SURETY BOND.

THE COURT: OKAY. MR. KINGTON.

MR. SCHNEIDEWIND: WE'D ASK FOR A $500 BOND, YOUR HONOR.

THE COURT: IN LIGHT OF THE PRIOR DEPORTATION, THE COURT IS GOING TO REQUIRE A $750 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS THAT I PREVIOUSLY INDICATED.

MR. SCHNEIDEWIND: THANK YOU, YOUR HONOR.

THE COURT: ITAYECTCY NAJERA-SANTIAGO. THIS INDIVIDUAL HAS NO PRIOR CRIMINAL OR IMMIGRATION HISTORY. THE COURT'S TENTATIVE WOULD BE $500 CASH OR CORPORATE SURETY.

MR. WONG: WE'RE ASKING FOR A $2,500 BOND, YOUR HONOR.

THE COURT: OKAY. THANK YOU.

THE COURT WILL REQUIRE A $500 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS AS PREVIOUSLY INDICATED.

HECTOR JIMENEZ-DURAN. MR. JIMENEZ-DURAN HAS NO

PRIOR IMMIGRATION OR CRIMINAL HISTORY.  MY TENTATIVE IS A $500 CASH OR CORPORATE SURETY BOND.

WHAT IS THE GOVERNMENT'S POSITION?

MR. WONG:  $2500, YOUR HONOR.

THE COURT:  THANK YOU.

THE COURT WILL REQUIRE A $500 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS AS PREVIOUSLY INDICATED.

MIGUEL ANGEL MARTINEZ-MARTINEZ.  WHERE ARE YOU, SIR?

MR. MARTINEZ HAS NO PRIOR CRIMINAL HISTORY OR DEPORTATIONS.  MY TENTATIVE IS $500 CASH OR CORPORATE SURETY.

WHAT IS THE UNITED STATES' POSITION?

MR. WONG:  YOUR HONOR, WE ASK FOR A $2500 BOND.

THE COURT:  ALL RIGHT.  THANK YOU.

THE COURT IS GOING TO REQUIRE A $500 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS AS PREVIOUSLY INDICATED.

OSCAR ALEJANDRO HUIZAR-COVARRUBIA.  ALL RIGHT.  THIS INDIVIDUAL HAS A MISDEMEANOR DRIVING WITHOUT A LICENSE AND RECKLESS DRIVING FROM 2006 AND A MISDEMEANOR BURGLARY FROM 2007 WITH TWO PRIOR DEPORTS.  THE MOST RECENT OF WHICH IS FROM JANUARY OF 2014.

WHAT IS THE GOVERNMENT'S RECOMMENDATION IN THIS CASE?

MR. WONG:  IN THIS CASE, YOUR HONOR, WE'RE ASKING FOR A $3500 BOND.

THE COURT:  ALL RIGHT.  THANK YOU.

MR. KINGTON.

MR. KINGTON:  YES, YOUR HONOR.  TO ADDRESS THE 2007 INCIDENT, IT'S NOTED AS A BURGLARY.  I'M NOT SURE OF ALL THE DETAILS, BUT I THINK IT WAS A STORE, A COMMERCIAL ESTABLISHMENT; AND HE DID ONLY RECEIVE 30 DAYS ON THAT AT THE TIME.  SO IT DOES -- I'M SURE IT WAS SERIOUS, BUT IT'S TEN YEARS OLD AND HE ONLY GOT 30 DAYS AT THE TIME.

HE DOES HAVE A U.S. CITIZEN WIFE AND FOUR CHILDREN, TWO OF WHOM WERE BORN HERE AND ARE U.S. CITIZENS, AND TWO OF WHOM JUST OBTAINED LEGAL STATUS THROUGH THEIR MOTHER, WHO IS A U.S. CITIZEN.  THEY ALL RESIDE IN RIVERSIDE.  SO I'D ASK FOR $1,000 CASH OR CORPORATE SURETY.

THE COURT:  ALL RIGHT.

THE COURT IS GOING TO REQUIRE A $1,000 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS AS PREVIOUSLY INDICATED.

JAIME QUIROZ-CASTILLO.  THIS GENTLEMAN HAS ONE PRIOR DEPORT FROM SEPTEMBER 4 OF THIS YEAR.

MR. WONG:  $3,000, YOUR HONOR.

THE COURT:  THANK YOU.

MR. STEWART:  YOUR HONOR, WE'RE REQUESTING $500, PLEASE.

THE COURT:  OKAY.  THE COURT IS GOING TO REQUIRE, IN LIGHT OF THE MOST RECENT DEPORTATION, A $750 CASH OR

CORPORATE SURETY BOND AND THE OTHER CONDITIONS AS PREVIOUSLY INDICATED.

WALTHER ANIBAL RAMIREZ-PAREDES.  MR. RAMIREZ-PAREDES HAS TWO PRIOR DEPORTS, THE MOST RECENT ONE BEING FROM JUNE 11 OF 2016.

WHAT IS THE GOVERNMENT'S POSITION?

MR. WONG:  YOUR HONOR, WE WOULD ASK FOR A $3,000 BOND.

THE COURT:  ALL RIGHT.  THANK YOU.

MR. STEWART.

MR. STEWART:  YOUR HONOR, WE'RE REQUESTING $700, PLEASE.

THE COURT:  ALL RIGHT.  THE COURT IS GOING TO REQUIRE A $750 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS THAT I'VE PREVIOUSLY INDICATED.

JOSE LUIS PEREZ-SALINAS.  THIS GENTLEMAN HAS NO PRIOR IMMIGRATION OR CRIMINAL HISTORY.  MY TENTATIVE IS $500 CASH OR CORPORATE SURETY BOND.

MR. WONG:  OUR REQUEST IS FOR $2500 BOND.

THE COURT:  THANK YOU.

THE COURT WILL REQUIRE A $500 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS AS PREVIOUSLY INDICATED.

PEDRO ANTONIO POOT-KEB.  THIS GENTLEMAN HAS FIVE PRIOR DEPORTS, THE MOST RECENT BEING FROM FEBRUARY 9 OF THIS YEAR.

WHAT IS THE UNITED STATES' POSITION?

MR. WONG: IN THIS CASE, WE'RE ASKING FOR $3,000, YOUR HONOR.

THE COURT: OKAY. THANK YOU.

MR. STEWART: $1,000, PLEASE, YOUR HONOR.

THE COURT: THE COURT WILL REQUIRE A $1,000 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS AS PREVIOUSLY NOTED.

I WILL SET A STATUS HEARING FOR EACH OF THESE INDIVIDUALS ON FRIDAY MORNING IN MY COURT AT 10:00 A.M., AND COUNSEL MAY REQUEST A DISPOSITION ANY MORNING THIS WEEK WITH THE CAVEAT THAT WEDNESDAY MORNING WILL BE BEFORE JUDGE BLOCK AND THE OTHER MORNINGS WILL BE BEFORE ME.

THANK YOU VERY MUCH, LADIES AND GENTLEMEN.

THE CLERK: CALLING MATTERS 37 THROUGH 45.

COUNSEL, AS I CALL YOUR CASE, PLEASE STATE YOUR APPEARANCE FOR THE RECORD.

MATTER NO. 37, 18MJ21446-NLS, THE UNITED STATES OF AMERICA VERSUS ANGELICA MARIA DIMAS-AVILA.

MS. CLARK: LAUREN CLARK, FEDERAL DEFENDERS, ON BEHALF OF MS. DIMAS.

THE CLERK: 38, 18MJ21459-NLS, THE UNITED STATES OF AMERICA VERSUS EVA RAMIREZ-JIMENEZ.

MS. CLARK: LAUREN CLARK, FEDERAL DEFENDERS, ON BEHALF OF MS. RAMIREZ.

THE COURT: THANK YOU.

MS. CLARK: AND YOUR HONOR, WHEN SHE COMES OUT, MAY I HAVE A MOMENT WITH HER?

THE COURT: YOU MAY.

MS. CLARK: THANK YOU.

THE CLERK: 39, 18MJ21472-NLS, THE UNITED STATES OF AMERICA VERSUS MARTIN HERNADNEZ-MENA.

MS. CLARK: LAUREN CLARK, FEDERAL DEFENDERS, ON BEHALF OF MR. HERNANDEZ-MENA.

THE COURT: THANK YOU.

THE CLERK: 40, 18MJ21485-NLS, THE UNITED STATES OF AMERICA VERSUS RAMSES CRUZ-GODOY.

MS. MORGAN: GOOD AFTERNOON AGAIN, YOUR HONOR. LEILA MORGAN, FEDERAL DEFENDERS, ON BEHALF OF MR. CRUZ-GODOY.

THE COURT: THANK YOU. GOOD AFTERNOON.

THE CLERK: 41, 18MJ21447-NLS, THE UNITED STATES OF AMERICA VERSUS ANDRES HERNANDEZ-JAIMES.

MS. SANDOVAL: ROXANA SANDOVAL, FEDERAL DEFENDERS, ON BEHALF OF MR. HERNANDEZ-JAIMES.

THE COURT: THANK YOU.

THE CLERK: 42, 18MJ21460-NLS, THE UNITED STATES OF AMERICA VERSUS MARCO ANTONIO BARRON-GONZALEZ.

MS. SANDOVAL: ROXANA SANDOVAL, FEDERAL DEFENDERS, ON BEHALF OF MR. BARRON-GONZALEZ.

THE COURT: THANK YOU.

THE CLERK: 43, 18MJ21473-NLS, THE UNITED STATES OF AMERICA VERSUS OTILIO JUAREZ-DE LA ROSA.

MS. SANDOVAL: ROXANA SANDOVAL, FEDERAL DEFENDERS, ON BEHALF OF MR. JUAREZ-DE LA ROSA.

THE COURT: THANK YOU.

THE CLERK: AND 44, 18MJ21486-NLS, THE UNITED STATES OF AMERICA VERSUS ABRAHAM BANDA.

MS. SANDOVAL: ROXANA SANDOVAL, FEDERAL DEFENDERS. I'M APPEARING FOR MY COLLEAGUE, AMRUTHA JINDAL, ON BEHALF OF MR. BANDA.

THE COURT: THANK YOU.

THE CLERK: AND 45, 18MJ21448-NLS, THE UNITED STATES OF AMERICA VERSUS JAIME EDGARDO ALVARADO-DIAZ.

MR. MORELL: GOOD AFTERNOON, YOUR HONOR. FRANK MORELL FOR MR. ALVARADO. HE IS PRESENT BEFORE THE COURT. HE IS THE GENTLEMAN IN THE GREEN.

THE COURT: THANK YOU. GOOD AFTERNOON.

MS. CLARK: YOUR HONOR, WITH REGARD TO MS. RAMIREZ-JIMENEZ, THAT'S MATTER NO. 38, SHE DOES SPEAK MIXTECO. I E-MAILED YOUR COURTROOM DEPUTY ABOUT THIS THIS MORNING, AND I KNOW THAT THE MARSHALS GOT HER INFORMATION ABOUT HER HOME TOWN TO BE ABLE TO RELAY THAT INFORMATION ALONG THIS AFTERNOON AS WELL.

I SPOKE WITH MS. TRUJILLO, THE MIXTECO INTERPRETER, AND SHE SAID SHE HAD PLANNED TO BE IN COURT THIS AFTERNOON,

SO I'M NOT SURE IF MAYBE SHE'S IN A DIFFERENT COURTROOM.

THE COURT:  WHY DON'T WE TRAIL THIS MATTER AND WE'LL SEE IF SHE'S HERE.  AND WE CAN HAVE HER COME TO COURT. OTHERWISE, WE'LL MAKE OTHER ARRANGEMENTS.

MS. CLARK:  THANK YOU, YOUR HONOR.

THE COURT:  ALL RIGHT.  THANK YOU.  THIS IS NO. 38?

MS. CLARK:  YES, YOUR HONOR.

THE COURT:  EVA RAMIREZ-JIMENEZ, WHERE ARE YOU?

MS. CLARK:  SHE'S IN THE BACK ROW, YOUR HONOR, WITH THE BLUE SHIRT.

THE COURT:  OKAY.  WE'RE GOING TO NEED TO TAKE HER BACK BECAUSE WE NEED TO FIND AN INTERPRETER.

THE MARSHAL:  YES, YOUR HONOR.

THE COURT:  OKAY.  THANK YOU.

ALL RIGHT.  LADIES AND GENTLEMEN, ARE ALL OF YOU AT LEAST 18 YEARS OLD?  IF YOU ARE NOT 18, WOULD YOU RAISE YOUR HAND.

OKAY.  I'M GOING TO ASSUME THAT ALL OF YOU ARE ADULTS.

LADIES AND GENTLEMEN, YOU ARE HERE THIS AFTERNOON BECAUSE YOU HAVE BEEN CHARGED BY WAY OF A CRIMINAL COMPLAINT WITH MISDEMEANOR ILLEGAL ENTRY.  THIS CHARGE CARRIES A MAXIMUM PRISON SENTENCE OF SIX MONTHS, A MAXIMUM FINE OF $5,000 AND A $10 PENALTY ASSESSMENT.

YOU ARE NOT REQUIRED TO MAKE ANY STATEMENT ABOUT THE

CHARGE AGAINST YOU TODAY, AND I CAUTION YOU IF YOU WERE TO MAKE A STATEMENT, IT MIGHT LATER BE USED AGAINST YOU.

YOU HAVE THE RIGHT TO BE REPRESENTED BY AN ATTORNEY THROUGHOUT THE PROCEEDINGS. IF YOU CANNOT AFFORD TO HIRE AN ATTORNEY, THE COURT WILL APPOINT ONE FOR YOU AT NO COST TO YOU. IN FACT, AN ATTORNEY HAS ALREADY BEEN APPOINTED FOR YOU.

YOU HAVE THE RIGHT TO TRIAL, JUDGMENT AND SENTENCING BEFORE A MAGISTRATE JUDGE.

UNLESS THE GOVERNMENT PROVES THAT YOU ARE EITHER DANGEROUS OR LIKELY TO FLEE AND NOT SHOW UP FOR COURT, YOU ALSO HAVE THE RIGHT TO HAVE THE COURT SET REASONABLE CONDITIONS FOR YOUR RELEASE FROM CUSTODY.

YOU ALSO HAVE THE RIGHT TO REQUEST THAT A REPRESENTATIVE OF THE UNITED STATES GOVERNMENT ADVISE THE CONSULATE OF YOUR HOME COUNTRY OF YOUR ARREST.

IF YOU ARE RELEASED ON BOND, THE FOLLOWING BOND CONDITIONS WILL APPLY TO ALL OF YOU:

YOU SHALL NOT COMMIT ANY FEDERAL, STATE OR LOCAL CRIME.

YOU SHALL NOT ENTER THE COUNTRY OF MEXICO.

YOU SHALL NOT POSSESS OR USE ANY NARCOTIC, DRUG OR CONTROLLED SUBSTANCE WITHOUT A LAWFUL MEDICAL PRESCRIPTION.

YOU SHALL NOT POSSESS ANY FIREARM, DANGEROUS WEAPON OR DESTRUCTIVE DEVICE.

YOU SHALL REPORT TO PRETRIAL SERVICES FOR SUPERVISION.

AND YOU MUST READ OR HAVE READ TO YOU AND ACKNOWLEDGE UNDERSTANDING OF THE ADVICE OF PENALTIES AND SANCTIONS FORM.

NOW, IN TERMS OF THE FINANCIAL CONDITION OF EACH OF YOUR BONDS, MY TENTATIVE RULING WILL BE FOR INDIVIDUALS WITH NO CRIMINAL OR IMMIGRATION HISTORY, I WILL SET A $500 CASH OR CORPORATE SURETY BOND.

FOR ALL OF THESE INDIVIDUALS, THERE WILL BE A TRAVEL RESTRICTION TO THE SOUTHERN DISTRICT, AND THEY ARE TO RESIDE AT A RESIDENCE APPROVED BY PRETRIAL SERVICES.

NOW, BEGINNING WITH ANGELICA MARIA DIMAS-AVILA. THIS INDIVIDUAL HAS ONE PRIOR DEPORT FROM JUNE OF THIS YEAR. NO CRIMINAL HISTORY.

WHAT IS THE GOVERNMENT'S RECOMMENDATION?

MR. WONG: WE'RE ASKING FOR A $3,000 BOND, YOUR HONOR.

THE COURT: ALL RIGHT. THANK YOU.

MS. CLARK: THANK YOU, YOUR HONOR.

FIRST, FOR MS. DIMAS, I OBJECT UNDER RULE 5, YOUR HONOR. MS. DIMAS WAS ARRESTED FRIDAY MORNING AT 9:10 IN THE MORNING, AND SHE -- PIMENTEL IS THE NINTH CIRCUIT CASE THAT CONTROLS HERE. AND IT SAYS ANY INDIVIDUAL WHO IS ARRESTED BEFORE 10:00 A.M. SHOULD COME TO COURT ON THE SAME DAY.

THE COURT: AS I INDICATED, IF YOU'RE REQUESTING DISMISSAL, I'M NOT GOING TO ENTERTAIN ORAL MOTIONS; SO YOU'RE GOING TO NEED TO MAKE A WRITTEN MOTION.

MS. CLARK: THANK YOU, YOUR HONOR.

I BELIEVE THAT THE RULE 5 REMEDY IS SUPPRESSION OF STATEMENTS. I BRING THIS UP, THOUGH, TO -- I WOULD ASK FOR DISMISSAL BASED ON THE SYSTEMIC PROBLEMS WITH STREAMLINE COURT AND RULE 5, BUT I UNDERSTAND THE COURT'S RULING.

IN THIS CASE, THAT DELAY IN BRINGING HER TO COURT CAUSED EXTRA PREJUDICE TO MS. DIMAS, AND THAT'S WHY I BRING THIS TO THE COURT'S ATTENTION NOW. SHE WAS ARRESTED FRIDAY MORNING EARLY IN THE MORNING. AND SHE HAS ASTHMA AND HER -- SHE HAD HER MEDICATION WITH HER, HER INHALER WITH HER, AND IT WAS TAKEN FROM HER.

AT SEVERAL POINTS OVER THE WEEKEND -- SHE WAS THERE ALL DAY FRIDAY, FRIDAY NIGHT, ALL DAY SATURDAY, SATURDAY NIGHT, ALL DAY SUNDAY, SUNDAY NIGHT AND ONLY BROUGHT TO COURT THIS MORNING -- SHE ASKED FOR HER INHALER SEVERAL TIMES BECAUSE SHE COULDN'T BREATHE AND SHE WAS DENIED ACCESS TO THAT MEDICATION.

THE COURT: OKAY. BUT WHAT ARE YOU REQUESTING? I'M HAPPY TO RECOMMEND THAT SHE BE PROVIDED WITH HER INHALER. IN FACT, I THINK SHE MUST BE PROVIDED WITH HER INHALER IF SHE SUFFERS FROM ASTHMA.

BUT I'M ASKING ABOUT BAIL. SO WOULD YOU ADDRESS

BAIL.

MS. CLARK: THANK YOU, YOUR HONOR.

I THINK THE COURT CAN TAKE THOSE CONDITIONS INTO CONSIDERATION WHEN SETTING BAIL. BUT I ALSO -- IF THE COURT COULD INCLUDE IN THE MINUTE ENTRY THAT SHE GET THAT MEDICAL TREATMENT, BECAUSE UNFORTUNATELY IT'S HAPPENING AT A DELAYED RATE SOMETIMES IF IT'S NOT UNLESS THE MINUTE ENTRY.

SO TURNING TO BAIL. WITH ALL OF THOSE FACTORS IN MIND, SHE DOES -- OR ALL THOSE ISSUES IN MIND, SHE HAS AN AUNT WHO LIVES IN THE LOS ANGELES AREA, BUT SHE HERSELF EARNS -- OR WORKS MAKING TORTILLAS AND EARNS AN EXTREMELY MODEST INCOME, SO ANY FINANCIAL CONDITION WOULD BE A HARDSHIP ON HER FAMILY.

SO I WOULD ASK FOR A $600 CASH BOND, YOUR HONOR.

THE COURT: ALL RIGHT. THANK YOU.

THE COURT IS GOING TO REQUIRE A $750 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS I'VE PREVIOUSLY INDICATED.

AND I WILL PUT IN THE MINUTE ORDER THAT THE MARSHALS ARE TO ADVISE THE CORRECTIONS OFFICER IN CHARGE OF WHATEVER FACILITY THIS INDIVIDUAL IS BEING KEPT IN THAT SHE NEEDS HER ASTHMA INHALER. AND I'M GOING TO WANT TO KNOW THE STATUS OF THAT BY THE DATE OF HER STATUS CONFERENCE, IF NOT SOONER.

SO YOU'LL GET ON THAT; RIGHT?

MS. CLARK: I'LL FOLLOW UP AS WELL, YOUR HONOR.

THANK YOU.

THE COURT: ALL RIGHT. THANK YOU VERY MUCH.

ALL RIGHT. MARTIN HERNANDEZ-MENA. THERE IS ONE PRIOR MISDEMEANOR CONVICTION FOR ILLEGAL ENTRY FROM OCTOBER OF 2017 OUT OF ARIZONA AND FOUR PRIOR DEPORTS, THE MOST RECENT OF WHICH IS FROM DECEMBER OF 2017.

WHAT IS THE UNITED STATES' RECOMMENDATION?

MR. WONG: WE'RE ASKING FOR A $3500 BOND, YOUR HONOR.

THE COURT: ALL RIGHT. THANK YOU.

MS. CLARK: THANK YOU, YOUR HONOR.

I WOULD ASK FOR MR. HERNANDEZ A $700 CASH BOND. I REALIZE THAT HE DOES HAVE CRIMINAL HISTORY, BUT IT'S EXTREMELY MINOR, JUST THAT SOLE MISDEMEANOR. AND HIS IMMIGRATION HISTORY IS ALSO EXTREMELY MINOR, FOR THIS DISTRICT IN PARTICULAR.

HE HAS FRIENDS WHO LIVE IN FLORIDA. I REALIZE IT'S A LITTLE FAR, BUT THEY MIGHT BE ABLE TO HELP OUT. SO I WOULD ASK FOR A $700 CASH BOND.

THE COURT: ALL RIGHT. THANK YOU.

THE COURT IS GOING TO REQUIRE A $1,000 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS THAT I PREVIOUSLY INDICATED.

RAMSES CRUZ-GODOY.

MS. MORGAN: YOUR HONOR, HE'S IN THE NAVY

SWEATSHIRT.

THE COURT: ALL RIGHT. AND HE HAS ONE PRIOR CONVICTION FROM SEPTEMBER 4 OF THIS YEAR OUT OF PHOENIX, ARIZONA, A MISDEMEANOR ILLEGAL ENTRY. HE WAS DEPORTED SEPTEMBER 4 OF THIS YEAR.

WHAT'S THE GOVERNMENT'S RECOMMENDATION?

MR. WONG: $3500, YOUR HONOR.

MS. MORGAN: YOUR HONOR, I WOULD ASK FOR A $750 BOND. I THINK HE SHOULD BE TREATED THE SAME AS INDIVIDUALS WITH ONE PRIOR REMOVAL. THAT CONVICTION AND DEPORTATION WAS THE RESULT OF A SAME-DAY STREAMLINE PROCESS, SO I'M NOT SURE THAT HE REALLY UNDERSTOOD THE MAGNITUDE OF WHAT HAD HAPPENED.

HE DOES NOW. BUT I DO THINK THAT TREATING HIM IDENTICALLY TO INDIVIDUALS WHO JUST HAVE A PRIOR REMOVAL SEEMS FAIR GIVEN THE MINORITY OF A 1325 CONVICTION.

THE COURT: THE COURT IS GOING TO REQUIRE A $750 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS THAT I PREVIOUSLY INDICATED.

ANDRES HERNANDEZ-JAIMES. THIS GENTLEMAN HAS A MISDEMEANOR CONVICTION FROM MARCH OF 2016 OUT OF HOUSTON, TEXAS FOR UNLAWFUL CARRYING OF A WEAPON AND ONE PRIOR DEPORT IN OCTOBER OF 2016.

WHAT IS THE UNITED STATES' RECOMMENDATION?

MR. WONG: $3500, YOUR HONOR.

THE COURT: THANK YOU.

MS. SANDOVAL: YOUR HONOR, I'M ASKING THAT THE COURT SET A $750 CASH OR CORPORATE SURETY BOND FOR MR. HERNANDEZ-JAIMES. HE'S 25 YEARS OLD. I RECOGNIZE HE DOES HAVE ONE PRIOR DEPORTATION AND A MISDEMEANOR CONVICTION. HOWEVER, THAT CONVICTION IS FROM 2016, AND HE ONLY RECEIVED FOUR DAYS IN JAIL FOR THAT CONVICTION.

HE HAS TIES TO THE UNITED STATES, STRONG TIES. HE HAS A SISTER IN HOUSTON, AS WELL AS AUNTS, UNCLES, COUSINS IN AUSTIN, TEXAS AND IN NORTH CAROLINA. HE ALSO HAS A GRANDMOTHER. SHE'S A LAWFUL PERMANENT RESIDENT AND SHE LIVES IN NORTH CAROLINA.

THE COURT: ALL RIGHT. THANK YOU.

THE COURT IS GOING TO REQUIRE A $1,000 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS AS PREVIOUSLY INDICATED.

MARCO ANTONIO BARRON-GONZALEZ. THIS INDIVIDUAL HAS ONE PRIOR DEPORT FROM SEPTEMBER 4 OF THIS YEAR.

WHAT IS THE GOVERNMENT'S RECOMMENDATION?

MR. WONG: $3,000, YOUR HONOR.

MS. SANDOVAL: YOUR HONOR, I ASK FOR A $750 CASH OR CORPORATE SURETY BOND. MR. BARRON-GONZALEZ IS YOUNG. HE'S 22 YEARS OLD. HE HAS NO PRIOR CONVICTIONS.

I RECOGNIZE HE HAS A PRIOR REMOVAL, BUT HE ALSO HAS REALLY STRONG TIES TO THE UNITED STATES. HE HAS A UNITED STATES CITIZEN SISTER IN NORTH CAROLINA AND AN UNCLE IN

SALINAS, CALIFORNIA.

THE COURT: ALL RIGHT. THANK YOU.

THE COURT IS GOING TO REQUIRE A $750 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS AS PREVIOUSLY STATED.

OTILIO JUAREZ-DE LA ROSA. THIS INDIVIDUAL HAS A MISDEMEANOR ILLEGAL ENTRY OUT OF ARIZONA FROM NOVEMBER OF 2011 AND A SECOND MISDEMEANOR ILLEGAL ENTRY OUT OF ARIZONA FROM JUNE OF 2012. HE HAS FOUR PRIOR DEPORTS, THE MOST RECENT OF WHICH IS FROM DECEMBER OF 2013.

WHAT IS THE UNITED STATES' POSITION?

MR. WONG: WE'RE ASKING FOR $3500, YOUR HONOR.

THE COURT: ALL RIGHT. THANK YOU.

MS. SANDOVAL: YOUR HONOR, I ASK THAT THE COURT SET A $1,000 CASH OR CORPORATE SURETY BOND, WHICH IS AN INCREMENTAL -- IT'S AN INCREASE FROM THE COURT'S TENTATIVE OF $500 OR $750 FOR CLIENTS THAT HAVE SOME IMMIGRATION HISTORY.

MR. JUAREZ-DE LA ROSA IS 34 YEARS OLD. I RECOGNIZE HE HAS SOME MISDEMEANOR CONVICTIONS, BUT THEY ARE ONLY ILLEGAL ENTRY CONVICTIONS. HE'S OF LIMITED MEANS, WORKING AS A FIELD WORKER AND FISHERMAN, EARNING SEVERAL HUNDRED DOLLARS A MONTH. AND WITH THAT INCOME, HE SUPPORTS HIS CHILDREN.

BASED ON THAT, YOUR HONOR, I BELIEVE THAT THE RECOMMENDATION IS APPROPRIATE.

THE COURT: ALL RIGHT. THANK YOU.

THE COURT IS GOING TO REQUIRE A $1,000 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS AS PREVIOUSLY INDICATED.

MS. SANDOVAL:  THANK YOU.

THE COURT:  THANK YOU.

ABRAHAM BANDA.  ALL RIGHT.  MR. BANDA HAS A RAP SHEET THAT DATES BACK TO 1998 WITH A THREATENING CRIME WITH INTENT TO TERRORIZE; A MISDEMEANOR FOR BEING A FELON IN POSSESSION OF A FIREARM FROM 2002 OUT OF FRESNO; A FELONY DRUG CONVICTION OUT OF FRESNO FROM 2003; A SECOND FELONY CONVICTION FOR POSSESSION OF A FIREARM FROM FEBRUARY OF 2003; A FELONY CONVICTION FOR EVADING THE POLICE.  THIS IS ALSO FROM FEBRUARY OF 2003.  AND RECEIPT OF STOLEN PROPERTY FROM NOVEMBER OF 2006 AND A FELONY 1326 FROM AUGUST 2011.  HE HAS FIVE PRIOR DEPORTATIONS.

WHAT IS THE UNITED STATES' POSITION?

MR. WONG:  WE'RE ASKING FOR $4,000, YOUR HONOR.

THE COURT:  ALL RIGHT.  THANK YOU.

MS JINDAL:  GOOD AFTERNOON, YOUR HONOR.  FOR THE RECORD, AMRUTHA JINDAL, FEDERAL DEFENDERS, ON BEHALF OF MR. BANDA.

THE COURT:  THANK YOU.

MS. JINDAL:  FOR MR. BANDA'S CASE, I'M REQUESTING A BOND IN THE AMOUNT OF $1,000 CASH OR CORPORATE SURETY BOND.

I WOULD NOTE THAT MR. BANDA, HIS LAST CONVICTION WAS

IN 2011. FROM SPEAKING WITH HIM PRIOR TO COURT, HE INDICATED THAT SEVERAL MEMBERS OF HIS FAMILY ARE U.S. CITIZENS, INCLUDING HIS MOTHER AND HIS FATHER.

AND I WOULD NOTE FOR THE RECORD THAT HE PREVIOUSLY WAS CHARGED WITH IMMIGRATION OFFENSES, I THINK IN 2012 AND 2013. HE WAS REPRESENTED BY OUR OFFICE, AND THOSE CASES WERE DISMISSED. AND I DON'T KNOW THE NATURE -- THE REASONS FOR THE DISMISSAL. IT COULD BE THAT THERE IS A CLAIM FOR DERIVATIVE CITIZENSHIP OR SOME OTHER ISSUE WITH HIS IMMIGRATION FILE.

BUT IN LIGHT OF THE FACT THAT THOSE CASES WERE DISMISSED, AND THAT HE DOESN'T HAVE ANY CONVICTIONS SINCE 2011, I THINK $1,000 CASH OR CORPORATE SURETY BOND WOULD BE SUFFICIENT.

THE COURT: ALL RIGHT. THANK YOU.

I THINK IN THIS CASE, IN LIGHT OF THE FAIRLY SIGNIFICANT CRIMINAL HISTORY, THAT A HIGHER BOND IS APPROPRIATE. THE COURT IS GOING TO REQUIRE A $2500 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS THAT I'VE PREVIOUSLY INDICATED.

ALL RIGHT. FOR JAIME EDGARDO ALVARADO-DIAZ. HE HAS NO PRIOR IMMIGRATION OR CRIMINAL HISTORY. MY TENTATIVE IS A $500 CASH OR CORPORATE SURETY BOND.

MR. MORELL: SUBMIT, YOUR HONOR.

THE COURT: ALL RIGHT. THANK YOU.

MR. WONG: WE WOULD ASK FOR $2500, YOUR HONOR.

THE COURT: ALL RIGHT. THE COURT IS GOING TO REQUIRE A $500 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS THAT I PREVIOUSLY INDICATED.

GENTLEMEN, I HAVE PUT EACH OF YOU ON MY CALENDAR FOR FRIDAY MORNING AT 10 O'CLOCK IN THE MORNING FOR A STATUS HEARING. HOWEVER, AS I'VE ADVISED YOUR ATTORNEYS, IF YOU WANT TO ENTER A PLEA, THAT CAN BE DONE ANY DAY, ANY MORNING OF THIS WEEK. THEY JUST NEED TO CALL MY COURTROOM DEPUTY.

SO THANK YOU VERY MUCH. THAT'S ALL TODAY.

MS. MORGAN: YOUR HONOR, CAN WE EXPECT THE SAME PROTOCOL ALL WEEK IN TERMS OF CALLING ALL THE INITIAL APPEARANCES? JUST SO I KNOW HOW TO TELL MY CLIENTS.

THE COURT: YES. YOU MAY EXPECT THE SAME PROTOCOL ALL WEEK, YOU KNOW, THIS WEEK. I CAN'T SAY ANYTHING FOR NEXT WEEK.

MS. MORGAN: I TAKE EACH DAY AS IT COMES, YOUR HONOR. THANK YOU.

THE COURT: OKAY.

THE CLERK: CALLING MATTERS 46 THROUGH 51.

COUNSEL, AS I CALL YOUR CASE, PLEASE STATE YOUR APPEARANCE FOR THE RECORD.

MATTER NO. 46, 18MJ21461-NLS, THE UNITED STATES OF AMERICA VERSUS FIDENCIO FLORES-SESMO.

MR. MORELL: FRANK MORELL APPEARING FOR MR. FLORES.

HE'S IN CUSTODY.

THE COURT: THANK YOU.

THE CLERK: 47, 18MJ21474-NLS, THE UNITED STATES OF AMERICA VERSUS GABRIEL FRANCO-LOPEZ.

MR. MORELL: GOOD AFTERNOON, YOUR HONOR. FRANK MORELL ONCE AGAIN FOR MR. FRANCO-LOPEZ, WHO IS IN CUSTODY.

THE COURT: THANK YOU.

THE CLERK: 48, 18MJ21487-NLS, THE UNITED STATES OF AMERICA VERSUS JAVIER ESCOBAR-ALVAREZ.

MR. MORELL: AND FRANK MORELL FOR MR. ESCOBAR-ALVAREZ, WHO ALSO IS IN CUSTODY.

THE COURT: THANK YOU.

THE CLERK: 49, 18MJ21449-NLS, THE UNITED STATES OF AMERICA VERSUS MARCO ROSALES-DE LA CRUZ.

MR. NIETOR: GOOD MORNING, YOUR HONOR. ANDREW NIETOR ON BEHALF OF MR. ROSALES.

THE COURT: GOOD AFTERNOON.

THE CLERK: 50, 18MJ21462-NLS, THE UNITED STATES OF AMERICA VERSUS FERNANDO PICHARDO-GONZALEZ.

MR. NIETOR: ANDREW NIETOR ON BEHALF OF MR. PICHARDO.

THE COURT: THANK YOU.

THE CLERK: AND 51, 18MJ21475-NLS, THE UNITED STATES OF AMERICA VERSUS HUGO ALBERTO BARRAGAN-ANDRADE.

MR. NIETOR: ANDREW NIETOR ON BEHALF OF

MR. BARRAGAN.

THE COURT: THANK YOU.

MR. MORELL: YOUR HONOR, MAY I PLEASE SPEAK BRIEFLY WITH MY THREE CLIENTS ABOUT THE POSSIBILITY OF HAVING THE SENTENCING DELAYED UNTIL TOMORROW OR THE DAY AFTER?

THE COURT: SURE.

MR. MORELL: THANK YOU, YOUR HONOR.

(ATTORNEY/CLIENT CONFERENCE.)

MR. MORELL: THANK YOU, YOUR HONOR.

THE COURT: YOU'RE WELCOME.

ALL RIGHT. MAY I ASK FOR OUR INTERPRETER TO CONFIRM THAT EACH OF THESE GENTLEMEN SPEAKS SPANISH.

THE INTERPRETER: I HAVE, YOUR HONOR. AND THEY ALL DO.

THE COURT: ALL RIGHT. AND GENTLEMEN, ARE ALL OF YOU AT LEAST 18 YEARS OLD?

THE INTERPRETER: YES AS TO ALL.

THE COURT: ALL RIGHT. THEN EACH OF YOU IS HERE THIS AFTERNOON BECAUSE YOU'VE BEEN CHARGED BY WAY OF A CRIMINAL COMPLAINT WITH MISDEMEANOR ILLEGAL ENTRY. THIS CHARGE CARRIES MAXIMUM PENALTIES OF SIX MONTHS IN PRISON, A $5,000 FINE AND A $10 PENALTY ASSESSMENT.

YOU ARE NOT REQUIRED TO MAKE ANY STATEMENT ABOUT YOUR CASE TODAY, AND I CAUTION YOU IF YOU WERE TO MAKE A STATEMENT, IT MIGHT LATER BE USED AGAINST YOU.

YOU HAVE THE RIGHT TO BE REPRESENTED BY AN ATTORNEY THROUGHOUT THE PROCEEDINGS. IF YOU CANNOT AFFORD TO HIRE AN ATTORNEY, THE COURT WILL APPOINT ONE TO REPRESENT YOU AT NO COST TO YOU. IN FACT, THE COURT HAS ALREADY APPOINTED AN ATTORNEY TO REPRESENT YOU.

YOU HAVE THE RIGHT TO TRIAL, JUDGMENT AND SENTENCING BEFORE A MAGISTRATE JUDGE.

AND UNLESS THE GOVERNMENT PROVES THAT YOU'RE EITHER DANGEROUS OR LIKELY TO FLEE AND NOT SHOW UP FOR COURT, YOU ALSO HAVE THE RIGHT TO HAVE THE COURT SET REASONABLE CONDITIONS FOR YOUR RELEASE FROM CUSTODY.

YOU ALSO HAVE THE RIGHT TO REQUEST THAT THE UNITED STATES GOVERNMENT ADVISE THE CONSULATE OF YOUR HOME COUNTRY OF YOUR ARREST.

UNLESS THE GOVERNMENT PROVES THAT YOU'RE EITHER DANGEROUS OR LIKELY TO FLEE AND NOT SHOW UP FOR COURT, YOU ALSO HAVE THE RIGHT TO HAVE THE COURT SET REASONABLE CONDITIONS FOR YOUR RELEASE FROM CUSTODY.

IF YOU ARE RELEASED FROM CUSTODY, THE FOLLOWING CONDITIONS WILL APPLY TO ALL OF YOU:

YOU SHALL NOT COMMIT ANY FEDERAL, STATE OR LOCAL CRIME.

YOU SHALL NOT ENTER THE COUNTRY OF MEXICO.

YOU SHALL NOT POSSESS OR USE ANY NARCOTIC, DRUG OR CONTROLLED SUBSTANCE WITHOUT A LAWFUL MEDICAL PRESCRIPTION.

YOU SHALL NOT POSSESS ANY FIREARM, DANGEROUS WEAPON OR DESTRUCTIVE DEVICE.

YOU SHALL REPORT TO PRETRIAL SERVICES FOR SUPERVISION.

YOU MUST READ OR HAVE READ TO YOU AND ACKNOWLEDGE UNDERSTANDING OF THE ADVICE OF PENALTIES AND SANCTIONS FORM.

AND UNLESS OTHERWISE INDICATED, THERE WILL BE A TRAVEL RESTRICTION TO THE SOUTHERN DISTRICT, AND YOU ARE TO RESIDE WITH OR AT A RESIDENCE APPROVED BY PRETRIAL SERVICES.

WITH REGARD TO A FINANCIAL CONDITION FOR THE BOND, MY TENTATIVE WILL BE A $500 CASH OR CORPORATE SURETY BOND FOR THOSE INDIVIDUALS WHO HAVE NO CRIMINAL HISTORY AND NO IMMIGRATION HISTORY.

SO BEGINNING WITH FIDENCIO FLORES-SESMO. THIS INDIVIDUAL HAS ONE PRIOR DEPORT FROM SEPTEMBER 1ST OF THIS YEAR.

WHAT IS THE UNITED STATES' RECOMMENDATION?

MR. WONG: WE'RE ASKING FOR A $3,000 CASH OR CORPORATE SURETY BOND.

THE COURT: ALL RIGHT. THANK YOU.

MR. MORELL.

MR. MORELL: YOUR HONOR, MR. FLORES-SESMO IS 21 YEARS OLD. HE GRADUATED FROM HIGH SCHOOL AND WAS ATTENDING THE UNIVERSITY LEARNING HOW TO BE A CHEMIST. AND HE COMPLETED TWO YEARS AT THE UNIVERSITY.

70

HE SIMPLY CAME TO THE UNITED STATES TO WORK. HE DID NOT HAVE ENOUGH MONEY TO CONTINUE HIS EDUCATION. HE IS SINGLE. NO CHILDREN. AND HAD BEEN WORKING AT A SUPERMARKET BASICALLY BARELY EKING OUT A LIVING IN MEXICO. AND HIS REASON FOR COMING HERE WAS SIMPLY TO WORK SO HE COULD CONTINUE HIS STUDIES.

THE COURT: ALL RIGHT.

MR. MORELL: AND I WOULD ASK FOR THE MINIMUM, YOUR HONOR. I'LL ASK FOR 500.

THE COURT: ALL RIGHT. THANK YOU.

THE COURT IS GOING TO REQUIRE A $750 CASH OR CORPORATE SURETY BOND AND ALL THE OTHER CONDITIONS AS PREVIOUSLY INDICATED.

GABRIEL FRANCO-LOPEZ. MR. FRANCO-LOPEZ HAS NO PRIOR DEPORTS AND NO IMMIGRATION HISTORY. THE COURT'S TENTATIVE WOULD BE A $500 CASH OR CORPORATE SURETY BOND.

WHAT'S THE GOVERNMENT'S RECOMMENDATION?

MR. WONG: $2500, YOUR HONOR.

MR. MORELL: SUBMIT ON THE 500, YOUR HONOR.

THE COURT: THANK YOU.

THE COURT WILL REQUIRE A $500 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS AS PREVIOUSLY INDICATED.

JAVIER ESCOBAR-ALVAREZ. MR. ESCOBAR-ALVAREZ HAS A RAP SHEET THAT DATES BACK TO JUNE OF 2016 WITH A MISDEMEANOR FOR FAILING TO PRESENT A DRIVER'S LICENSE; A MISDEMEANOR

CONVICTION FOR RECKLESS DRIVING FROM NOVEMBER OF 2014; A RECKLESS DRIVING MISDEMEANOR FROM NOVEMBER 2015, AND A MISDEMEANOR ILLEGAL ENTRY CONVICTION FROM MAY OF THIS YEAR OUT OF THE SOUTHERN DISTRICT OF TEXAS. HIS MOST RECENT DEPORTATION WAS FEBRUARY OF 2016.

WHAT IS THE UNITED STATES'S RECOMMENDATION FOR THIS INDIVIDUAL?

MR. WONG: WE RECOMMEND $3500, YOUR HONOR.

THE COURT: OKAY.

MR. MORELL: YOUR HONOR, VERY BRIEFLY. MR. JAVIER ESCOBAR WAS CONVICTED OUT OF OREGON FOR BASICALLY DRIVING OFFENSES. HE ENTERED THE UNITED STATES FOR THE FIRST TIME IN 2008. BY 2015 AND '16, HE WAS ELIGIBLE FOR DACA. I DO NOT KNOW WHY HE DID NOT APPLY FOR DACA BECAUSE HE WOULD HAVE BEEN ABLE TO MAKE IT AT THAT TIME, NOT HAVING HAD YET TWO CONVICTIONS FOR MISDEMEANORS.

AND SO I DON'T UNDERSTAND THE DYNAMICS OF THE SITUATION, BUT HE HAS BEEN IN THE UNITED STATES FOR A LONG, LONG TIME. I REPEAT, HE WAS HERE WHEN HE WAS 15 YEARS OF AGE AND BASICALLY WAS DEPORTED ON WHAT ARE CONSTITUTING DRIVING OFFENSES IN THE UNITED STATES.

YOUR HONOR, I -- HE CAME TO THE UNITED STATES BECAUSE HE'S EAGER TO GO BACK HOME. HIS WIFE, ILIANA, HAS AN EIGHT-MONTH-OLD BABY. SHE CANNOT -- AND HE CANNOT CARE FOR THEM. HE CAME TO THE UNITED STATES ESSENTIALLY TO WORK

AGAIN. AND HE SPEAKS ENGLISH FAIRLY WELL AND IS QUITE WELL-VERSED WITH THE WHOLE AREA IN OREGON. HE'S BEEN ALL OVER THE PLACE.

THE COURT: ALL RIGHT. THANK YOU.

MR. MORELL: I WOULD ASK FOR THE MINIMUM, YOUR HONOR, THAT IS FOR 500.

THE COURT: ALL RIGHT. THANK YOU.

THE COURT IS GOING TO REQUIRE A $1,000 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS AS PREVIOUSLY INDICATED.

MARCO ROSALES-DE LA CRUZ. MR. ROSALES-DE LA CRUZ HAS A RAP SHEET THAT DATES BACK TO JUNE OF 1996. HE HAS A MISDEMEANOR CONVICTION FOR FIGHTING IN PUBLIC; A BATTERY CONVICTION FROM 1997; A BATTERY ON A SPOUSE FROM 1999; INFLICTING CORPOREAL INJURY ON A SPOUSE MISDEMEANOR FROM 2005; DRIVING WITHOUT A LICENSE FROM 2009; A MISDEMEANOR BATTERY FROM 2015; A MISDEMEANOR SELLING LIQUOR TO A MINOR FROM 2017, AND A PROBATION VIOLATION OUT OF FULLERTON FROM OCTOBER 2017. HE HAS FOUR PRIOR DEPORTS, THE MOST RECENT OF WHICH IS FROM SEPTEMBER 2, 2018.

WHAT IS THE UNITED STATES' RECOMMENDATION?

MR. WONG: IN THIS CASE, YOUR HONOR, WE'RE ASKING FOR A $4,000 CASH OR CORPORATE SURETY BOND.

THE COURT: ALL RIGHT. THANK YOU.

MR. NIETOR: YOUR HONOR, WE'RE REQUESTING A $1,000

CASH OR CORPORATE SURETY BOND. MR. ROSALES DOES HAVE CRIMINAL HISTORY, BUT THEY ARE ALL MISDEMEANOR OFFENSES, AND MANY RELATED TO EITHER DOMESTIC DISTURBANCE, DOMESTIC VIOLENCE. HE DID SEPARATE FROM HIS WIFE THREE YEARS AGO, AND THAT WOULD CORRESPOND TO THE LAST TIME THAT HE HAD THAT RELATED OFFENSE IN 2015.

HE DOES HAVE STRONG TIES IN THE UNITED STATES. HE CAME WHEN HE WAS 15 YEARS OLD FOR THE FIRST TIME. HE HAS THREE UNITED STATES CITIZEN CHILDREN, TWO SIBLINGS WHO ARE LEGAL PERMANENT RESIDENTS AND TWO PARENTS WHO ARE UNITED STATES CITIZENS IN THE LOS ANGELES AREA.

SO, AGAIN, WE WOULD REQUEST A $1,000 CASH OR CORPORATE SURETY AND THAT TRAVEL BE EXPANDED TO THE CENTRAL DISTRICT OF CALIFORNIA.

THE COURT: ALL RIGHT. THANK YOU.

THE COURT IS GOING TO REQUIRE A $2,000 CASH OR CORPORATE SURETY BOND. I WILL EXPAND THE TRAVEL RESTRICTION TO INCLUDE CENTRAL DISTRICT OF CALIFORNIA. ALL OF THE OTHER CONDITIONS AS PREVIOUSLY STATED WILL APPLY.

FERNANDO PICHARDO-GONZALEZ. MR. PICHARDO HAS NO PRIOR IMMIGRATION OR CRIMINAL HISTORY. THE COURT'S TENTATIVE WOULD BE A $500 CASH OR CORPORATE SURETY BOND.

MR. NIETOR: WE WOULD SUBMIT, YOUR HONOR.

MR. WONG: WE WOULD ASK FOR $2500, YOUR HONOR.

THE COURT: OKAY. THE COURT WILL REQUIRE A $500

CASH OR CORPORATE SURETY.  ALL OTHER CONDITIONS AS PREVIOUSLY STATED WILL APPLY.

HUGO ALBERTO BARRAGAN-ANDRADE.  MR. BARRAGAN-ANDRADE HAS NO PRIOR CRIMINAL HISTORY AND NO PRIOR IMMIGRATION HISTORY.  THE COURT'S TENTATIVE WOULD BE $500 CASH OR CORPORATE SURETY.

MR. WONG:  AND WE WOULD ASK FOR $2500, YOUR HONOR.

THE COURT:  OKAY.  THANK YOU.

THE COURT WILL REQUIRE A $500 CASH OR CORPORATE SURETY BOND AND THE OTHER CONDITIONS AS PREVIOUSLY NOTED.

GENTLEMEN, I'M GOING TO PUT EACH OF YOUR CASES ON FOR A STATUS HEARING IN MY COURT ON FRIDAY MORNING AT 10 O'CLOCK.  BUT AS I'VE INDICATED TO YOUR ATTORNEYS, YOU CAN REQUEST A DISPOSITION DATE ANY OTHER DAY ANY OTHER MORNING OF THIS WEEK.

SO THANK YOU VERY MUCH.  THAT'S ALL FOR TODAY.

THE CLERK:  RE-CALLING MATTER NO. 38, 18MJ21459-NLS, THE UNITED STATES OF AMERICA VERSUS EVA RAMIREZ-JIMENEZ.

MS. CLARK:  GOOD AFTERNOON AGAIN, YOUR HONOR. LAUREN CLARK, FEDERAL DEFENDERS, FOR MS. RAMIREZ-JIMENEZ.

THE COURT:  GOOD AFTERNOON.

MS. CLARK:  SHE'LL BE ASSISTED BY THE MIXTECO LANGUAGE INTERPRETER.

THE COURT:  YES.  THANK YOU.

GOOD AFTERNOON.

ALL RIGHT. MAY I ASK OUR MIXTECO INTERPRETER TO CONFIRM THAT MS. RAMIREZ-JIMENEZ IS ABLE TO UNDERSTAND YOU.

THE INTERPRETER: YES.

THE COURT: ALL RIGHT. MS. RAMIREZ-JIMENEZ, YOU ARE HERE TODAY BECAUSE YOU'VE BEEN CHARGED WITH THE MISDEMEANOR CRIME OF ILLEGAL ENTRY. THIS CRIME CARRIES MAXIMUM PENALTIES OF SIX MONTHS IN PRISON, A $5,000 FINE AND A $10 SPECIAL ASSESSMENT.

YOU ARE NOT REQUIRED TO MAKE ANY STATEMENT ABOUT YOUR CASE TODAY, AND I CAUTION YOU IF YOU WERE TO MAKE A STATEMENT, IT MIGHT LATER BE USED AGAINST YOU.

YOU HAVE THE RIGHT TO BE REPRESENTED BY AN ATTORNEY THROUGHOUT THE PROCEEDINGS. THAT ATTORNEY IS BEING PROVIDED TO YOU AT NO COST TO YOU.

YOU HAVE THE RIGHT TO TRIAL, JUDGMENT AND SENTENCING BEFORE A MAGISTRATE JUDGE.

UNLESS THE GOVERNMENT PROVES THAT YOU ARE EITHER DANGEROUS OR LIKELY TO FLEE AND NOT SHOW UP FOR COURT, YOU HAVE THE RIGHT TO HAVE THE COURT SET REASONABLE CONDITIONS FOR YOUR RELEASE FROM CUSTODY.

IF YOU ARE RELEASED FROM CUSTODY, THE FOLLOWING STANDARD CONDITIONS OF BAIL WILL APPLY TO YOU:

YOU SHALL NOT COMMIT ANY FEDERAL, STATE OR LOCAL CRIME.

YOU SHALL NOT ENTER THE COUNTRY OF MEXICO.

COMPUTER-AIDED TRANSCRIPTION

YOU SHALL NOT POSSESS OR USE ANY NARCOTIC, DRUG OR CONTROLLED SUBSTANCE WITHOUT A LAWFUL MEDICAL PRESCRIPTION.

YOU SHALL NOT POSSESS ANY FIREARM, DANGEROUS WEAPON OR DESTRUCTIVE DEVICE.

YOU SHALL REPORT TO PRETRIAL SERVICES FOR SUPERVISION.

AND YOU MUST READ OR HAVE READ TO YOU AND ACKNOWLEDGE UNDERSTANDING OF THE ADVICE OF PENALTIES AND SANCTIONS FORM.

ADDITIONAL CONDITIONS OF YOUR BOND WILL BE A TRAVEL RESTRICTION TO THE SOUTHERN DISTRICT OF CALIFORNIA, AND YOU ARE TO RESIDE WITH A FAMILY MEMBER OR OTHER RESIDENCE APPROVED BY PRETRIAL SERVICES.

THE COURT HAS A RAP SHEET SUMMARY CHART. IT INDICATES THAT MS. RAMIREZ HAS NO CRIMINAL HISTORY OR IMMIGRATION HISTORY. THE COURT'S TENTATIVE WOULD BE A CASH OR CORPORATE SURETY BOND OF $500.

MS. CLARK: THANK YOU, YOUR HONOR. I WOULD LIKE TO BE HEARD BRIEFLY, GIVEN THE COURT'S TENTATIVE.

I DON'T KNOW IF THE GOVERNMENT WOULD LIKE TO GO FIRST WITH ITS RECOMMENDATION. BUT FOR MS. RAMIREZ, YOUR HONOR, I'M ASKING FOR HER TO BE RELEASED ON HER OWN RECOGNIZANCE. MY UNDERSTANDING IS THAT SHE CURRENTLY HAS A U-VISA. SHE HAS THREE UNITED STATES CITIZEN CHILDREN. WITH HER VISA, SHE WAS WORKING IN SAN MARCOS, CALIFORNIA. SO I

WOULD ASK THE COURT TO CONSIDER AN O.R. -- HER TO BE RELEASED ON HER OWN RECOGNIZANCE GIVEN THOSE FACTS.

SHE ALSO WAS ARRESTED FRIDAY MORNING AND COULD HAVE COME TO COURT FRIDAY TO GET AN ATTORNEY TO BEGIN WORKING THROUGH THIS PROCESS, AND INSTEAD BECAUSE OF THE SPECIAL RULES IN THIS COURT, SHE WAS KEPT IN THE BORDER PATROL STATION OVER THE WEEKEND WITHOUT ACCESS TO EVEN CALLING HER FAMILY OR GETTING HER IMMIGRATION ATTORNEY INVOLVED.

I HAVE ALREADY REACHED OUT TO HER IMMIGRATION ATTORNEY, AND THEY ARE PREPARED TO SEND OVER DOCUMENTATION TO ME AS SOON AS THEY RECEIVE THE CONSENT FORM THAT I ASKED MS. RAMIREZ TO SIGN A FEW MOMENTS AGO.

THE COURT: ALL RIGHT. WHAT IS THE GOVERNMENT'S RECOMMENDATION?

MR. WONG: OUR RECOMMENDATION IS $2500, YOUR HONOR.

THE COURT: ALL RIGHT. I'M GOING TO SET THE $500 CASH OR CORPORATE SURETY BOND. AND I WOULD ASK THAT YOU GET THAT DOCUMENTATION TO THE UNITED STATES WITH REGARD TO HER -- WAS IT A U-VISA?

MS. CLARK: YES, YOUR HONOR.

THE COURT: OKAY. ALL THE OTHER CONDITIONS WILL APPLY.

MS. RAMIREZ, I HAVE SET A STATUS HEARING FOR YOUR CASE ON FRIDAY MORNING, BUT WE CAN ADVANCE THAT HEARING TO ANY MORNING THIS WEEK DEPENDING ON THE IMMIGRATION

DOCUMENTATION YOU PROVIDE OR IF SHE WANTS TO ENTER A DISPOSITION.

MS. CLARK: THANK YOU, YOUR HONOR.

THE COURT: ALL RIGHT. THANK YOU.

MS. CLARK: AND I'M NOT SURE IF SAN MARCOS IS IN THE SOUTHERN DISTRICT. IN THE EVENT IT'S NOT, COULD WE EXTEND TRAVEL SO THAT IF SHE WERE TO BE RELEASED FROM CUSTODY, SHE WOULD BE ABLE TO GO TO HER HOME.

THE COURT: I DON'T KNOW IF THAT'S CENTRAL DISTRICT OR SOUTHERN DISTRICT. I THINK IT'S SOUTHERN DISTRICT. PRETTY SURE IT'S SOUTHERN DISTRICT.

MS. CLARK: OKAY. I'M NOT FAMILIAR WITH CALIFORNIA GEOGRAPHY. THANK YOU.

THE COURT: OKAY. ALL RIGHT. THANK YOU, MA'AM. THAT'S ALL TODAY.

OKAY. SO HERE IS WHAT WE'RE GOING TO DO NOW. THE COURT IS GOING TO TAKE A VERY BRIEF RECESS, AND THEN I'M GOING TO CONDUCT PLEAS UNTIL 5 O'CLOCK. SO LET MY COURTROOM DEPUTY KNOW WHICH OF YOUR CLIENTS WANTS TO PLEAD TODAY.

THE FAIREST WAY I CAN THINK OF TO DO THAT IS TO DO IT BY CASE NUMBER, WITH THE LOWEST CASE NUMBERS GOING FIRST. AND I KNOW THAT MAY BE INCONVENIENT, BUT I THINK THAT'S THE FAIREST WAY TO GO. AND THEN ANYBODY -- EVERYBODY ELSE CAN GET A PLEA DATE EITHER TOMORROW, WEDNESDAY, THURSDAY OR FRIDAY.

OKAY.  ALL RIGHT.  I'LL BE BACK IN A FEW MINUTES.

(RECESS, 3:21 P.M. TO 3:28 P.M.)

THE CLERK:  CALLING MATTERS 1 THROUGH 4, 9 AND 29 THROUGH 32.

MATTER NO. 1, 18MJ21437-NLS, THE UNITED STATES OF AMERICA VERSUS JUAN CARLOS ALFONZO-RABANALES.

MR. LEMISH:  STEVE LEMISH ON BEHALF OF MR. ALFONZO.  GOOD AFTERNOON AGAIN, YOUR HONOR.

THE COURT:  THANK YOU.

THE CLERK:  MATTER NO. 2, 18MJ21450-NLS, THE UNITED STATES OF AMERICA VERSUS GAMALIEL HERNANDEZ-REYES.

MR. LEMISH:  STEVE LEMISH ON BEHALF OF MR. HERNANDEZ.

THE COURT:  THANK YOU.

THE CLERK:  NO. 3, 18MJ21463-NLS, THE UNITED STATES OF AMERICA VERSUS JUAN CARLOS SANTOS-NAJERA.

MR. LEMISH:  STEVE LEMISH ON BEHALF OF MR. SANTOS.

THE COURT:  THANK YOU.

THE CLERK:  NO. 4, 18MJ21476-NLS, THE UNITED STATES OF AMERICA VERSUS PEDRO VALLEJO-ARGUELLES.

MR. LEMISH:  STEVE LEMISH ON BEHALF OF MR. VALLEJO.

THE COURT:  THANK YOU.

THE CLERK:  NO. 9, 18MJ21439-NLS, THE UNITED STATES OF AMERICA VERSUS MARCO ANTONIO JIMENEZ-ESCOBEDO.

MR. COTSIRILOS: JOHN COTSIRILOS ON BEHALF OF MR. MARCO JIMENEZ-ESCOBEDO.

THE COURT: THANK YOU.

THE CLERK: NO. 29, 18MJ21444-NLS, THE UNITED STATES OF AMERICA VERSUS ITAYECTCY NAJERA-SANTIAGO.

MR. KINGTON: BENJAMIN KINGTON ON BEHALF OF MR. NAJERA.

THE COURT: THANK YOU.

THE CLERK: NO. 30, 18MJ21457-NLS, THE UNITED STATES OF AMERICA VERSUS HECTOR JIMENEZ-DURAN.

MR. KINGTON: BENJAMIN KINGTON ON BEHALF OF MR. JIMENEZ.

THE COURT: THANK YOU.

THE CLERK: 31, 18MJ21470-NLS, THE UNITED STATES OF AMERICA VERSUS MIGUEL ANGEL MARTINEZ-MARTINEZ.

MR. KINGTON: BENJAMIN KINGTON ON BEHALF OF MR. MARTINEZ.

THE COURT: THANK YOU.

THE CLERK: 32, 18MJ21483-NLS, THE UNITED STATES OF AMERICA VERSUS OSCAR ALEJANDRO HUIZAR-COVARRUBIA.

MR. KINGTON: AND BENJAMIN KINGTON ON BEHALF OF MR. HUIZAR.

THE COURT: THANK YOU.

ALL RIGHT. LADIES AND GENTLEMEN, WELCOME BACK.

MS. LEE, WOULD YOU PLEASE PLACE EACH OF THESE

INDIVIDUALS UNDER OATH AND ARRAIGN THEM ON THE COMPLAINT.

THE CLERK:  YES, YOUR HONOR.

PLEASE RAISE YOUR RIGHT HANDS.

YOU DO SOLEMNLY SWEAR THAT THE EVIDENCE YOU SHALL GIVE IN THE CAUSE NOW BEFORE THE COURT SHALL BE THE TRUTH, THE WHOLE TRUTH AND NOTHING BUT THE TRUTH?

THE INTERPRETER:  I SWEAR.  I SWEAR.  I SWEAR.  I SWEAR.  I SWEAR.  I SWEAR.  I SWEAR.  I SWEAR.  I SWEAR.

THE CLERK:  JUAN CARLOS ALFONZO-RABANALES, IS THAT YOUR TRUE NAME, SIR?

DEFENDANT ALFONZO-RABANALES:  YES.

THE CLERK:  GAMALIEL HERNANDEZ-REYES, IS THAT YOUR TRUE NAME, SIR?

DEFENDANT HERNANDEZ-REYES:  YES.

THE CLERK:  JUAN CARLOS SANTOS-NAJERA, IS THAT YOUR TRUE NAME, SIR?

DEFENDANT NAJERA-SANTOS:  YES.

MR. LEMISH:  ACTUALLY HIS NAME IS MIXED UP ON THE -- IT SHOULD BE NAJERA-SANTOS.

THE CLERK:  JUAN CARLOS NAJERA-SANTOS, IS THAT YOUR TRUE NAME, SIR?

DEFENDANT NAJERA-SANTOS:  YES.

THE CLERK:  PEDRO VALLEJO-ARGUELLES, IS THAT YOUR TRUE NAME, SIR?

DEFENDANT VALLEJO-ARGUELLES:  YES.

THE COURT:  ITAYECTCY NAJERA-SANTIAGO, IS THAT YOUR TRUE NAME, SIR?

DEFENDANT NAJERA-SANTIAGO:  YES.

THE CLERK:  HECTOR JIMENEZ-DURAN, IS THAT YOUR TRUE NAME, SIR?

DEFENDANT JIMENEZ-DURAN:  YES.

THE CLERK:  MIGUEL ANGEL MARTINEZ-MARTINEZ, IS THAT YOUR TRUE NAME, SIR?

DEFENDANT MARTINEZ-MARTINEZ:  YES.

THE CLERK:  OSCAR ALEJANDRO HUIZAR-COVARRUBIA, IS THAT YOUR TRUE NAME, SIR?

DEFENDANT HUIZAR-COVARRUBIA:  YES.

THE CLERK:  YOU ARE EACH HEREBY INFORMED THAT A COMPLAINT HAS BEEN FILED CHARGING YOU WITH -- EACH WITH ILLEGAL ENTRY, MISDEMEANOR.

COUNSEL, HAVE YOU RECEIVED A COPY OF THE COMPLAINT AND DO YOU WAIVE FURTHER READING?

MR. LEMISH:  YES.

MR. COTSIRILOS:  YES.

MR. KINGTON:  YES.

THE CLERK:  YOU ARE FURTHER INFORMED THAT YOU HAVE THE RIGHT TO BE REPRESENTED BY COUNSEL AT ALL PROCEEDINGS BEFORE THE COURT.  YOU HAVE THE RIGHT TO REMAIN SILENT.  YOU HAVE THE RIGHT TO A TRIAL, JUDGMENT AND SENTENCE BY A MAGISTRATE JUDGE.

YOU HAVE THE RIGHT TO CONFRONT AND CROSS-EXAMINE ANY WITNESSES WHO TESTIFY AGAINST YOU. AND YOU HAVE THE RIGHT TO HAVE WITNESSES SUBPOENAED TO TESTIFY ON YOUR BEHALF.

HOW DO YOU EACH NOW PLEAD TO THE COUNT IN THE INFORMATION IN WHICH YOU ARE NAMED?

THE COURT: AT THIS POINT IN THE PROCEEDINGS, I'LL TAKE A NOT-GUILTY PLEA AS TO EACH OF THESE INDIVIDUALS.

NOW, LADIES AND GENTLEMEN, MY UNDERSTANDING IS THAT EACH OF YOU WANTS TO CHANGE YOUR PLEA OF NOT GUILTY AND ENTER A PLEA OF GUILTY TO THE MISDEMEANOR CHARGE THIS AFTERNOON.

IS THAT HOW YOU EACH WANT TO PROCEED?

MR. ALFONZO-RABANALES?

DEFENDANT ALFONZO-RABANALES: YES.

THE COURT: MR. HERNANDEZ-REYES?

DEFENDANT HERNANDEZ-REYES: YES.

THE COURT: MR. NAJERA-SANTOS?

DEFENDANT NAJERA-SANTOS: YES.

THE COURT: MR. VALLEJO-ARGUELLES?

DEFENDANT VALLEJO-ARGUELLES: YES.

THE COURT: MR. JIMENEZ-ESCOBEDO?

DEFENDANT JIMENEZ-ESCOBEDO: YES.

THE COURT: MR. NAJERA-SANTIAGO?

DEFENDANT NAJERA-SANTIAGO: YES.

THE COURT: EXCUSE ME. MS. NAJERA-SANTIAGO.

MR. JIMENEZ-DURAN?

DEFENDANT JIMENEZ-DURAN:  YES.

THE COURT:  MR. MARTINEZ-MARTINEZ?

DEFENDANT MARTINEZ-MARTINEZ:  YES.

THE COURT:  AND MR. HUIZAR-COVARRUBIA?

DEFENDANT HUIZAR-COBARRUBIA:  YES.

THE COURT:  HAS ANY OF YOU TAKEN ANY DRUGS OR MEDICATIONS THAT WOULD INTERFERE WITH YOUR ABILITY TO UNDERSTAND THE COURT PROCEEDINGS THIS AFTERNOON?

MR. ALFONZO-REYES?

DEFENDANT ALFONZO-RABANALES:  I'M ALFONZO-RABANALES.

THE COURT:  I'M SORRY.  MR. ALFONZO-RABANALES, ANY DRUGS OR MEDICATION?

DEFENDANT ALFONZO-RABANALES:  NO.

THE COURT:  MR. HERNANDEZ-REYES?

DEFENDANT HERNANDEZ-REYES:  NO, YOUR HONOR.

THE COURT:  MR. NAJERA-SANTOS?

DEFENDANT NAJERA-SANTOS:  NO.

THE COURT:  MR. VALLEJO-ARGUELLES?

DEFENDANT VALLEJO-ARGUELLES:  NO.

THE COURT:  MR. JIMENEZ-ESCOBEDO?

DEFENDANT JIMENEZ-ESCOBEDO:  NO.

THE COURT:  MR. NAJERA-SANTIAGO?

DEFENDANT NAJERA-SANTIAGO:  NO.

THE COURT:  MS. NAJERA-SANTIAGO.

MR. JIMENEZ-DURAN?

DEFENDANT JIMENEZ-DURAN: NO.

THE COURT: MR. MARTINEZ-MARTINEZ?

DEFENDANT MARTINEZ-MARTINEZ: NO.

THE COURT: MR. HUIZAR-COVARRUBIA?

DEFENDANT HUIZAR-COVARRUBIA: NO.

THE COURT: MY UNDERSTANDING IS THAT THERE IS AN ORAL PLEA AGREEMENT BETWEEN THE UNITED STATES AND EACH OF THESE INDIVIDUALS.

MAY I ASK THE ASSISTANT U.S. ATTORNEY TO STATE THE TERMS OF THE AGREEMENT.

MR. WONG: YES, YOUR HONOR. EACH OF THESE DEFENDANTS WILL AGREE TO A TIME-SERVED SENTENCE AND WILL WAIVE APPEAL AND COLLATERAL ATTACK.

MR. KINGTON: YOUR HONOR, ONE OF MY CLIENTS WILL BE PLEADING OPEN, IN OTHER WORDS, MAINTAINING THEIR RIGHT TO APPEAL, MR. JIMENEZ, NO. 30.

THE COURT: WHICH NUMBER?

MR. KINGTON: 30.

THE COURT: ALL RIGHT. SO WITH THE EXCEPTION OF MR. JIMENEZ-DURAN, THE AGREEMENT IS THAT EACH OF THESE INDIVIDUALS HAS AGREED TO PLEAD GUILTY TO THE MISDEMEANOR, THEY WILL WAIVE THEIR RIGHT TO APPEAL OR COLLATERALLY ATTACK THE CONVICTION AND SENTENCE, THEY AGREE TO IMMEDIATE SENTENCING.

COMPUTER-AIDED TRANSCRIPTION

IS THAT ACCURATE, GENTLEMEN?

MR. LEMISH: YES.

MR. COTSIRILOS: YES.

MR. KINGTON: YES, YOUR HONOR.

THE COURT: ALL RIGHT. THEN, LADIES AND GENTLEMEN, I'M NOW GOING TO ADVISE YOU OF YOUR CONSTITUTIONAL RIGHTS.

YOU HAVE THE RIGHT TO PERSIST IN YOUR PLEA OF NOT GUILTY. YOU HAVE THE RIGHT TO TRIAL, JUDGMENT AND SENTENCING BEFORE A MAGISTRATE JUDGE. YOU HAVE THE RIGHT TO ASSISTANCE OF COUNSEL THROUGHOUT THE PROCEEDINGS, INCLUDING AT TRIAL.

YOU HAVE THE RIGHT TO CONFRONT AND CROSS-EXAMINE WITNESSES WHO WOULD TESTIFY AGAINST YOU. YOU HAVE THE RIGHT TO PRESENT A DEFENSE, TO TESTIFY ON YOUR OWN BEHALF AND TO SUBPOENA WITNESSES TO COURT TO TESTIFY ON YOUR BEHALF.

YOU ALSO HAVE THE RIGHT AGAINST COMPELLED SELF-INCRIMINATION, MEANING THAT YOU CANNOT BE FORCED TO TESTIFY AT ANY HEARING OR AT TRIAL AND THE GOVERNMENT CANNOT COMMENT ON YOUR SILENCE.

DO EACH OF YOU UNDERSTAND THE CONSTITUTIONAL RIGHTS AS I'VE JUST DESCRIBED THEM TO YOU?

MR. ALFONZO-RABANALES?

DEFENDANT ALFONZO-RABANALES: IT WASN'T VERY CLEAR, BUT --

THE COURT: WHAT DON'T YOU UNDERSTAND? I'M EXPLAINING TO YOU WHAT YOUR TRIAL RIGHTS WOULD BE.

DO YOU WANT ME TO REPEAT THEM TO YOU?  I'M HAPPY TO DO THAT.

DEFENDANT ALFONZO-RABANALES:  NO.  THAT'S FINE.

THE COURT:  ALL RIGHT.  MR. HERNANDEZ-REYES, DO YOU UNDERSTAND THE CONSTITUTIONAL RIGHTS?

DEFENDANT HERNANDEZ-REYES:  YES.

THE COURT:  MR. NAJERA-SANTOS?

DEFENDANT NAJERA-SANTOS:  YES.

THE COURT:  MR. VALLEJO-ARGUELLES?

DEFENDANT VALLEJO-ARGUELLES:  YES.

THE COURT:  MR. JIMENEZ-ESCOBEDO?

DEFENDANT JIMENEZ-ESCOBEDO:  YES.

THE COURT:  MS. NAJERA-SANTIAGO?

DEFENDANT NAJERA-SANTIAGO:  YES.

THE COURT:  MR. JIMENEZ-DURAN?

DEFENDANT JIMENEZ-DURAN:  YES.

THE COURT:  MR. MARTINEZ-MARTINEZ?

DEFENDANT MARTINEZ-MARTINEZ:  YES.

THE COURT:  AND MR. HUIZAR-COVARRUBIA?

DEFENDANT HUIZAR-CAVARRUBIA:  YES.

THE COURT:  IF EACH OF YOU ENTERS A GUILTY PLEA TO THE MISDEMEANOR CHARGE, THERE WILL BE NO TRIAL, AND YOU WILL BE GIVING UP THE CONSTITUTIONAL RIGHTS THAT I JUST EXPLAINED, EXCEPT FOR THE RIGHT TO CONTINUED ASSISTANCE OF COUNSEL.

DO YOU EACH UNDERSTAND AND AGREE TO GIVE UP THOSE

RIGHTS?

MR. ALFONZO-RABANALES?

DEFENDANT ALFONZO-RABANALES: YES.

THE COURT: MR. HERNANDEZ-REYES?

DEFENDANT HERNANDEZ-REYES: YES.

THE COURT: MR. NAJERA-SANTOS?

DEFENDANT NAJERA-SANTOS: YES.

THE COURT: MR. VALLEJO-ARGUELLES?

DEFENDANT VALLEJO-ARGUELLES: YES.

THE COURT: MR. JIMENEZ-ESCOBEDO?

DEFENDANT JIMENEZ-ESCOBEDO: YES.

THE COURT: MS. NAJERA-SANTIAGO?

DEFENDANT NAJERA-SANTIAGO: YES.

THE COURT: MR. JIMENEZ-DURAN?

DEFENDANT JIMENEZ-DURAN: YES.

THE COURT: MR. MARTINEZ-MARTINEZ?

DEFENDANT MARTINEZ-MARTINEZ: YES.

THE COURT: AND MR. HUIZAR-COVARRUBIA?

DEFENDANT HUIZAR-COVARRUBIA: YES.

THE COURT: ALL RIGHT. LADIES AND GENTLEMEN, EACH OF YOU IS CHARGED IN THE MISDEMEANOR COMPLAINT WITH ILLEGAL ENTRY.

IF YOU WERE TO GO TO TRIAL ON THIS CHARGE, THE UNITED STATES WOULD HAVE TO PROVE BEYOND A REASONABLE DOUBT THAT ON THE DATE ALLEGED IN THE COMPLAINT, YOU WERE NOT A

COMPUTER-AIDED TRANSCRIPTION

CITIZEN OF THE UNITED STATES, AND THAT ON THAT DATE, YOU KNOWINGLY ELUDED EXAMINATION AND INSPECTION BY U.S. IMMIGRATION OFFICIALS AT THE TIME YOU ENTERED THE UNITED STATES. IF YOU PLEAD GUILTY TO THE CHARGE, YOU WILL BE ADMITTING THOSE ELEMENTS OF THE CRIME.

DO YOU EACH UNDERSTAND THAT?

MR. ALFONZO-RABANALES?

DEFENDANT ALFONZO-RABANALES: YES.

THE COURT: MR. HERNANDEZ-REYES?

DEFENDANT HERNANDEZ-REYES: YES.

THE COURT: MR. NAJERA-SANTOS?

DEFENDANT NAJERA-SANTOS: YES.

THE COURT: MR. VALLEJO-ARGUELLES?

DEFENDANT VALLEJO-ARGUELLES: YES.

THE COURT: MR. JIMENEZ-ESCOBEDO?

DEFENDANT JIMENEZ-ESCOBEDO: YES.

THE COURT: MS. NAJERA-SANTIAGO?

DEFENDANT NAJERA-SANTIAGO: YES.

THE COURT: MR. JIMENEZ-DURAN?

DEFENDANT JIMENEZ-DURAN: YES.

THE COURT: MR. MARTINEZ-MARTINEZ?

DEFENDANT MARTINEZ-MARTINEZ: YES.

THE COURT: MR. HUIZAR-COVARRUBIA?

DEFENDANT HUIZAR-COVARRUBIA: YES.

THE COURT: THE MAXIMUM PENALTIES ASSOCIATED WITH

THIS CHARGE ARE SIX MONTHS IN PRISON, A $5,000 FINE AND A $10 SPECIAL ASSESSMENT.

ADDITIONALLY, AS A RESULT OF YOUR LACK OF STATUS IN THIS COUNTRY, EACH OF YOU FACES THE STRONG LIKELIHOOD THAT YOU WILL BE DEPORTED OR REMOVED FROM THE UNITED STATES AFTER YOU SERVE ANY SENTENCE IN THIS CASE.

DO EACH OF YOU UNDERSTAND THE MAXIMUM PENALTIES THAT YOU FACE AND THE IMMIGRATION CONSEQUENCES OF YOUR PLEA?

MR. ALFONZO-RABANALES?

DEFENDANT ALFONZO-RABANALES:  YES.

THE COURT:  MR. HERNANDEZ-REYES?

DEFENDANT HERNANDEZ-REYES:  YES.

THE COURT:  MR. NAJERA-SANTOS?

DEFENDANT NAJERA-SANTOS:  YES.

THE COURT:  MR. VALLEJO-ARGUELLES?

DEFENDANT VALLEJO-ARGUELLES:  YES.

THE COURT:  MR. JIMENEZ-ESCOBEDO?

DEFENDANT JIMENEZ-ESCOBEDO:  YES.

THE COURT:  MS. NAJERA-SANTIAGO?

DEFENDANT NAJERA-SANTIAGO:  YES.

THE COURT:  MR. JIMENEZ-DURAN?

DEFENDANT JIMENEZ-DURAN:  YES.

THE COURT:  MR. MARTINEZ-MARTINEZ?

DEFENDANT MARTINEZ-MARTINEZ:  YES.

THE COURT:  AND MR. HUIZAR-COVARRUBIA?

DEFENDANT HUIZAR-COVARRUBIA: YES.

THE COURT: ALL RIGHT. GENTLEMEN, CONSIDERING -- AND LADIES, CONSIDERING THE MAXIMUM PENALTIES THAT YOU FACE AND THE IMMIGRATION CONSEQUENCES OF THE GUILTY PLEA THAT I'VE JUST DESCRIBED TO YOU, DO YOU EACH STILL WANT TO GIVE UP THE CONSTITUTIONAL RIGHTS I TOLD YOU ABOUT EARLIER AND ENTER A GUILTY PLEA TO THE MISDEMEANOR CHARGE?

MR. ALFONZO-RABANALES?

DEFENDANT ALFONZO-RABANALES: YES.

THE COURT: MR. HERNANDEZ-REYES?

DEFENDANT HERNANDEZ-REYES: YES.

THE COURT: MR. NAJERA-SANTOS?

DEFENDANT NAJERA-SANTOS: YES.

THE COURT: MR. VALLEJO-ARGUELLES?

DEFENDANT VALLEJO-ARGUELLES: YES.

THE COURT: MR. JIMENEZ-ESCOBEDO?

DEFENDANT JIMENEZ-ESCOBEDO: YES.

THE COURT: MS. NAJERA-SANTIAGO?

DEFENDANT NAJERA-SANTIAGO: YES.

THE COURT: MR. JIMENEZ-DURAN?

DEFENDANT JIMENEZ-DURAN: YES.

THE COURT: MR. MARTINEZ-MARTINEZ?

DEFENDANT MARTINEZ-MARTINEZ: YES.

THE COURT: AND MR. HUIZAR-COVARRUBIA?

DEFENDANT HUIZAR-COVARRUBIA: YES.

THE COURT: DID ANYBODY UNFAIRLY PRESSURE OR THREATEN ANY OF YOU IN ORDER TO GET YOU TO PLEAD GUILTY?

MR. ALFONZO-RABANALES?

DEFENDANT ALFONZO-RABANALES: NO.

THE COURT: MR. HERNANDEZ-REYES?

DEFENDANT HERNANDEZ-REYES: NO.

THE COURT: MR. NAJERA-SANTOS?

DEFENDANT NAJERA-SANTOS: NO.

THE COURT: MR. VALLEJO-ARGUELLES?

DEFENDANT VALLEJO-ARGUELLES: NO.

THE COURT: MR. JIMENEZ-ESCOBEDO?

DEFENDANT JIMENEZ-ESCOBEDO: NO.

THE COURT: MS. NAJERA-SANTIAGO?

DEFENDANT NAJERA-SANTIAGO: NO.

THE COURT: MR. JIMENEZ-DURAN?

DEFENDANT JIMENEZ-DURAN: NO.

THE COURT: MR. MARTINEZ-MARTINEZ?

DEFENDANT MARTINEZ-MARTINEZ: NO.

THE COURT: MR. HUIZAR-COVARRUBIA?

DEFENDANT HUIZAR-COVARRUBIA: NO.

THE COURT: OKAY. I'M GOING TO READ THE CHARGE TO EACH OF YOU AND ASK YOU HOW YOU PLEAD, AND THEN I'M GOING TO ASK YOU SOME QUESTIONS ABOUT THE FACTS SUPPORTING YOUR PLEA. I DO NEED TO CAUTION YOU IF YOU WERE TO GIVE A FALSE ANSWER TO ANY QUESTION I ASK, YOU COULD LATER BE PROSECUTED FOR

MAKING A FALSE STATEMENT.

ALL RIGHT. EACH OF YOU IS CHARGED BY WAY OF CRIMINAL COMPLAINT WITH MISDEMEANOR ILLEGAL ENTRY. HOW DO EACH OF YOU PLEAD TO THE CHARGE, ARE YOU GUILTY OR NOT GUILTY?

MR. ALFONZO-RABANALES?

DEFENDANT ALFONZO-RABANALES: YES, GUILTY.

THE COURT: MR. HERNANDEZ-REYES?

DEFENDANT HERNANDEZ-REYES: YES, GUILTY.

THE COURT: MR. NAJERA-SANTOS?

DEFENDANT NAJERA-SANTOS: YES, GUILTY.

THE COURT: MR. VALLEJO-ARGUELLES?

DEFENDANT VALLEJO-ARGUELLES: YES, GUILTY.

THE COURT: MR. JIMENEZ-ESCOBEDO?

DEFENDANT JIMENEZ-ESCOBEDO: GUILTY.

THE COURT: MS. NAJERA-SANTIAGO?

DEFENDANT NAJERA-SANTIAGO: GUILTY.

THE COURT: MR. JIMENEZ-DURAN?

DEFENDANT JIMENEZ-DURAN: GUILTY.

THE COURT: MR. MARTINEZ-MARTINEZ?

DEFENDANT MARTINEZ-MARTINEZ: GUILTY.

THE COURT: AND MR. HUIZAR-COVARRUBIA?

DEFENDANT HUIZAR-COVARRUBIA: GUILTY.

THE COURT: ALL RIGHT. WOULD COUNSEL LIKE TO GIVE THE FACTUAL BASIS FOR MR. ALFONZO-RABANALES' PLEA.

MR. LEMISH: YOUR HONOR, MR. ALFONSO CAME TO THE UNITED STATES I THINK ON SATURDAY. HE'S NOT A CITIZEN OF THE UNITED STATES. HE ELUDED INSPECTION BY CROSSING AT A PLACE NOT A PORT OF ENTRY, AND HE ENTERED WITHOUT PERMISSION OF THE ATTORNEY GENERAL OR ANY --

THE COURT: I'M SORRY?

MR. LEMISH: HE ENTERED WITHOUT PERMISSION.

THE COURT: ALL RIGHT. AND THIS WAS APPROXIMATELY 1.8 MILES EAST OF TECATE PORT OF ENTRY AND .7 MILES NORTH OF THE U.S./MEXICO BOUNDARY?

MR. LEMISH: THAT'S CORRECT.

THE COURT: ALL RIGHT. MR. ALFONZO-RABANALES, IS WHAT YOUR ATTORNEY JUST STATED AND WHAT THE COURT SUPPLEMENTED TRUE AND CORRECT IN ALL RESPECTS?

DEFENDANT ALFONZO-RABANALES: YES.

THE COURT: IS THE UNITED STATES SATISFIED WITH THE FACTUAL BASIS?

MR. WONG: YES, YOUR HONOR.

THE COURT: OKAY. WOULD COUNSEL LIKE TO GIVE THE FACTUAL BASIS FOR MR. HERNANDEZ-REYES' PLEA.

MR. LEMISH: MR. HERNANDEZ ENTERED THE COUNTRY ON SEPTEMBER 8TH. HE WASN'T A CITIZEN OF THE UNITED STATES AT THAT TIME. HE DID ELUDE INSPECTION BY ENTERING AT A PLACE THAT WAS THREE MILES EAST OF THE OTAY MESA PORT OF ENTRY AND ABOUT THREE MILES NORTH OF THE INTERNATIONAL BORDER. AND HE

DIDN'T HAVE PERMISSION AT THE TIME TO ENTER.

THE COURT: ALL RIGHT. THANK YOU.

MR. HERNANDEZ-REYES, IS WHAT YOUR ATTORNEY JUST STATED TRUE AND CORRECT IN ALL RESPECTS?

DEFENDANT HERNANDEZ-REYES: YES.

THE COURT: IS THE UNITED STATES SATISFIED WITH THE FACTUAL BASIS?

MR. WONG: YES, YOUR HONOR.

THE COURT: WOULD COUNSEL LIKE TO GIVE THE FACTUAL BASIS FOR MR. NAJERA-SANTOS' PLEA.

MR. LEMISH: MR. NAJERA WASN'T A CITIZEN OF THE UNITED STATES WHEN HE CROSSED ON SEPTEMBER 7TH OF THIS YEAR. HE ALSO ELUDED INSPECTION BY CROSSING THROUGH THE MOUNTAINS NEAR TECATE -- OR ACTUALLY, YEAH, NEAR TECATE, CALIFORNIA. HE ALSO ENTERED WITHOUT PERMISSION.

THE COURT: MR. SANTOS-NAJERA, YOU ENTERED THE UNITED STATES IN A VEHICLE ON SEPTEMBER 7, 2018; IS THAT RIGHT?

DEFENDANT NAJERA-SANTOS: YES.

MR. LEMISH: ACTUALLY, HE ENTERED ON SEPTEMBER 6TH BECAUSE HE WAS FOUND IN A VEHICLE SOME TIME LATER.

THE COURT: ALL RIGHT. YOU WERE FOUND IN A VEHICLE ON THE U.S. SIDE OF THE BORDER APPROXIMATELY 15 MILES WEST OF CALEXICO, CALIFORNIA, AND 2 MILES NORTH OF THE INTERNATIONAL BOUNDARY; IS THAT RIGHT?

DEFENDANT NAJERA-SANTOS:  YES.

THE COURT:  AND YOU ARE A MEXICAN CITIZEN; IS THAT CORRECT?

DEFENDANT NAJERA-SANTOS:  YES.

THE COURT:  AND YOU HAD NO PERMISSION TO ENTER THE UNITED STATES; IS THAT CORRECT?

DEFENDANT NAJERA-SANTOS:  YES.

THE COURT:  IS THE UNITED STATES SATISFIED WITH THE FACTUAL BASIS?

MR. WONG:  YES, YOUR HONOR.

THE COURT:  THANK YOU.

ALL RIGHT.  WOULD COUNSEL LIKE TO GIVE THE FACTUAL BASIS FOR MR. VALLEJO-ARGUELLES' PLEA.

MR. LEMISH:  THANK YOU.  MR. VALLEJO ENTERED THE UNITED STATES ON SEPTEMBER 8TH.  AT THAT TIME, HE WAS NOT A CITIZEN OF THE UNITED STATES.  HE ENTERED AT A PLACE TO ELUDE INSPECTION APPROXIMATELY 28 MILES EAST OF TECATE -- EAST OF THE TECATE PORT OF ENTRY AND A MILE NORTH OF THE UNITED STATES BORDER.  AND HE -- AT THAT TIME, HE DID NOT HAVE PERMISSION TO ENTER THE UNITED STATES.

THE COURT:  ALL RIGHT.  THANK YOU.

MR. VALLEJO-ARGUELLES, IS WHAT YOUR ATTORNEY JUST STATED TRUE AND CORRECT IN ALL RESPECTS?

DEFENDANT VALLEJO-ARGUELLES:  YES.

THE COURT:  IS THE UNITED STATES SATISFIED WITH THE

FACTUAL BASIS?

MR. WONG:  YES, YOUR HONOR.

THE COURT:  WOULD COUNSEL LIKE TO GIVE THE FACTUAL BASIS FOR MR. JIMENEZ-ESCOBEDO'S PLEA.

MR. COTSIRILOS:  YES, YOUR HONOR.

MR. JIMENEZ-ESCOBEDO ENTERED THE UNITED STATES ON SEPTEMBER 7TH, 2018 WITHOUT INSPECTION OR PERMISSION OF THE IMMIGRATION OFFICIALS.  HE WAS FOUND IN THE UNITED STATES TWO MILES EAST OF TECATE AND ONE-QUARTER OF A MILE NORTH OF THE MEXICO/U.S. BORDER.

THE COURT:  I THINK THE PROBABLE CAUSE STATEMENT SAYS 27 MILES EAST OF TECATE.

MR. COTSIRILOS:  OH, I'M SORRY.  (INAUDIBLE.)

THE COURT:  27 MILES EAST OF THE TECATE PORT OF ENTRY AND APPROXIMATELY ONE MILE NORTH OF THE U.S. INTERNATIONAL BORDER.

MR. JIMENEZ-ESCOBEDO, SIR, IS WHAT YOUR ATTORNEY JUST STATED, AS CORRECTED BY THE COURT, TRUE AND CORRECT IN ALL RESPECTS?

DEFENDANT JIMENEZ-ESCOBEDO:  YES.

THE COURT:  IS THE UNITED STATES SATISFIED WITH THE FACTUAL BASIS?

MR. WONG:  YES, YOUR HONOR.

THE COURT:  ALL RIGHT.  WOULD COUNSEL LIKE TO GIVE THE FACTUAL BASIS FOR MS. NAJERA-SANTIAGO'S PLEA.

MR. KINGTON:  YES, YOUR HONOR.  WE HAVE THE SAME FACTS AS NO. 3.

ON SEPTEMBER 6TH OF THIS YEAR, SHE WAS NOT A CITIZEN OF THE UNITED STATES.  SHE ENTERED WITHOUT INSPECTION, AND SHE WAS FOUND THE NEXT MORNING IN A CAR ABOUT TWO MILES NORTH OF THE BORDER AND 15 MILES WEST OF THE CALEXICO PORT OF ENTRY.

THE COURT:  ALL RIGHT.  THANK YOU.

MS. NAJERA-SANTIAGO, IS WHAT YOUR ATTORNEY JUST STATED TRUE AND CORRECT IN ALL RESPECTS?

DEFENDANT NAJERA-SANTIAGO:  YES.

THE COURT:  AND IS THE UNITED STATES SATISFIED WITH THE FACTUAL BASIS?

MR. WONG:  YES, YOUR HONOR.

THE COURT:  OKAY.  WOULD COUNSEL LIKE TO GIVE THE FACTUAL BASIS FOR MR. JIMENEZ-DURAN'S PLEA.

MR. KINGTON:  YES, YOUR HONOR.

ON SEPTEMBER 7TH, 2018, MR. JIMENEZ ENTERED THE UNITED STATES WITHOUT INSPECTION.  HE WAS NOT A UNITED STATES CITIZEN.  AND HE WAS FOUND ABOUT 150 YARDS NORTH OF THE BORDER AND 5 MILES WEST OF THE SAN YSIDRO PORT OF ENTRY.

THE COURT:  ALL RIGHT.  THANK YOU.

MR. JIMENEZ-DURAN, IS WHAT YOUR ATTORNEY JUST STATED TRUE AND CORRECT IN ALL RESPECTS?

DEFENDANT JIMENEZ-DURAN:  YES.

THE COURT: IS THE UNITED STATES SATISFIED WITH THE FACTUAL BASIS?

MR. WONG: YES, YOUR HONOR.

THE COURT: WOULD COUNSEL LIKE TO GIVE THE FACTUAL BASIS FOR MR. MARTINEZ-MARTINEZ'S PLEA.

MR. KINGTON: YES, YOUR HONOR.

ON SEPTEMBER 7TH, 2018, MR. MARTINEZ ENTERED THE UNITED STATES WITHOUT INSPECTION. HE WAS NOT A CITIZEN OF THE UNITED STATES. AND EARLY THE NEXT MORNING, A LITTLE PAST MIDNIGHT HE WAS DISCOVERED .7 MILES NORTH OF THE BORDER AND 1.8 MILES EAST OF THE TECATE PORT OF ENTRY.

THE COURT: OKAY. THANK YOU.

MR. MARTINEZ-MARTINEZ, IS WHAT YOUR ATTORNEY JUST STATED TRUE AND CORRECT IN ALL RESPECTS?

DEFENDANT MARTINEZ-MARTINEZ: YES.

THE COURT: IS THE UNITED STATES SATISFIED WITH THE FACTUAL BASIS?

MR. WONG: YES, YOUR HONOR.

THE COURT: OKAY. WOULD COUNSEL LIKE TO STATE THE FACTUAL BASIS FOR MR. HUIZAR-COVARRUBIA'S PLEA.

MR. KINGTON: YES, YOUR HONOR.

ON SEPTEMBER 8TH, 2018, MR. HUIZAR WAS NOT A CITIZEN OF THE UNITED STATES. HE ENTERED THE UNITED STATES WITHOUT INSPECTION, AND HE WAS DISCOVERED ABOUT 1.2 MILES NORTH OF THE BORDER AND 30 MILES EAST OF THE TECATE PORT OF ENTRY.

THE COURT: ALL RIGHT. THANK YOU.

AND MR. HUIZAR-COVARRUBIA, SIR, IS WHAT YOUR ATTORNEY JUST STATED TRUE AND CORRECT IN ALL RESPECTS?

DEFENDANT HUIZAR-COVARRUBIA: YES.

THE COURT: IS THE UNITED STATES SATISFIED WITH THE FACTUAL BASIS?

MR. WONG: YES, YOUR HONOR.

THE COURT: ALL RIGHT. THEN MS. LEE, WOULD YOU NOW PLEASE RE-ARRAIGN EACH OF THESE LADIES AND GENTLEMEN.

THE CLERK: YES, YOUR HONOR.

NOW THAT YOU HAVE BEEN ADVISED OF YOUR RIGHTS, THE CHARGES AGAINST YOU AND THE POSSIBLE SENTENCE, AS TO MR. ALFONZO-RABANALES, HOW DO YOU NOW PLEAD TO COUNT 1 OF THE INFORMATION (SIC), GUILTY OR NOT GUILTY?

DEFENDANT ALFONZO-RABANALES: YES, I AM GUILTY.

THE CLERK: AS TO MR. HERNANDEZ-REYES, HOW DO YOU NOW PLEAD TO COUNT 1 OF THE COMPLAINT, GUILTY OR NOT GUILTY?

DEFENDANT HERNANDEZ-REYES: GUILTY.

THE CLERK: AS TO MR. NAJERA-SANTOS, HOW DO YOU NOW PLEAD TO COUNT 1 OF THE COMPLAINT, GUILTY OR NOT GUILTY?

DEFENDANT NAJERA-SANTOS: GUILTY.

THE CLERK: AS TO MR. VALLEJO, HOW DO YOU NOW PLEAD TO COUNT 1 OF THE COMPLAINT, GUILTY OR NOT GUILTY?

DEFENDANT VALLEJO-ARGUELLES: GUILTY.

THE CLERK: AS TO MR. JIMENEZ-ESCOBEDO, HOW DO YOU

NOW PLEAD TO COUNT 1 OF THE COMPLAINT, GUILTY OR NOT GUILTY?

DEFENDANT JIMENEZ-ESCOBEDO: GUILTY.

THE CLERK: AS TO MS. NAJERA-SANTIAGO, HOW DO YOU NOW PLEAD TO COUNT 1 OF THE COMPLAINT, GUILTY OR NOT GUILTY?

DEFENDANT NAJERA-SANTIAGO: GUILTY.

THE CLERK: AS TO MR. JIMENEZ-DURAN, HOW DO YOU NOW PLEAD TO COUNT 1 OF THE COMPLAINT, GUILTY OR NOT GUILTY?

DEFENDANT JIMENEZ-DURAN: GUILTY.

THE CLERK: AS TO MR. MARTINEZ-MARTINEZ, HOW DO YOU NOW PLEAD TO COUNT 1 OF THE COMPLAINT, GUILTY OR NOT GUILTY?

DEFENDANT MARTINEZ-MARTINEZ: GUILTY.

THE CLERK: AS TO MR. HUIZAR-COVARRUBIA, HOW DO YOU NOW PLEAD TO COUNT 1 OF THE COMPLAINT, GUILTY OR NOT GUILTY?

DEFENDANT HUIZAR-COVARRUBIA: GUILTY.

THE COURT: ALL RIGHT. THIS COURT FINDS THAT EACH OF THE DEFENDANT'S GUILTY PLEAS IS MADE KNOWINGLY AND VOLUNTARILY AND WITH A FULL UNDERSTANDING OF THE NATURE OF THE CHARGE, THEIR RIGHTS AND THE CONSEQUENCES OF THE PLEA, AND THAT THERE IS A FACTUAL BASIS FOR EACH OF THE PLEAS. I WILL THEREFORE ACCEPT EACH OF THEIR PLEAS AND WE CAN NOW PROCEED TO SENTENCING.

BEGINNING WITH MR. ALFONZO-RABANALES, HE HAS NO CRIMINAL OR IMMIGRATION HISTORY; SO I WOULD BE INCLINED TO FOLLOW THE TIME-SERVED RECOMMENDATION.

DOES EITHER SIDE WANT TO ARGUE?

MR. LEMISH: YOUR HONOR, ON BEHALF OF MR. ALFONZO, JUST BRIEFLY. I WOULD LIKE TO -- I DON'T KNOW WHAT THE COURT'S PROCEDURE IS AS FAR AS PROPERTY GOES. I KNOW SOME JUDGES, I THINK MOST JUDGES, ORDER THAT THE PROPERTY BE RETURNED TO THE DEFENDANT.

THE COURT: THAT WILL BE IN THE JUDGMENT AND COMMITMENT.

MR. LEMISH: OKAY. I APPRECIATE THAT.

WITH THAT, I THINK WE WILL SUBMIT ON THE COURT'S TENTATIVE.

THE COURT: ALL RIGHT. MR. ALFONZO-RABANALES, IS THERE ANYTHING YOU WANT TO SAY BEFORE THE COURT IMPOSES SENTENCE?

DEFENDANT ALFONZO-RABANALES: NO.

THE COURT: ALL RIGHT. THE COURT FINDS THAT THE TIME-SERVED SENTENCE IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO IMPRESS UPON MR. ALFONZO-RABANALES THE SERIOUSNESS OF THE CRIME, TO PROMOTE RESPECT FOR THE LAW, TO PROVIDE ADEQUATE DETERRENCE TO FUTURE CONDUCT OF THIS SORT. THEREFORE, THE SENTENCE WILL BE TIME SERVED.

DOES THE UNITED STATES HAVE A MOTION ON THE FINE AND THE SPECIAL ASSESSMENT BASED ON INABILITY TO PAY?

MR. WONG: YES. THE GOVERNMENT MOVES TO REMIT AS TO ALL THE DEFENDANTS, YOUR HONOR.

THE COURT: ALL RIGHT. THAT WILL BE THE JUDGMENT OF

THE COURT.

MR. LEMISH: THANK YOU, YOUR HONOR.

THE COURT: THANK YOU.

ALL RIGHT. FOR MR. HERNANDEZ-REYES, AGAIN, NO CRIMINAL HISTORY, NO IMMIGRATION HISTORY. I'M INCLINED TO FOLLOW THE TIME-SERVED RECOMMENDATION.

DOES COUNSEL WANT TO MAKE ANY ARGUMENT?

MR. LEMISH: I REALLY DON'T HAVE AN ARGUMENT ON HIM, GIVEN THE COURT'S TENTATIVE. I WILL SAY THAT HE WAS TOLD THAT -- AND I DON'T KNOW IF THIS WAS COMMUNICATION BREAKDOWN OR WHAT IT IS, BUT HE WAS TOLD WHEN HIS PROPERTY WAS TAKEN AWAY THAT HE WASN'T GOING TO GET IT BACK UNLESS A FAMILY MEMBER CAME AND PICKED IT UP WITHIN 30 DAYS. I THINK THAT PROBABLY IS A MISCOMMUNICATION.

THE COURT: WELL, IT WILL BE IN THE J&C THAT IT BE RETURNED TO HIM.

MR. LEMISH: ALL RIGHT. WITH THAT, WE'LL SUBMIT ON THE TENTATIVE.

THE COURT: ALL RIGHT. MR. HERNANDEZ-REYES, SIR, IS THERE ANYTHING YOU WOULD LIKE TO SAY BEFORE THE COURT IMPOSES SENTENCE?

DEFENDANT HERNANDEZ-REYES: SO HOW MUCH TIME IS TIME SERVED?

THE COURT: AS MUCH TIME AS YOU'VE BEEN IN CUSTODY, SIR. I THINK YOU'VE ONLY BEEN IN CUSTODY ONE DAY.

MR. LEMISH: ACTUALLY, THREE DAYS, YOUR HONOR.

THE COURT: THREE DAYS, OKAY. SO THE TIME YOU SPENT IN CUSTODY IS TIME SERVED.

DEFENDANT HERNANDEZ-REYES: YES, YOUR HONOR.

THE COURT: OKAY. IS THERE ANYTHING YOU WANT TO SAY?

DEFENDANT HERNANDEZ-REYES: NO.

THE COURT: ALL RIGHT. THEN THE COURT WILL IMPOSE THE TIME-SERVED SENTENCE, AS I THINK IT'S SUFFICIENT BUT NOT GREATER THAN NECESSARY TO IMPRESS MR. HERNANDEZ-REYES THE SERIOUSNESS OF THE CRIME CHARGED, TO PROMOTE RESPECT FOR THE LAW AND ADEQUATE DETERRENCE TO FUTURE CONDUCT OF THIS SORT. THE COURT WILL WAIVE THE FINE AND SPECIAL ASSESSMENT.

THAT WILL BE THE JUDGMENT OF THE COURT. THANK YOU, SIR.

ALL RIGHT. MR. NAJERA-SANTOS, HE HAS A PRIOR MISDEMEANOR DUI AND A MISDEMEANOR ILLEGAL ENTRY FROM JUNE OF THIS YEAR, WITH ONE PRIOR DEPORT.

WHAT IS THE RECOMMENDATION AS TO SENTENCING FROM DEFENSE COUNSEL?

MR. LEMISH: TIME SERVED, YOUR HONOR.

THE COURT: ALL RIGHT. AND THE GOVERNMENT JOINS ON THAT?

MR. WONG: YES, YOUR HONOR.

THE COURT: ALL RIGHT. IS THERE ANYTHING,

MR. NAJERA-SANTOS, YOU WOULD LIKE TO SAY BEFORE THE COURT IMPOSES SENTENCE?

DEFENDANT NAJERA-SANTOS: NO.

THE COURT: ALL RIGHT.

MR. LEMISH: UNLESS THE COURT IS INCLINED TO GIVE A TIME-SERVED SENTENCE, I DO HAVE SOME DETAILS ON MR. NAJERA ALSO.

THE COURT: I'M GOING TO FOLLOW THE TIME-SERVED SENTENCE. I MEAN, YOU'RE WELCOME TO TALK ME OFF OF THAT, BUT --

MR. LEMISH: GIVEN THE COURT'S TENTATIVE, I THINK WE'LL SUBMIT.

THE COURT: OKAY. I THINK TIME SERVED IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO IMPRESS UPON MR. NAJERA THE SERIOUSNESS OF THE CRIME, TO PROMOTE RESPECT FOR THE LAW AND ADEQUATE DETERRENCE. I THINK HE KNOWS IF HE COMES BACK THAT THE SENTENCE WILL ONLY GET BIGGER.

SO I WILL WAIVE THE FINE AND SPECIAL ASSESSMENT AND IMPOSE TIME SERVED. THANK YOU, SIR.

MR. LEMISH: THANK YOU, YOUR HONOR.

THE COURT: THANK YOU.

MR. VALLEJO-ARGUELLES HAS NO IMMIGRATION OR CRIMINAL HISTORY. I'D BE INCLINED TO FOLLOW THE TIME-SERVED SENTENCE.

ANYTHING COUNSEL WANTS TO ADD?

MR. LEMISH: I'M NOT -- ON BEHALF OF MR. VALLEJO,

WE'LL SUBMIT ON THE TENTATIVE, YOUR HONOR.

THE COURT: ALL RIGHT. MR. VALLEJO, ANYTHING YOU WANT TO SAY BEFORE THE COURT IMPOSES SENTENCE?

DEFENDANT VALLEJO-ARGUELLES: NO.

THE COURT: ALL RIGHT. THEN I THINK THE TIME-SERVED SENTENCE IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO IMPRESS UPON MR. VALLEJO-ARGUELLES THE SERIOUSNESS OF THE CRIME, TO PROMOTE RESPECT FOR THE LAW AND TO PROVIDE ADEQUATE DETERRENCE TO FUTURE CONDUCT OF THIS SORT. THEREFORE, I WILL IMPOSE TIME SERVED, WAIVE THE FINE AND THE SPECIAL ASSESSMENT.

THANK YOU, SIR.

MR. LEMISH: THANK YOU, YOUR HONOR.

THE COURT: YOU'RE WELCOME.

FOR MR. JIMENEZ-ESCOBEDO, NO CRIMINAL HISTORY, NO IMMIGRATION HISTORY. I'M INCLINED TO FOLLOW THE TIME-SERVED SENTENCE.

DO COUNSEL WANT TO ADD ANYTHING?

MR. COTSIRILOS: YEAH. I WOULD JUST ADD THAT MR. JIMENEZ-ESCOBEDO CAME HERE TO SEND MONEY TO HIS MOTHER WHO IS DIABETIC AND CANNOT AFFORD MEDICATION EXPENSES. (INAUDIBLE).

THE COURT: THANK YOU.

MR. JIMENEZ-ESCOBEDO, IS THERE ANYTHING THAT YOU'D LIKE TO SAY BEFORE THE COURT IMPOSES SENTENCE?

DEFENDANT JIMENEZ-ESCOBEDO:  NO.

THE COURT:  ALL RIGHT.  THEN THE COURT WILL FOLLOW THE JOINT RECOMMENDATION OF TIME SERVED, WAIVE THE FINE AND THE SPECIAL ASSESSMENT, AS I FIND THAT TIME SERVED IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO IMPRESS UPON MR. JIMENEZ-ESCOBEDO THE SERIOUSNESS OF THE CRIME, TO PROMOTE RESPECT FOR THE LAW AND TO PROVIDE ADEQUATE DETERRENCE TO FUTURE CONDUCT OF THIS SORT.

THAT WILL BE THE JUDGMENT OF THE COURT.  THANK YOU, SIR.

MR. COTSIRILOS:  THANK YOU, YOUR HONOR.

THE COURT:  YOU'RE WELCOME.

NEXT, MS. NAJERA-SANTIAGO.  NO PRIOR CRIMINAL HISTORY OR IMMIGRATION HISTORY.  I'M INCLINED TO FOLLOW THE TIME-SERVED SENTENCE.

DOES EITHER COUNSEL WANT TO ARGUE?

MR. KINGTON:  I HAVE NO ARGUMENT AS TO THE SENTENCE, YOUR HONOR.

I DID WANT TO POINT OUT THAT MS. NAJERA AND MR. NAJERA, WHO IS CALENDAR MATTER 3, THEY ARE HUSBAND AND WIFE.  THEY ARE FROM OAXACA.  WE WERE HOPING THAT THEY WOULD BE DEPORTED AT THE SAME TIME SO THAT THEY CAN GO BACK THERE TOGETHER.  MS. NAJERA IS 21.

THE COURT:  I'LL MAKE THAT RECOMMENDATION.

MR. KINGTON:  THANK YOU.

COMPUTER-AIDED TRANSCRIPTION

THE COURT: MS. NAJERA-SANTIAGO, IS THERE ANYTHING YOU'D LIKE TO SAY BEFORE THE COURT IMPOSES SENTENCE?

DEFENDANT NAJERA-SANTIAGO: NO.

THE COURT: THEN I'M GOING TO FOLLOW THE TIME-SERVED SENTENCE, AS I THINK IT'S SUFFICIENT BUT NOT GREATER THAN NECESSARY TO IMPRESS UPON MS. NAJERA-SANTIAGO THE SERIOUSNESS OF THE CRIME, TO PROMOTE RESPECT FOR THE LAW AND TO PROVIDE ADEQUATE DETERRENCE. THE FINE AND SPECIAL ASSESSMENT ARE WAIVED.

I WILL RECOMMEND THAT SHE BE DEPORTED WITH HER HUSBAND. THANK YOU, MA'AM.

HECTOR JIMENEZ-DURAN. NO CRIMINAL HISTORY, NO IMMIGRATION HISTORY. THE COURT IS INCLINED TO FOLLOW THE JOINT RECOMMENDATION.

DOES EITHER SIDE WANT TO ADD ANYTHING?

MR. WONG: NO, YOUR HONOR.

MR. KINGTON: NO, YOUR HONOR.

THE COURT: ALL RIGHT. MR. JIMENEZ-DURAN, IS THERE ANYTHING THAT YOU WOULD LIKE TO SAY BEFORE THE COURT IMPOSES SENTENCE?

DEFENDANT JIMENEZ-DURAN: NO.

THE COURT: ALL RIGHT. THEN I'M GOING TO FOLLOW THE JOINT RECOMMENDATION OF TIME SERVED. I WILL WAIVE THE FINE AND SPECIAL ASSESSMENT, AS I FIND THE SENTENCE IMPOSED IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO PROVIDE ADEQUATE

DETERRENCE, PROMOTE RESPECT FOR THE LAW AND TO IMPRESS UPON MR. JIMENEZ THE SERIOUSNESS OF THE CRIME. THE FINE AND SPECIAL ASSESSMENT ARE WAIVED.

THAT WILL BE THE JUDGMENT OF THE COURT. THANK YOU, SIR.

FOR MR. MARTINEZ-MARTINEZ, HE HAS NO CRIMINAL HISTORY, NO IMMIGRATION HISTORY. I'M INCLINED TO FOLLOW THE TIME-SERVED RECOMMENDATION.

DOES EITHER SIDE WISH TO ARGUE?

MR. KINGTON: NO, YOUR HONOR.

THE COURT: ALL RIGHT. MR. MARTINEZ-MARTINEZ, IS THERE ANYTHING THAT YOU WOULD LIKE TO SAY BEFORE THE COURT IMPOSES SENTENCE?

DEFENDANT MARTINEZ-MARTINEZ: NO.

THE COURT: ALL RIGHT. THEN THE COURT WILL FOLLOW THE JOINT RECOMMENDATION OF TIME SERVED. THE FINE AND SPECIAL ASSESSMENT ARE WAIVED. I FIND THAT THE SENTENCE IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO IMPRESS UPON MR. MARTINEZ-MARTINEZ THE SERIOUSNESS OF THE CRIME, TO PROMOTE RESPECT FOR THE LAW AND TO PROVIDE ADEQUATE DETERRENCE.

THAT WILL BE THE JUDGMENT OF THE COURT. THANK YOU, SIR.

FOR MR. HUIZAR-COVARRUBIA, HE HAS A MISDEMEANOR RECKLESS DRIVING AND DRIVING WITHOUT A LICENSE FROM

DECEMBER OF 2006, AND A MISDEMEANOR BURGLARY FROM JUNE OF 2007, WITH TWO PRIOR DEPORTATIONS.

IS THIS A TIME-SERVED RECOMMENDATION?

MR. WONG:  IT IS, YOUR HONOR.

THE COURT:  ANYTHING THAT COUNSEL WANTS TO ADD?

MR. KINGTON:  IS THE COURT'S TENTATIVE TO FOLLOW THE RECOMMENDATION?  I HAVE SOME THINGS TO SAY.

THE COURT:  IT WOULD BE MY TENTATIVE TO FOLLOW THE RECOMMENDATION.  THESE MISDEMEANORS ARE PRETTY OLD.

MR. KINGTON:  THAT'S ALL I HAD TO SAY, SO I'LL SUBMIT.

THE COURT:  ALL RIGHT.  MR. HUIZAR, SIR, BEFORE THE COURT IMPOSES SENTENCE, ANYTHING THAT YOU WOULD LIKE TO SAY?

DEFENDANT HUIZAR-COVARRUBIA:  NO.

THE COURT:  ALL RIGHT.  THEN THE COURT FINDS THAT THE TIME-SERVED SENTENCE IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO IMPRESS UPON MR. HUIZAR-COVARRUBIA THE SERIOUSNESS OF THE CRIME, TO PROMOTE RESPECT FOR THE LAW AND TO PROVIDE ADEQUATE DETERRENCE.  THEREFORE, I WILL IMPOSE TIME SERVED, WAIVE THE FINE AND SPECIAL ASSESSMENT.  THAT WILL BE THE JUDGMENT OF THE COURT.

THANK YOU, LADIES AND GENTLEMEN.

MR. KINGTON:  THANK YOU, YOUR HONOR.

THE COURT:  YOU'RE WELCOME.

THE CLERK:  CALLING MATTERS 10 THROUGH 16 AND 21 AND

COMPUTER-AIDED TRANSCRIPTION

22.

MATTER NO. 10, 18MJ21445-NLS, THE UNITED STATES OF AMERICA VERSUS SERGIO MUNOZ-CABRERA.

MR. COTSIRILOS: YES. JOHN COTSIRILOS ON BEHALF OF MR. SERGIO MUNOZ-CABRERA.

THE COURT: THANK YOU.

THE CLERK: NO. 11, 18MJ21465-NLS, THE UNITED STATES OF AMERICA VERSUS ELIKA SANTOS-SANTIAGO.

MR. COTSIRILOS: JOHN COTSIRILOS ON BEHALF OF ELIKA SANTOS-SANTIAGO. I WILL NEED ONE MOMENT WITH HER, YOUR HONOR.

THE CLERK: NO. 12, 18MJ21478-NLS, THE UNITED STATES OF AMERICA VERSUS FROILAN DIAZ-SALDIVAR.

MR. COTSIRILOS: JOHN COTSIRILOS AGAIN ON BEHALF OF FROILAN DIAZ-SALDIVAR.

THE COURT: THANK YOU.

THE CLERK: 13, 18MJ21440-NLS, THE UNITED STATES OF AMERICA VERSUS AGUSTIN ADAN-SALVADOR.

MS. STEVENS: GOOD AFTERNOON, YOUR HONOR. KAREN STEVENS APPEARING ON BEHALF OF ADAN-SALVARDOR.

THE COURT: THANK YOU.

THE CLERK: 14, 18MJ21453-NLS, THE UNITED STATES OF AMERICA VERSUS DIOSCORO MARTINEZ-HERNANDEZ.

MS. STEVENS: KAREN STEVENS BEHALF OF MR. MARTINEZ-HERNANDEZ.

THE COURT:  THANK YOU.

THE CLERK:  15, 18MJ21466-NLS, THE UNITED STATES OF AMERICA VERSUS PONCIANO DOMINGO SANTOS-GARCIA.

MS. STEVENS:  KAREN STEVENS APPEARING ON BEHALF OF MR. SANTOS-GARCIA.

THE COURT:  THANK YOU.

THE CLERK:  16, 18MJ21479-NLS, THE UNITED STATES OF AMERICA VERSUS DOMINGO CAAL-MACZ.

MS. STEVENS:  KAREN STEVENS ON BEHALF OF MR. CAAL-MACZ.

THE COURT:  THANK YOU.

THE CLERK:  21, 18MJ21442-NLS, THE UNITED STATES OF AMERICA VERSUS ANGEL ISIDRO VALENCIA-CARRILLO.

MS. DEATON:  GOOD AFTERNOON, YOUR HONOR.  JANICE DEATON ON BEHALF OF MR. VALENCIA-CARRILLO.

THE COURT:  THANK YOU.

THE CLERK:  22, 18MJ21455-NLS, THE UNITED STATES OF AMERICA VERSUS JOSE CHAJON-CHAJON.

MS. DEATON:  GOOD AFTERNOON.  JANICE DEATON ON BEHALF OF MR. CHAJON-CHAJON.

THE COURT:  THANK YOU.

MR. MORELL:  MAY IT PLEASE THE COURT, YOUR HONOR. BEFORE THE COURT BEGINS ON THESE CASES, IT LOOKS AS THOUGH THE COURT IS NOT GOING TO GET TO US.  WE'RE 45 ON DOWN; I DON'T THINK YOU'LL GET TO US.

CAN WE SIMPLY TRAIL IT UNTIL TOMORROW AT 10:00 AT THIS POINT?

THE COURT: HOW MANY DO YOU HAVE?

MR. MORELL: FOUR OF THEM, YOUR HONOR, AND THEY ARE ALL GOING TO PLEAD; STARTING WITH NO. 45, 46, 47, 48. AND MR. NIETOR HAS THE NEXT THREE.

MR. NIETOR: I'M IN THE SAME SITUATION, 49 TO 51.

THE COURT: 49 TO 51. ALL RIGHT.

SO 45 THROUGH 51 WE'LL PUT ON TOMORROW MORNING AT 10:00.

MR. MORELL: SAME DEPARTMENT, YOUR HONOR?

THE COURT: SAME PLACE.

MR. MORELL: THANK YOU.

MR. NIETOR: THANK YOU, YOUR HONOR.

MR. MORELL: MAY WE BE EXCUSED?

THE COURT: YES. YOU MAY BE EXCUSED. HAVE A NICE EVENING.

MR. COTSIRILOS: YOUR HONOR, I'M SORRY. ON NO. 11, MS. SANTOS-SANTIAGO, I THINK SHE HAS DECIDED TO PURSUE BOND AND WILL NOT BE PLEADING GUILTY THIS AFTERNOON.

THE COURT: ALL RIGHT. SO WE'LL ASK THE MARSHALS OR CUSTOMS OFFICERS TO TAKE HER BACK. THANK YOU.

MR. COTSIRILOS: THANK YOU.

THE COURT: AND THAT'S NUMBER?

MR. COTSIRILOS: 11.

THE COURT: 11. ALL RIGHT. THANK YOU.

THE CLERK: ALSO CALLING MATTER NO. 23, 18MJ21468-NLS, THE UNITED STATES OF AMERICA VERSUS IVAN GERARDO MERCADO-TRILLO.

MS. DEATON: JANICE DEATON APPEARING AGAIN ON BEHALF OF MR. MERCADO-TRILLO.

THE COURT: THANK YOU.

MR. COTSIRILOS: YOUR HONOR, MR. MUNOZ-CABRERA WOULD LIKE TO WAIT UNTIL TOMORROW MORNING TO ENTER HIS PLEA.

THE COURT: WHAT NUMBER?

MR. COTSIRILOS: HIS NUMBER IS NO. 10.

THE COURT: OKAY. WE'LL ASK THE MARSHALS TO TAKE MR. MUNOZ, NO. 10, BACK. WE'LL SET HIM FOR TOMORROW MORNING AT 10:00.

MR. COTSIRILOS: THANK YOU.

THE COURT: YOU'RE WELCOME.

WE CAN ADD ANOTHER ONE, MS. DEATON'S LAST ONE. I KNOW YOU WERE HOPING FOR THAT.

MS. DEATON: I WAS, YOUR HONOR. I WAS TRYING TO FIGURE OUT HOW I WAS GOING TO REARRANGE MY HAIRCUT TOMORROW MORNING, WHICH I WAS GOING TO DO.

THE CLERK: ALSO CALLING MATTER NO. 24, 18MJ21481-NLS, THE UNITED STATES OF AMERICA VERSUS RANDAL GUADALUPE LUNA-DIAS.

MS. DEATON: AND JANICE DEATON ON BEHALF OF

MR. DIAS.

THE COURT: THANK YOU.

ALL RIGHT. GENTLEMEN, GOOD AFTERNOON. ARE WE WAITING FOR ONE?

THE MARSHAL: JUST ONE MORE, YOUR HONOR.

THE COURT: I THOUGHT WE WERE ONE DOWN.

MS. DEATON: MR. LUNA IS NOW PRESENT, YOUR HONOR.

THE COURT: THANK YOU.

ALL RIGHT. GENTLEMEN, GOOD AFTERNOON.

MS. LEE, WOULD YOU PLEASE PLACE EACH OF THESE GENTLEMEN UNDER OATH AND ARRAIGN THEM ON THE COMPLAINT.

THE CLERK: YES, YOUR HONOR. PLEASE RAISE YOUR RIGHT HAND.

YOU DO SOLEMNLY SWEAR THAT THE EVIDENCE YOU SHALL GIVE IN THE CAUSE NOW BEFORE THE COURT SHALL BE THE TRUTH, THE WHOLE TRUTH AND NOTHING BUT THE TRUTH?

THE INTERPRETER: YES AS TO ALL.

THE CLERK: YOU CAN PUT YOUR HANDS DOWN.

SERGIO MUNOZ-CABRERA, IS THAT YOUR TRUE NAME, SIR? NO. I'M SORRY.

FROILAN DIAZ-SALDIVAR, IS THAT YOUR TRUE NAME, SIR?

DEFENDANT DIAZ-SALDIVAR: YES.

THE CLERK: AGUSTIN ADAN-SALVADOR, IS THAT YOUR TRUE NAME, SIR?

DEFENDANT ADAN-SALVADOR: YES.

THE CLERK:  DIOSCORO MARTINEZ-HERNANDEZ, IS THAT YOUR TRUE NAME, SIR?

DEFENDANT MARTINEZ-HERNANDEZ:  YES.

THE CLERK:  PONCIANO DOMINGO SANTOS-GARCIA, IS THAT YOUR TRUE NAME, SIR?

DEFENDANT SANTOS-GARCIA:  YES.

THE CLERK:  DOMINGO CAAL-MACZ, IS THAT YOUR TRUE NAME, SIR?

DEFENDANT CAAL-MACZ:  YES.

THE CLERK:  ANGEL ISIDRO VALENCIA-CARRILLO, IS THAT YOUR TRUE NAME, SIR?

DEFENDANT VALENCIA-CARRILLO:  YES.

THE CLERK:  JOSE CHAJON-CHAJON, IS THAT YOUR TRUE NAME, SIR?

DEFENDANT CHAJON-CHAJON:  YES.

THE CLERK:  IVAN GERARDO MERCADO-TRILLO, IS THAT YOUR TRUE NAME, SIR?

DEFENDANT MERCADO-TRILLO:  MERCADO-TRILLO, YES.

THE CLERK:  AND RANDAL GUADALUPE LUNA-DIAS, IS THAT YOUR TRUE NAME, SIR?

DEFENDANT LUNA-DIAS:  YES.

THE CLERK:  YOU ARE EACH HEREBY INFORMED THAT A COMPLAINT HAS BEEN FILED CHARGING YOU EACH WITH ILLEGAL ENTRY, MISDEMEANOR.

COUNSEL, HAVE YOU RECEIVED A COPY OF THE COMPLAINT

AND DO YOU WAIVE FURTHER READING?

MR. COTSIRILOS: YES.

MS. STEVENS: YES.

MS. DEATON: YES.

THE CLERK: YOU ARE FURTHER INFORMED THAT YOU HAVE THE RIGHT TO BE REPRESENTED BY COUNSEL AT ALL PROCEEDINGS BEFORE THE COURT. YOU HAVE THE RIGHT TO REMAIN SILENT. YOU HAVE THE RIGHT TO A TRIAL, JUDGMENT AND SENTENCE BY MAGISTRATE JUDGE, AND YOU HAVE THE RIGHT TO CONFRONT AND CROSS-EXAMINE ANY WITNESS THAT TESTIFY AGAINST YOU, AND YOU HAVE THE RIGHT TO HAVE WITNESSES SUBPOENAED TO TESTIFY IN YOUR BEHALF.

HOW DO YOU EACH NOW PLEAD TO THE COUNT IN THE COMPLAINT IN WHICH YOU ARE NAMED?

THE COURT: AT THIS POINT IN THE PROCEEDINGS, THE COURT WILL TAKE A NOT-GUILTY PLEA TO THE COMPLAINT ON BEHALF OF EACH OF THESE GENTLEMEN.

NOW, I HAVE BEEN ADVISED BY COUNSEL THAT EACH OF YOU WANTS TO CHANGE YOUR PLEA THIS AFTERNOON AND ENTER A GUILTY PLEA TO THE MISDEMEANOR CHARGE.

IS THAT HOW YOU EACH WANT TO PROCEED?

MR. DIAZ-SALDIVAR?

DEFENDANT DIAZ-SALDIVAR: YES.

THE COURT: MR. ADAN-SALVADOR?

DEFENDANT ADAN-SALVADOR: YES.

THE COURT: MR. MARTINEZ-HERNANDEZ?

MR. MARTINEZ-HERNANDEZ, DO YOU WANT TO ENTER A GUILTY PLEA THIS AFTERNOON?

DEFENDANT MARTINEZ-HERNANDEZ: NO.

THE COURT: OKAY. WHO REPRESENTS --

MS. STEVENS: I DO. IF I COULD HAVE JUST ONE MOMENT.

(ATTORNEY/CLIENT CONFERENCE.)

MS. STEVENS: OKAY. YOUR HONOR, APPARENTLY --

THE COURT: HE'S CHANGED HIS MIND?

MS. STEVENS: BOTH MARTINEZ AND MR. SANTOS-GARCIA CAME IN TOGETHER -- (INAUDIBLE). BUT THAT'S THE FIRST I'VE HEARD OF IT, YOUR HONOR.

THE COURT: ALL RIGHT. SO MR. MARTINEZ-HERNANDEZ, HE NO LONGER WANTS TO PLEAD THIS AFTERNOON? THAT'S NO. 14.

WHO IS THE OTHER INDIVIDUAL?

MS. STEVENS: IT WOULD BE MR. SANTOS-GARCIA.

THE COURT: NO. 15. MR. SANTOS-GARCIA, WHERE ARE YOU?

YOU DON'T WANT TO ENTER A PLEA THIS AFTERNOON? DO YOU OR DO YOU NOT WANT TO PLEAD TODAY?

DEFENDANT SANTOS-GARCIA: NO.

THE COURT: OKAY. SO WE'LL TAKE NO. 14 AND NO. 15 BACK.

ALL RIGHT. SO MR. ADAN-SALVADOR, SIR, DO YOU WANT

TO PLEAD GUILTY THIS AFTERNOON?

DEFENDANT ADAN-SALVADOR:  YES.

THE COURT:  OKAY.  MR. CAAL-MACZ, SIR, DO YOU WANT TO PLEAD GUILTY?

DEFENDANT CAAL-MACZ:  YES.

THE COURT:  ALL RIGHT.  MR. VALENCIA-CARRILLO?

DEFENDANT VALENCIA-CARRILLO:  YES.

THE COURT:  MR. CHAJON-CHAJON?

DEFENDANT CHAJON-CHAJON:  YES.

THE COURT:  AND MR. MERCADO-TRILLO?

DEFENDANT MERCADO-TRILLO:  YES.

THE COURT:  AND MR. LUNA-DIAS?

DEFENDANT LUNA-DIAS:  YES.

THE COURT:  ALL RIGHT.  THE ORAL PLEA AGREEMENT BETWEEN THE GOVERNMENT AND EACH OF THESE INDIVIDUALS IS THAT THEY WILL ENTER A PLEA TO THE MISDEMEANOR CHARGE AND THEY WILL AGREE TO IMMEDIATE SENTENCING, WAIVE APPEAL AND COLLATERAL ATTACK.

IS THAT THE AGREEMENT BETWEEN THE PARTIES?

MS. DEATON:  THAT IS, YOUR HONOR.

MS. STEVENS:  YES, YOUR HONOR.

MR. WONG:  YES, YOUR HONOR.

THE COURT:  ALL RIGHT.  THEN GENTLEMEN, I'M NOW GOING TO ADVISE YOU OF YOUR CONSTITUTIONAL RIGHTS.

YOU HAVE THE RIGHT TO PERSIST IN YOUR PLEA OF NOT

GUILTY. YOU HAVE THE RIGHT TO TRIAL, JUDGMENT AND SENTENCING BEFORE A MAGISTRATE JUDGE.

YOU HAVE THE RIGHT TO ASSISTANCE OF COUNSEL THROUGHOUT THE PROCEEDINGS, INCLUDING AT TRIAL. YOU HAVE THE RIGHT TO CONFRONT AND CROSS-EXAMINE WITNESSES WHO WOULD TESTIFY AGAINST YOU. YOU HAVE THE RIGHT TO PRESENT A DEFENSE, TO TESTIFY ON YOUR OWN BEHALF AND TO SUBPOENA WITNESSES TO COURT TO TESTIFY ON YOUR BEHALF.

YOU ALSO HAVE THE RIGHT AGAINST COMPELLED SELF-INCRIMINATION MEANING THAT YOU CANNOT BE FORCED TO TESTIFY AT ANY HEARING OR AT TRIAL AND THE GOVERNMENT CANNOT COMMENT ON YOUR SILENCE.

DO EACH OF YOU UNDERSTAND THE CONSTITUTIONAL RIGHTS AS I'VE JUST DESCRIBED THEM?

MR. DIAZ-SALDIVAR?

DEFENDANT DIAZ-SALDIVAR: YES.

THE COURT: MR. ADAN-SALVADOR?

DEFENDANT ADAN-SALVADOR: YES.

THE COURT: MR. CAAL-MACZ?

DEFENDANT CAAL-MACZ: YES.

THE COURT: MR. VALENCIA-CARRILLO?

DEFENDANT VALENCIA-CARRILLO: YES.

THE COURT: MR. CHAJON-CHAJON?

DEFENDANT CHAJON-CHAJON: YES.

THE COURT: MR. MERCADO-TRILLO?

DEFENDANT MERCADO-TRILLO: YES.

THE COURT: AND MR. LUNA-DIAS?

DEFENDANT LUNA-DIAS: YES.

THE COURT: IF EACH OF YOU ENTERS A GUILTY PLEA THIS AFTERNOON TO THE MISDEMEANOR CHARGE, THERE WILL BE NO TRIAL, AND YOU WILL BE GIVING UP THE CONSTITUTIONAL RIGHTS THAT I JUST DESCRIBED EXCEPT FOR THE RIGHT TO CONTINUED ASSISTANCE OF COUNSEL.

DO EACH OF YOU UNDERSTAND AND AGREE TO GIVE UP THOSE RIGHTS?

MR. DIAZ-SALDIVAR?

DEFENDANT DIAZ-SALDIVAR: YES.

THE COURT: MR. ADAN-SALVADOR?

DEFENDANT ADAN-SALVADOR: YES.

THE COURT: MR. CAAL-MACZ?

DEFENDANT CAAL-MACZ: YES.

THE COURT: MR. VALENCIA-CARRILLO?

DEFENDANT VALENCIA-CARRILLO: YES.

THE COURT: MR. CHAJON-CHAJON?

DEFENDANT CHAJON-CHAJON: YES.

THE COURT: MR. MERCADO-TRILLO?

DEFENDANT MERCADO-TRILLO: YES.

THE COURT: MR. LUNA-DIAS?

DEFENDANT LUNA-DIAS: YES.

THE COURT: EACH OF YOU IS CHARGED BY WAY OF A

CRIMINAL COMPLAINT WITH ILLEGAL ENTRY INTO THE UNITED STATES BY ELUDING EXAMINATION AND INSPECTION BY IMMIGRATION OFFICIALS.

IF YOU WERE TO GO TO TRIAL ON THE CHARGE, THE UNITED STATES WOULD HAVE TO PROVE BEYOND A REASONABLE DOUBT THAT ON THE DATE ALLEGED IN THE COMPLAINT, YOU WERE NOT A CITIZEN OF THE UNITED STATES AND THAT ON THAT DATE YOU KNOWINGLY ELUDED EXAMINATION AND INSPECTION BY U.S. IMMIGRATION OFFICIALS AT THE TIME YOU ENTERED THE UNITED STATES.

IF YOU PLEAD GUILTY TO THE CHARGE, YOU WILL BE ADMITTING THE ELEMENTS OF THE CRIME.

DO EACH OF YOU UNDERSTAND THAT?

MR. DIAZ-SALDIVAR?

DEFENDANT DIAZ-SALDIVAR: YES.

THE COURT: MR. ADAN-SALVADOR?

DEFENDANT ADAN-SALVADOR: YES.

THE COURT: MR. CAAL-MACZ?

DEFENDANT CAAL-MACZ: YES.

THE COURT: MR. VALENCIA-CARRILLO?

DEFENDANT VALENCIA-CARRILLO: YES.

THE COURT: MR. CHAJON-CHAJON?

DEFENDANT CHAJON-CHAJON: YES.

THE COURT: MR. MERCADO-TRILLO?

DEFENDANT MERCADO-TRILLO: YES.

THE COURT: AND MR. LUNA-DIAS?

DEFENDANT LUNA-DIAS:  YES.

THE COURT:  IF YOU EACH ENTER A GUILTY PLEA TO THE CHARGE AGAINST YOU THIS AFTERNOON, YOU WILL BE ADMITTING THOSE ELEMENTS.

AND NOW I'M GOING TO ADVISE YOU OF THE MAXIMUM PENALTIES ASSOCIATED WITH THE CHARGE, WHICH ARE SIX MONTHS IN PRISON, A $5,000 FINE AND A $10 SPECIAL ASSESSMENT.

ADDITIONALLY, BECAUSE EACH OF YOU LACKS STATUS IN THE UNITED STATES, THERE IS A STRONG LIKELIHOOD THAT AFTER YOU SERVE A SENTENCE IN THIS CASE, YOU WILL BE DEPORTED FROM THE UNITED STATES.

DO EACH OF YOU UNDERSTAND THE MAXIMUM PENALTIES AND THE LIKELIHOOD OF DEPORTATION?

MR. DIAZ-SALDIVAR?

DEFENDANT DIAZ-SALDIVAR:  YES.

THE COURT:  MR. ADAN-SALVADOR?

DEFENDANT ADAN-SALVADOR:  YES.

THE COURT:  MR. CAAL-MACZ?

DEFENDANT CAAL-MACZ:  YES.

THE COURT:  MR. VALENCIA-CARRILLO?

DEFENDANT VALENCIA-CARRILLO:  YES.

THE COURT:  MR. CHAJON-CHAJON?

DEFENDANT CHAJON-CHAJON:  YES.

THE COURT:  MR. MERCADO-TRILLO?

DEFENDANT MERCADO-TRILLO:  YES.

THE COURT:  AND MR. LUNA-DIAS?

DEFENDANT LUNA-DIAS:  YES.

THE COURT:  SO CONSIDERING THE POTENTIAL PENALTIES YOU CAN RECEIVE AND THE DEPORTATION CONSEQUENCES OF THE GUILTY PLEA, DO YOU EACH STILL WANT TO GIVE UP THE CONSTITUTIONAL RIGHTS I'VE TOLD YOU ABOUT EARLIER AND ENTER A GUILTY PLEA TO THE MISDEMEANOR CHARGE?

MR. DIAZ-SALDIVAR?

DEFENDANT DIAZ-SALDIVAR:  YES.

THE COURT:  MR. ADAN-SALVADOR?

DEFENDANT ADAN-SALVADOR:  YES.

THE COURT:  MR. CAAL-MACZ?

DEFENDANT CAAL-MACZ:  YES.

THE COURT:  MR. VALENCIA-CARRILLO?

DEFENDANT VALENCIA-CARRILLO:  YES.

THE COURT:  MR. CHAJON-CHAJON?

DEFENDANT CHAJON-CHAJON:  YES.

THE COURT:  MR. MERCADO-TRILLO?

DEFENDANT MERCADO-TRILLO:  YES.

THE COURT:  MR. LUNA-DIAS?

DEFENDANT LUNA-DIAS:  YES.

THE COURT:  I'M GOING TO READ THE CHARGE TO EACH OF YOU AND ASK YOU HOW YOU PLEAD, AND THEN I'M GOING TO ASK SOME QUESTIONS ABOUT THE FACTS SUPPORTING YOUR PLEA.  I DO NEED TO CAUTION YOU, IF YOU WERE TO GIVE A FALSE ANSWER TO ANY

QUESTION I ASK, YOU COULD LATER BE PROSECUTED FOR MAKING A FALSE STATEMENT.

SO, GENTLEMEN, EACH OF YOU IS CHARGED IN A MISDEMEANOR COMPLAINT WITH ILLEGAL ENTRY INTO THE UNITED STATES. HOW DO EACH OF YOU PLEAD TO THE CHARGE, ARE YOU GUILTY OR NOT GUILTY?

MR. DIAZ-SALDIVAR?

DEFENDANT DIAZ-SALDIVAR: GUILTY.

THE COURT: MR. ADAN-SALVADOR?

DEFENDANT ADAN-SALVADOR: GUILTY.

THE COURT: MR. CAAL-MACZ?

DEFENDANT CAAL-MACZ: GUILTY.

THE COURT: MR. VALENCIA-CARRILLO?

DEFENDANT VALENCIA-CARRILLO: GUILTY.

THE COURT: MR. CHAJON-CHAJON?

DEFENDANT CHAJON-CHAJON: GUILTY.

THE COURT: MR. MERCADO-TRILLO?

DEFENDANT MERCADO-TRILLO: GUILTY.

THE COURT: AND MR. LUNA-DIAS?

DEFENDANT LUNA-DIAS: GUILTY.

THE COURT: ALL RIGHT. WOULD COUNSEL LIKE TO GIVE THE FACTUAL BASIS FOR MR. DIAZ-SALDIVAR'S PLEA.

MR. COTSIRILOS: YES, YOUR HONOR.

MR. DIAZ-SALDIVAR IS A CITIZEN OF MEXICO. HE ENTERED THE UNITED STATES ON SEPTEMBER 8TH, 2018 WITHOUT

PERMISSION OR INSPECTION OF IMMIGRATION OFFICIALS.  HE WAS FOUND 24 MILES EAST OF TECATE AND 200 YARDS NORTH OF THE MEXICAN/UNITED STATES BORDER.

THE COURT:  MR. DIAZ-SALDIVAR, SIR, HAVING HEARD THE FACTUAL BASIS FOR YOUR PLEA, DO YOU ADMIT AND AGREE TO EACH AND EVERY OF THOSE FACTS?

DEFENDANT DIAZ-SALDIVAR:  YES.

THE COURT:  IS THE UNITED STATES SATISFIED WITH THE FACTUAL BASIS?

MR. WONG:  YES, YOUR HONOR.

THE COURT:  ALL RIGHT.  WOULD COUNSEL LIKE TO GIVE THE FACTUAL BASIS FOR MR. ADAN-SALVADOR'S PLEA.

MS. STEVENS:  YES.  THANK YOU, YOUR HONOR.

ON SEPTEMBER 7TH, MR. ADAN-SALVADOR WAS NOT A U.S. CITIZEN.  HE WAS A CITIZEN OF MEXICO.  ON THAT DATE, HE ENTERED THE UNITED STATES AT A PLACE OTHER THAN A PORT OF ENTRY IN ORDER TO ELUDE INSPECTION.  AND HE ENTERED OR WAS FOUND APPROXIMATELY 27 MILES EAST OF THE TECATE PORT OF ENTRY AND ABOUT A QUARTER MILE NORTH OF THE MEXICO/U.S. BORDER.

THE COURT:  ALL RIGHT.  THANK YOU.

MR. ADAN-SALVADOR, SIR, HAVING HEARD THE FACTUAL BASIS FOR YOUR PLEA AS STATED BY YOUR ATTORNEY, DO YOU ADMIT AND AGREE TO EACH AND EVERY OF THOSE FACTS?

DEFENDANT ADAN-SALVADOR:  YES.

THE COURT:  IS THE UNITED STATES SATISFIED WITH THE

FACTUAL BASIS?

MR. WONG: YES, YOUR HONOR.

THE COURT: WOULD COUNSEL LIKE TO GIVE THE FACTUAL BASIS FOR MR. CAAL-MACZ'S PLEA.

MS. STEVENS: YES, YOUR HONOR.

ON SEPTEMBER 8TH, MR. CAAL-MACZ WAS NOT A CITIZEN OF THE UNITED STATES. HE WAS A CITIZEN OF GUATEMALA. ON THAT DATE, MR. CAAL-MACZ ENTERED THE UNITED STATES AT A PLACE OTHER THAN A PORT OF ENTRY IN ORDER TO ELUDE INSPECTION. AND ON THAT DATE, HE WAS DISCOVERED APPROXIMATELY SIX AND A HALF MILES EAST OF THE TECATE PORT OF ENTRY AND APPROXIMATELY 220 YARDS NORTH OF THE MEXICO/U.S. BORDER.

THE COURT: ALL RIGHT. THANK YOU.

MR. CAAL-MACZ, SIR, HAVING HEARD THE FACTUAL BASIS FOR YOUR PLEA AS STATED BY YOUR ATTORNEY, DO YOU ADMIT AND AGREE TO EACH AND EVERY OF THOSE FACTS, SIR?

DEFENDANT CAAL-MACZ: YES.

THE COURT: IS THE UNITED STATES SATISFIED WITH THE FACTUAL BASIS?

MR. WONG: YES, YOUR HONOR.

THE COURT: WOULD COUNSEL LIKE TO GIVE THE FACTUAL BASIS FOR MR. VALENCIA-CARRILLO'S PLEA.

MS. DEATON: YES, YOUR HONOR.

ON SEPTEMBER 7TH, 2018, MR. VALENCIA WAS NOT A CITIZEN OF THE UNITED STATES, AND ON OR AFTER THAT DATE, HE

ENTERED -- I'M SORRY. ON OR BEFORE THAT DATE, HE ENTERED THE UNITED STATES ELUDING INSPECTION BY GOING -- BY ENTERING IN SOME PLACE OTHER THAN A LEGAL PORT OF ENTRY.

AND HE WAS FOUND 23 MILES EAST OF THE TECATE, CALIFORNIA PORT OF ENTRY AND APPROXIMATELY FOUR MILES NORTH OF THE BORDER.

THE COURT: ALL RIGHT. THANK YOU.

MR. VALENCIA-CARRILLO, SIR, HAVING HEARD THE FACTUAL BASIS FOR YOUR PLEA AS STATED BY YOUR ATTORNEY, DO YOU ADMIT AND AGREE TO EACH AND EVERY OF THOSE FACTS, SIR?

DEFENDANT VALENCIA-CARRILLO: YES.

THE COURT: IS THE UNITED STATES SATISFIED WITH THE FACTUAL BASIS?

MR. WONG: YES, YOUR HONOR.

THE COURT: WOULD COUNSEL LIKE TO GIVE THE FACTUAL BASIS FOR MR. CHAJON-CHAJON'S PLEA.

MS. DEATON: YES, YOUR HONOR.

ON SEPTEMBER 7TH, 2018, MR. CHAJON-CHAJON WAS NOT A CITIZEN OF THE UNITED STATES. ON OR ABOUT THAT DATE, HE ENTERED THE UNITED STATES ELUDING INSPECTION. HE WAS FOUND APPROXIMATELY FIVE MILES WEST OF THE SAN YSIDRO PORT OF ENTRY AND APPROXIMATELY 150 MILES NORTH OF THE UNITED STATES/MEXICO BORDER.

THE COURT: 150 YARDS.

MS. DEATON: I'M SORRY. 150 YARDS NORTH OF THE

UNITED STATES/MEXICO BORDER.

THE COURT: ALL RIGHT. THANK YOU.

MR. CHAJON-CHAJON, HAVING HEARD THE FACTUAL BASIS FOR YOUR PLEA, AS STATED BY YOUR ATTORNEY, DO YOU ADMIT AND AGREE TO EACH AND EVERY OF THOSE FACTS, SIR?

DEFENDANT CHAJON-CHAJON: YES.

THE COURT: IS THE UNITED STATES SATISFIED WITH THE FACTUAL BASIS?

MR. WONG: YES, YOUR HONOR.

THE COURT: WOULD COUNSEL LIKE TO GIVE THE FACTUAL BASIS FOR MR. MERCADO-TRILLO'S PLEA.

MS. DEATON: YES, YOUR HONOR.

YOUR HONOR, ON OR ABOUT SEPTEMBER 7TH, MR. -- SEPTEMBER 7TH, 2018, MR. MERCADO WAS NOT A CITIZEN OF THE UNITED STATES. HE ENTERED THE UNITED STATES BY ELUDING INSPECTION AND WAS FOUND APPROXIMATELY FIVE MILES WEST OF THE SAN YSIDRO, CALIFORNIA PORT OF ENTRY AND 200 YARDS NORTH OF THE BORDER.

THE COURT: ALL RIGHT. THANK YOU.

MR. MERCADO-TRILLO, SIR, HAVING HEARD THE FACTUAL BASIS FOR YOUR PLEA AS STATED BY YOUR ATTORNEY, DO YOU ADMIT AND AGREE TO EACH AND EVERY OF THOSE FACTS, SIR?

DEFENDANT MERCADO-TRILLO: YES.

THE COURT: IS THE UNITED STATES SATISFIED WITH THE FACTUAL BASIS?

MR. WONG: YES, YOUR HONOR.

THE COURT: ALL RIGHT. WOULD COUNSEL LIKE TO GIVE THE FACTUAL BASIS FOR MR. LUNA-DIAS' PLEA.

MS. DEATON: YES. THANK YOU, YOUR HONOR.

ON SEPTEMBER 8TH, 2018, MR. LUNA WAS NOT A CITIZEN OF THE UNITED STATES. ON OR ABOUT THAT DATE, HE ENTERED THE UNITED STATES BY ELUDING INSPECTION, AND HE WAS FOUND APPROXIMATELY TWO MILES EAST OF THE OTAY MESA, CALIFORNIA PORT OF ENTRY AND APPROXIMATELY ONE MILE NORTH OF THE UNITED STATES/MEXICO INTERNATIONAL BOUNDARY.

THE COURT: ALL RIGHT. THANK YOU.

MR. LUNA-DIAS, SIR, HAVING HEARD THE FACTUAL BASIS FOR YOUR PLEA AS STATED BY YOUR ATTORNEY, DO YOU ADMIT AND AGREE TO EACH AND EVERY OF THOSE FACTS, SIR?

DEFENDANT LUNA-DIAS: YES.

THE COURT: IS THE UNITED STATES SATISFIED WITH THE FACTUAL BASIS?

MR. WONG: YES, YOUR HONOR.

THE COURT: THEN MS. LEE, WOULD YOU NOW PLEASE RE-ARRAIGN EACH OF THESE GENTLEMEN.

THE CLERK: YES, YOUR HONOR.

NOW THAT YOU HAVE BEEN ADVISED OF YOUR RIGHTS, THE CHARGES AGAINST YOU, AND THE POSSIBLE SENTENCE, AS TO MR. DIAZ-SALDIVAR, HOW DO YOU NOW PLEAD TO COUNT 1 OF THE COMPLAINT, GUILTY OR NOT GUILTY?

DEFENDANT DIAZ-SALDIVAR:  GUILTY.

THE CLERK:  AS TO MR. ADAN-SALVADOR, HOW DO YOU NOW PLEAD TO COUNT 1 OF THE COMPLAINT, GUILTY OR NOT GUILTY?

DEFENDANT ADAN-SALVADOR:  GUILTY.

THE CLERK:  AS TO MR. MARTINEZ-HERNANDEZ, HOW DO YOU NOW PLEAD TO COUNT 1 OF THE COMPLAINT, GUILTY OR NOT GUILTY?

THE COURT:  I DON'T THINK HE'S ONE OF THE DEFENDANTS.  IT'S MR. CAAL-MACZ, NO. 16.

THE CLERK:  OH.

THE COURT:  WE TOOK 14 OUT.  14 AND 15 ARE NO LONGER WITH US.

THE CLERK:  OH, I'M SORRY.

AS TO MR. CAAL-MACZ, HOW DO YOU NOW PLEAD TO COUNT 1 OF THE COMPLAINT, GUILTY OR NOT GUILTY?

DEFENDANT CAAL-MACZ:  GUILTY.

THE CLERK:  AS TO MR. VALENCIA-CARRILLO, HOW DO YOU NOW PLEAD TO COUNT 1 OF THE COMPLAINT, GUILTY OR NOT GUILTY?

DEFENDANT VALENCIA-CARRILLO:  GUILTY.

THE CLERK:  AS TO MR. CHAJON-CHAJON, HOW DO YOU NOW PLEAD TO COUNT 1 OF THE COMPLAINT, GUILTY OR NOT GUILTY?

DEFENDANT CHAJON-CHAJON:  GUILTY.

THE CLERK:  AS TO MR. MERCADO-TRILLO, HOW DO YOU NOW PLEAD TO COUNT 1 OF THE COMPLAINT, GUILTY OR NOT GUILTY?

DEFENDANT MERCADO-TRILLO:  GUILTY.

THE CLERK:  AS TO MR. LUNA-DIAS, HOW DO YOU NOW

PLEAD TO COUNT 1 OF THE COMPLAINT, GUILTY OR NOT GUILTY?

DEFENDANT LUNA DIAS: GUILTY.

THE COURT: ALL RIGHT. THIS COURT FINDS THAT EACH OF THE DEFENDANT'S GUILTY PLEAS IS MADE KNOWINGLY AND VOLUNTARILY AND WITH A FULL UNDERSTANDING OF THE NATURE OF THE CASE, THEIR RIGHTS AND THE CONSEQUENCES OF THE PLEA, AND THAT THERE IS A FACTUAL BASIS FOR EACH OF THE PLEAS. I WILL THEREFORE ACCEPT EACH OF YOUR PLEAS.

WE CAN PROCEED TO SENTENCING AT THIS TIME.

BEGINNING WITH MR. DIAZ-SALDIVAR. NO IMMIGRATION HISTORY, NO CRIMINAL HISTORY. THE COURT IS INCLINED TO FOLLOW THE JOINT RECOMMENDATION OF THE PARTIES OF TIME SERVED WITH A WAIVER OF THE FINE AND THE SPECIAL ASSESSMENT.

DOES ANYONE WANT TO ARGUE?

MR. COTSIRILOS: YOUR HONOR, NOT TO ARGUE. JUST BY WAY OF EXPLANATION, MR. DIAZ-SALDIVAR ENTERED -- HE HAS AN 11-YEAR-OLD AND A 7-YEAR-OLD SON HE'S TRYING TO SUPPORT AND HIS MOTHER IS VERY ILL; SO HE WAS TRYING TO EARN MONEY TO SEND BACK TO MEXICO FOR THEIR SUPPORT.

THE COURT: ALL RIGHT. THANK YOU.

MR. DIAZ, SIR, IS THERE ANYTHING THAT YOU'D LIKE TO SAY BEFORE THE COURT IMPOSES SENTENCE?

DEFENDANT DIAZ-SALDIVAR: ONLY THAT -- WELL, I JUST WANT TO GO BACK TO BE WITH MY FAMILY.

THE COURT: UNDERSTOOD. ALL RIGHT.

THE COURT IS GOING TO IMPOSE A SENTENCE OF TIME SERVED, WAIVE THE FINE AND SPECIAL ASSESSMENT. THAT WILL BE THE JUDGMENT OF THE COURT.

MR. ADAN-SALVADOR HAS ONE PRIOR DEPORT FROM APRIL OF THIS YEAR. THE COURT IS INCLINED TO FOLLOW THE JOINT RECOMMENDATION OF THE PARTIES OF TIME SERVED WITH WAIVER OF THE FINE AND THE SPECIAL ASSESSMENT.

DID COUNSEL HAVE ANYTHING TO PUT ON THE RECORD?

MS. STEVENS: VERY, VERY BRIEFLY.

I JUST WANTED TO EXPLAIN THAT HIS MOTIVATION FOR COMING HERE WAS BECAUSE HE HAS FOUR CHILDREN, COULD NOT WORK IN HIS FIELD, WHICH IS IN CONSTRUCTION AND CARPENTRY, WHERE HE LIVES IN MEXICO. AND HE JUST WANTED TO COME TO WORK. NOTHING ELSE.

THE COURT: OKAY. THANK YOU.

MR. ADAN-SALVADOR, SIR, IS THERE ANYTHING THAT YOU'D LIKE TO SAY BEFORE THE COURT IMPOSES SENTENCE?

DEFENDANT ADAN-SALVADOR: THANK YOU FOR GRANTING ME MY FREEDOM.

THE COURT: ALL RIGHT. THANK YOU, SIR.

ALL RIGHT. I'M GOING TO FOLLOW THE TIME-SERVED RECOMMENDATION WITH A WAIVER OF THE FINE AND THE SPECIAL ASSESSMENT. I FIND THAT THAT'S AN APPROPRIATE SENTENCE IN THIS CASE TO IMPRESS UPON THIS INDIVIDUAL THE SERIOUSNESS OF THE CRIME, TO PROVIDE ADEQUATE DETERRENCE AND TO PROMOTE

RESPECT FOR THE LAW.

GENTLEMEN, FOR EACH OF YOU, I UNDERSTAND YOU MAY HAVE HAD GOOD MOTIVATION TO COME TO THE UNITED STATES, BUT TO DO SO, YOU'VE GOT TO DO SO LEGALLY, BECAUSE EVERY TIME THE SENTENCE IS GOING TO GET WORSE.

ALL RIGHT. THAT WILL BE THE JUDGMENT OF THE COURT.

MS. STEVENS: THANK YOU, YOUR HONOR.

THE COURT: YOU'RE WELCOME.

MR. CAAL-MACZ. NO PRIOR CRIMINAL HISTORY OR IMMIGRATION HISTORY. I'M INCLINED TO FOLLOW THE JOINT RECOMMENDATION IN THIS CASE AS WELL.

ANYTHING FURTHER FROM COUNSEL?

MS. STEVENS: JUST TO REITERATE WHAT YOUR HONOR JUST SAID. MY CLIENT SAID TO ME, THIS WAS A MATTER OF NECESSITY. AND I SAID, YES, IT'S A NECESSITY, BUT YOU HAVE TO GET YOUR PAPERS BEFORE YOU CAN COME. SO I BELIEVE HE UNDERSTANDS THAT, YOUR HONOR.

THE COURT: ALL RIGHT. THANK YOU.

MR. CAAL-MACZ, IS THERE ANYTHING THAT YOU WOULD LIKE TO SAY BEFORE THE COURT IMPOSES SENTENCE?

THE INTERPRETER: MAY I INQUIRE?

THE COURT: YES.

DEFENDANT CAAL-MACZ: I WANT TO THANK YOU. I JUST WANTED TO WORK TO PAY FOR MY THINGS, BUT I UNDERSTAND THAT IS NOT POSSIBLE, SO I'M JUST GOING TO GO BACK TO MY COUNTRY.

THE COURT: ALL RIGHT. THANK YOU, SIR.

ALL RIGHT. I FIND THAT THE TIME-SERVED SENTENCE IS SUFFICIENT BUT NOT GREATER THAN NECESSARY TO IMPRESS UPON MR. CAAL-MACZ THE SERIOUSNESS OF THE CRIME, TO PROMOTE RESPECT FOR THE LAW AND TO PROVIDE ADEQUATE DETERRENCE. THEREFORE, THE JUDGMENT OF THE COURT WILL BE TIME SERVED WITH WAIVER OF THE FINE AND THE SPECIAL ASSESSMENT.

THANK YOU, SIR.

MS. STEVENS: THANK YOU, YOUR HONOR.

THE COURT: YOU'RE WELCOME.

ALL RIGHT. MR. VALENCIA-CARRILLO, ONE PRIOR MISDEMEANOR CONVICTION IN THIS COURT FROM AUGUST 1ST OF THIS YEAR BEFORE JUDGE BURKHARDT AND ONE DEPORTATION AUGUST 2ND.

MS. DEATON: YES, YOUR HONOR.

YOUR HONOR, THE RECOMMENDATION OF THE GOVERNMENT IN THIS CASE IS 30 DAYS, GIVEN THE FACT THAT MR. VALENCIA HAS JUST THE ONE MISDEMEANOR ILLEGAL ENTRY WHERE HE ONLY RECEIVED ONE DAY, YOUR HONOR, AND HE HAS THE ONE DEPORTATION.

MR. VALENCIA IS 24 YEARS OLD, YOUR HONOR. HE CAME TO -- HE WAS TRYING TO COME TO SAN DIEGO BECAUSE HIS AUNT IS AWAITING AN OPERATION, AND MR. VALENCIA HAS A-PLUS BLOOD TYPE, WHICH I GUESS IS A RARE BLOOD TYPE.

HE CAME ON AUGUST 1ST TO WORK WITH HIS COUSIN. AND HIS COUSIN HAD OFFERED HIM A JOB. THIS TIME HE CAME NOT TO WORK BUT TO HELP HIS AUNT. HE UNDERSTANDS HE CAN NEVER COME

BACK.

I WOULD ASK THE COURT TO CONSIDER ALSO A TIME-SERVED SENTENCE. MR. VALENCIA HAS ALREADY BEEN IN CUSTODY FOR THREE DAYS BECAUSE HE WAS ARRESTED ON FRIDAY, YOUR HONOR. AND WITH THAT, I'LL SUBMIT.

THE COURT: OKAY. THANK YOU.

MR. WONG: JUST BRIEFLY, YOUR HONOR. AS YOUR HONOR NOTED, HE DOES HAVE A 1325 OUT OF THIS DISTRICT NOT TOO LONG AGO, JUST A LITTLE BIT OVER A MONTH, SO WE FEEL THAT A 30-DAY SENTENCE IS APPROPRIATE.

THE COURT: ALL RIGHT. THANK YOU.

MR. VALENCIA-CARRILLO, SIR, IS THERE ANYTHING YOU'D LIKE TO SAY BEFORE THE COURT IMPOSES SENTENCE?

DEFENDANT VALENCIA-CARRILLO: THANK YOU VERY MUCH. I WON'T BE COMING BACK AGAIN. I WON'T BE COMING BACK AGAIN. I PROMISE NOT TO COME BACK.

THE COURT: ALL RIGHT. THANK YOU VERY MUCH.

I'VE CONSIDERED THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE PRIOR MISDEMEANOR CONVICTION FROM JUST LAST MONTH. I THINK THAT THE APPROPRIATE SENTENCE IN THIS CASE IS TEN DAYS' CUSTODY. I THINK IT'S SUFFICIENT BUT NOT GREATER THAN NECESSARY TO IMPRESS UPON MR. VALENCIA-CARRILLO THE SERIOUSNESS OF THE CRIME AND TO PROMOTE RESPECT FOR THE LAW AND PROVIDE ADEQUATE DETERRENCE.

SO THAT WILL BE THE JUDGMENT OF THE COURT. THE FINE

AND SPECIAL ASSESSMENT WILL BE WAIVED.

MS. DEATON:  THANK YOU, YOUR HONOR.

THE COURT:  THANK YOU.

MR. CHAJON-CHAJON HAS TWO PRIOR DEPORTATIONS.  NO CRIMINAL HISTORY.  AND I AM INCLINED TO FOLLOW THE JOINT RECOMMENDATION.

ANY ARGUMENT FROM COUNSEL?

MS. DEATON:  NO ARGUMENT, YOUR HONOR.  JUST THAT MR. CHAJON-CHAJON COMES FROM GUATEMALA.  HE'S 23 YEARS OLD. AND HE WAS COMING TO TRY TO HELP HIS FIVE YOUNGER BROTHERS.

THE COURT:  MR. CHAJON-CHAJON, IS THERE ANYTHING THAT YOU'D LIKE TO SAY, SIR, BEFORE THE COURT IMPOSES SENTENCE?

DEFENDANT CHAJON-CHAJON:  FIRST OF ALL, I WANT TO SAY THANK YOU.  AND IF I CAN BE SENT BACK AS SOON AS POSSIBLE, I AM VERY APPRECIATIVE OF YOU.  AND IF I CAN BE SENT OVER THERE, I NEED TO GET TO WORK AS SOON AS POSSIBLE IN ORDER TO HELP MY SIBLINGS.  THANK YOU.

THE COURT:  ALL RIGHT.  THANK YOU, SIR.

THE COURT IS GOING TO FOLLOW THE JOINT RECOMMENDATION FOR TIME SERVED IN THIS CASE.  I WILL WAIVE THE FINE AND THE SPECIAL ASSESSMENT.  I FIND THAT THAT IS A SUFFICIENT BUT NOT GREATER THAN NECESSARY SENTENCE TO IMPRESS UPON MR. CHAJON-CHAJON THE SERIOUSNESS OF THE CRIME, TO PROMOTE RESPECT FOR THE LAW AND PROVIDE ADEQUATE DETERRENCE

TO FUTURE CONDUCT OF THIS SORT.

THAT WILL BE THE JUDGMENT OF THE COURT. THANK YOU.

MS. DEATON: THANK YOU, YOUR HONOR.

THE COURT: MR. MERCADO-TRILLO. SIX PRIOR DEPORTATIONS, NO PRIOR CRIMINAL HISTORY.

THIS IS A JOINT RECOMMENDATION?

MS. DEATON: YES. FOR TIME SERVED, YOUR HONOR.

THE COURT: ALL RIGHT. I WILL ASK MR. MERCADO-TRILLO, IS THERE ANYTHING THAT YOU'D LIKE TO SAY BEFORE THE COURT IMPOSES SENTENCE?

DEFENDANT MERCADO-TRILLO: WELL, FIRST OF ALL, TO SAY THANK YOU. MY IDEA FOR COMING UP HERE WAS TO TRY TO WORK. IT WAS MY MISTAKE TO TRY TO DO IT WITHOUT HAVING DOCUMENTS. NOW I'M GOING TO RETURN TO BE WITH MY FAMILY.

THE COURT: ALL RIGHT. THANK YOU.

DEFENDANT MERCADO-TRILLO: THAT'S ALL.

THE COURT: ALL RIGHT. I'M GOING TO FOLLOW THE JOINT RECOMMENDATION OF TIME SERVED, WAIVE THE FINE AND THE SPECIAL ASSESSMENT. I THINK IT'S SUFFICIENT THIS TIME TO IMPRESS UPON MR. MERCADO THE SERIOUSNESS OF THE CRIME AND TO PROMOTE RESPECT FOR THE LAW AND ADEQUATE DETERRENCE.

I WILL SAY, SIR, THAT WITH SIX PRIOR DEPORTATIONS, IF YOU COME BACK AND YOU SHOW UP IN FRONT OF ME, YOU WON'T GET TIME SERVED. SO I HOPE YOU KNOW THAT NOW. YOU CAN'T HELP YOUR FAMILY IF YOU'RE IN CUSTODY.

ALL RIGHT.  THAT WILL BE THE JUDGMENT OF THE COURT.

NOW FOR MR. LUNA-DIAS.  NO CRIMINAL HISTORY, NO IMMIGRATION HISTORY.  THE COURT IS INCLINED TO FOLLOW THE TIME-SERVED RECOMMENDATION.

ANY ARGUMENTS FROM COUNSEL?

MS. DEATON:  NO ARGUMENT, YOUR HONOR.  JUST TO TELL THE COURT, HE ALSO WAS COMING HOPING TO WORK TO HELP SUPPORT HIS FAMILY.  HE'S 19 YEARS OLD AND LOOKS FORWARD TO GOING HOME.

THE COURT:  UNDERSTOOD.

MR. LUNA-DIAS, SIR, IS THERE ANYTHING THAT YOU WOULD LIKE TO SAY BEFORE THE COURT IMPOSES SENTENCE?

DEFENDANT LUNA-DIAS:  THANK YOU.  I REGRET WHAT I DID.  AND THIS WON'T HAPPEN AGAIN.

THE COURT:  ALL RIGHT.  THANK YOU, SIR.

I FIND THAT TIME SERVED IS SUFFICIENT BUT NOT GREATER THAN NECESSARY IN THIS CASE TO REFLECT OR IMPRESS UPON MR. LUNA-DIAS THE SERIOUSNESS OF THE CRIME, PROMOTE RESPECT FOR THE LAW AND TO PROVIDE ADEQUATE DETERRENCE.  THAT WILL BE THE JUDGMENT OF THE COURT.  THE FINE WILL BE WAIVED.  THE SPECIAL ASSESSMENT WILL BE WAIVED.

GENTLEMEN, GOOD LUCK TO YOU ALL.  THANK YOU.

MS. DEATON:  THANK YOU, YOUR HONOR.

AND YOUR HONOR, MAY I JUST TELL THE COURT THAT THE PROCEEDINGS THIS AFTERNOON PERSONALLY I VERY MUCH APPRECIATE

HOW THE COURT HANDLED THE PROCEEDINGS, JUST FOR WHAT IT'S WORTH.

THE COURT:  THANK YOU.

(PROCEEDINGS CONCLUDED AT 4:52 P.M.)

-- OO0OO --

I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

/S/CAMERON P. KIRCHER                9-14-18
TRANSCRIBER                         DATE

COMPUTER-AIDED TRANSCRIPTION